AUGUST 13, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08CV 80893 KAM/ERK

JANE DOE,

    Plaintiff

08-80893-Civ-MARRA/JOHNSON

vs.

JEFFREY EPSTEIN,

    Defendant



FILED by _____ D.C.

AUG 13 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## COMPLAINT

### Parties, Jurisdiction and Venue

COMES NOW the Plaintiff, Jane Doe, and brings this Complaint against the Defendant, Jeffrey Epstein, and states as follows:

1. This is an action for damages in an amount in excess of $50,000,000.00, exclusive of interest and costs.

2. This Complaint is brought under a fictitious name in order to protect the identity of the Plaintiff, Jane Doe, because this Complaint makes allegations of sexual assault and child abuse of a then minor.

3. At all times material to this cause of action, the Plaintiff, Jane Doe, was a resident of Palm Beach County, Florida.

4. At all times material to this cause of action, the Defendant, Jeffrey Epstein, was a resident of the State of New York.

5. At all times material to this cause of action, the Defendant, Jeffrey Epstein, had a residence located in Palm Beach County, Florida.

Page 1 of 11

6. At all times material to this cause of action, the Defendant, Jeffrey Epstein, was an adult male born in 1953.

7. This Court has jurisdiction of this action and the claim set forth herein pursuant to 28 U.S.C. §1332(a) as the matter in controversy exceeds $75,000.00, exclusive of interest and costs and is between citizens of different states.

8. This Court has venue of this action pursuant to 28 U.S.C. §1391(a) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

9. At all times material, the Defendant, Jeffrey Epstein, owed a duty unto Plaintiff, Jane Doe, to treat her in a non-negligent manner and to not commit intentional or tortious or illegal acts against her.

### Factual Allegations

10. Upon information and belief, the Defendant, Jeffrey Epstein, has demonstrated a sexual preference and obsession for minor girls. He engaged in a plan, scheme, and enterprise in which he gained access to economically disadvantaged and other minor girls, such as the Plaintiff, Jane Doe, sexually assaulted these girls, and/or coerced them to engage in prostitution, and in return gave these minor girls money.

11. The Defendant's plan, scheme, and enterprise included an elaborate system wherein the then minor Plaintiff and other minor girls were brought to the Defendant, Jeffrey Epstein's residence by the Defendant's employees and assistants. When the assistants and employees left the then minor Plaintiff and other minor girls alone in a room at the Defendant's mansion, the Defendant, Jeffrey Epstein, himself would appear, remove his clothing, and direct the then minor Plaintiff to remove her clothing. He would then perform one or more lewd,

lascivious, and sexual acts, including, but not limited to, masturbation, touching of the then minor Plaintiff's sexual organs, using vibrators or sexual toys on the then minor Plaintiff, and digitally penetrating the then minor Plaintiff.

12. The Plaintiff, Jane Doe, was first brought to the Defendant, Jeffrey Epstein's mansion in early 2003, when she was a fourteen-year old in middle school.

13. The Defendant, Jeffrey Epstein, a wealthy financier with a lavish home, significant wealth, and a network of assistants and employees, used his resources and his influence over a vulnerable minor child to engage in a systematic pattern of sexually exploitive behavior.

14. Beginning in approximately February 2003 and continuing until approximately June 2005, the Defendant coerced and enticed the impressionable, vulnerable, and economically deprived then minor Plaintiff to commit various acts of sexual misconduct. These acts included, but were not limited to, fondling and inappropriate and illegal sexual touching of the then minor Plaintiff, sexual misconduct and masturbation of the Defendant, Jeffrey Epstein, in the presence of the then minor Plaintiff, and encouraging the then minor Plaintiff to become involved in prostitution; Defendant, Jeffrey Epstein, committed numerous criminal sexual offenses against the then minor Plaintiff including, but not limited to, sexual battery, solicitation of prostitution, procurement of a minor for the purposes of prostitution, and lewd and lascivious assaults upon the person of the then minor Plaintiff.

15. Defendant, Jeffrey Epstein, used his money, wealth and power to unduly and improperly manipulate and influence the then minor Plaintiff.

16. The acts referenced above in paragraphs 10 and 15, committed by Defendant, Jeffrey Epstein, against the then minor Plaintiff, Jane Doe, were committed in violation of

numerous criminal State and Federal statutes condemning the sexual exploitation of minor children, prostitution, sexual performances by a child, lewd and lascivious assaults, sexual battery, contributing to the delinquency of a minor and other crimes., specifically including, but not limited to, those crimes designated in 18 USC §2241, §2242, §2243, §2421, and §2423, criminal offenses outlined in Chapter 800 of the Florida Statutes, as well as those designated in Florida Statutes §796.03, §796.07, §796.045, §796.04, §39.01, and §827.04.

17. The above-described acts took place in Palm Beach County, Florida at the residence of the Defendant, Jeffrey Epstein. Any assertions by the Defendant, Jeffrey Epstein, that he was unaware of the age of the then minor Plaintiff are belied by his actions and rendered irrelevant by the provisions of applicable Florida Statutes concerning the sexual exploitation and abuse of a minor child. The Defendant, Jeffrey Epstein, at all times material to this cause of action, knew and should have known of the Plaintiff, Jane Doe's minority.

18. The above-described acts were perpetrated upon the person of the then minor Plaintiff regularly and on dozens of occasions.

19. In June 2008, in the Fifteenth Judicial Circuit in Palm Beach County, Florida, the Defendant, Jeffrey Epstein, entered pleas of "guilty" to various Florida state crimes involving the solicitation of minors for prostitution and the procurement of minors for the purposes of prostitution.

20. As a condition of that plea, and in exchange for the Federal Government not prosecuting the Defendant, Jeffrey Epstein, for numerous federal offenses, Defendant, Jeffrey Epstein, additionally entered into an agreement with the Federal Government to the following: "Any person, who while a minor, was a victim of an offense enumerated in Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would

have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less".

21. The Defendant, Jeffrey Epstein, is thus estopped by his plea and agreement with the Federal Government from denying the acts alleged in this Complaint, and must effectively admit liability to the Plaintiff, Jane Doe.

## COUNT I

### Sexual Exploitation, Sexual Abuse and/or Sexual Assault of a Minor

22. The Plaintiff, Jane Doe, repeats and realleges paragraphs 1 through 21 above.

23. Defendant, Jeffrey Epstein, tortiously assaulted Plaintiff, Jane Doe, sexually on dozens of occasions between approximately February 2003 and approximately June 2005, and further sexually exploited her and contributed to her delinquency during that time. Defendant's acts were outrageous, egregious, intentional, unlawful, offensive and harmful.

24. The sexual assaults were in violation of the numerous state and federal statutes described in paragraph 16 above, and the assaults and acts of exploitation were committed by Defendant, Jeffrey Epstein, willfully and maliciously.

25. As a direct and proximate result of Defendant, Jeffrey Epstein's assaults on the Plaintiff, Jane Doe, the Plaintiff has in the past suffered, and will in the future suffer, physical

injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, Jeffrey Epstein, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, Jane Doe, will in the future suffer additional medical and psychological expenses. The Plaintiff, Jane Doe, has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, Jane Doe, will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment against the Defendant, Jeffrey Epstein, for compensatory damages, punitive damages, attorney's fees, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT II

### Cause of Action Pursuant to 18 USC §2255

26. The Plaintiff, Jane Doe, adopts and realleges paragraphs 1 through 25 above.

27. The allegations contained herein in Count II are a separate and distinct legal remedy.

28. As a condition of the Defendant, Jeffrey Epstein's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous federal offenses, the Defendant, Jeffrey Epstein, additionally entered into an agreement with the Federal Government to the following: "Any person, who while a minor, was a victim of an offense enumerated in

Title 18, United States Code, Section 2255, will have the same rights to proceed under section 2255 as she would have had, if Mr. Epstein had been tried federally and convicted of an enumerated offense. For purposes of implementing this paragraph, the United States shall provide Mr. Epstein's attorneys with a list of individuals whom it was prepared to name in an indictment as victims of an enumerated offense by Mr. Epstein. Any judicial authority interpreting this provision, including any authority determining evidentiary burdens if any a Plaintiff must meet, shall consider that it is the intent of the parties to place these identified victims in the same position as they would have been had Mr. Epstein been convicted at trial. No more; no less".

29. The Plaintiff, Jane Doe, was a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code and the agreement between the Defendant, Jeffrey Epstein, and the United States Government.

30. Pursuant to the agreement, the Defendant, Jeffrey Epstein, is in the same position as if he had been tried and convicted of the sexual offenses committed against the Plaintiff, Jane Doe, and as such he must effectively admit liability unto the Plaintiff, Jane Doe.

31. As a direct and proximate result of the offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, the Plaintiff, Jane Doe, has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, Jeffrey Epstein, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and

psychological expenses and the Plaintiff, Jane Doe, will in the future suffer additional medical and psychological expenses. The Plaintiff, Jane Doe, has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, Jane Doe, will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment against the Defendant, Jeffrey Epstein, for compensatory damages, punitive damages, attorney's fees, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT III

### Intentional Infliction of Emotional Distress

32. The Plaintiff, Jane Doe, adopts and realleges paragraphs 1 through 25 above.

33. The Defendant, Jeffrey Epstein's conduct towards the then minor Plaintiff was intentional and reckless.

34. The Defendant, Jeffrey Epstein, deliberately and recklessly inflicted mental suffering upon the then minor Plaintiff.

35. The Defendant, Jeffrey Epstein's conduct was outrageous in character, and so extreme in degree, going beyond all bounds of decency.

36. The Defendant, Jeffrey Epstein's intentional, deliberate and reckless conduct caused severe emotional distress to the Plaintiff, Jane Doe. Defendant, at the time he committed these numerous sexual assaults on Plaintiff, Jane Doe, had a specific intent to harm the then minor Plaintiff and his conduct did so harm the Plaintiff.

37. As a direct and proximate result of the Defendant, Jeffrey Epstein's intentional and reckless conduct, the Plaintiff, Jane Doe, has in the past suffered and in the future will continue to suffer physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, Jeffrey Epstein, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, Jane Doe, will in the future suffer additional medical and psychological expenses. The Plaintiff, Jane Doe, has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, Jane Doe, will continue to suffer these losses in the future.

WHEREFORE, the Plaintiff, Jane Doe, demands judgment against the Defendant, Jeffrey Epstein, for compensatory damages, punitive damages, attorney's fees, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT IV

### Civil Remedy for Criminal Practices

38. The Plaintiff realleges paragraphs 1 through 25 above.

39. The allegations contained herein in Count IV are a separate and distinct legal remedy.

40. The Defendant, Jeffrey Epstein, participated in an enterprise, or conspired or endeavored to so participate, through a pattern of criminal activity in violation of Florida Statutes §772.103(3)-(4).

41. The Defendant, Jeffrey Epstein, participated in this pattern of criminal activity by engaging in at least two of the following acts of criminal misconduct with the same or similar intents, results, accomplices, victims, and methods of commission within a five year period:

   (a) Procuring for prostitution, or causing to be prostituted, any person who is under the age of 18 years in violation of Florida Statutes Chapter 796;

   (b) Acts of battery in violation of Florida Statutes Chapter 784;

   (c) Commercial sexual exploitation of a child in violation of Florida Statutes §827.071.

42. Under the Defendant, Jeffrey Epstein's plan, scheme, and enterprise, the Defendant, Jeffrey Epstein, paid employees and underlings to repeatedly find and bring him minor girls in order for the Defendant to solicit, induce, coerce, entice, compel or force such girls to engage in acts of prostitution and sexual misconduct.

43. The Plaintiff, Jane Doe, was the victim of the Defendant, Jeffrey Epstein's plan, scheme, and enterprise. The Plaintiff, Jane Doe, was called on the telephone and transported by various individuals to the Defendant, Jeffrey Epstein's residence, where she was placed in a room along with the Defendant, enticed to commit acts of prostitution, battery, and sexual exploitation. The Defendant, Jeffrey Epstein, conspired with his assistants and employees and various adults and minor children in order to accomplish his enterprise of seeking out, gaining access to, and exploiting minor children such as the Plaintiff, Jane Doe.

WHEREFORE, under the provisions of Florida Statutes Chapter 772, the Plaintiff, Jane Doe, demands judgment against the Defendant, Jeffrey Epstein, for compensatory damages, treble damages, costs and attorneys' fees, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

Dated: August 12, 2008

Respectfully submitted,

THE LAW OFFICE OF BRAD EDWARDS & ASSOCIATES, LLC

Brad Edwards
Florida Bar #542075
be@bradedwardslaw.com
2028 Harrison Street
Suite 202
Hollywood, Florida 33020
Telephone:    954-414-8033
Facsimile:     954-924-1530

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed

AUGUST 13, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## I. (a) PLAINTIFFS
DOE, JANE

**DEFENDANTS**
EPSTEIN, JEFFREY

(b) County of Residence of First Listed Plaintiff: Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED by _____ D.C.
AUG 13 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Brad Edwards & Associates, LLC
2028 Harrison Street, Suite 202
Hollywood, Florida 33020
Brad Edwards, Esquire 954/414-8033

Attorneys (If Known)

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

08CV80893 KAM/LRJ

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO
b) Related Cases ☒ YES ☐ NO
JUDGE Kenneth A. Marra
DOCKET NUMBER 08-80119; 08-80232; 08-80380; 08-80381; 08-80804; 08-80736

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
18 USC 2255
Sexual Exploitation and Other Abuse of Child
LENGTH OF TRIAL via 14 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 50,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
s/ [signature]
DATE
August 12, 2008

FOR OFFICE USE ONLY
AMOUNT 350.00 RECEIPT # 724605 IFP __