UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 08-CIV-80893 – MARRA/JOHNSON

JANE DOE,

    Plaintiff,
v.

JEFFREY EPSTEIN,

    Defendant.
_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### Parties, Jurisdiction and Venue

Plaintiff, Jane Doe, hereby brings this First Amended Complaint against Defendant, Jeffrey Epstein, and states as follows:

1. This is an action for damages in an amount in excess of $50,000,000.00, exclusive of interest and costs.

2. This First Amended Complaint is brought under a fictitious name in order to protect the identity of Plaintiff, Jane Doe, because this Complaint makes allegations of sexual assault and child abuse of a then minor.

3. At all times material to this cause of action, Plaintiff, Jane Doe, was a resident of Palm Beach County, Florida.

4. At all times material to this cause of action, Defendant, Jeffrey Epstein, was a resident of the State of New York.

5. At all times material to this cause of action, Defendant, Jeffrey Epstein, had a residence located in Palm Beach County, Florida.

6. At all times material to this cause of action, Defendant, Jeffrey Epstein, was an adult male born in 1953.

7. This Court has jurisdiction of this action and the claim set forth herein pursuant to 28 U.S.C. §1332(a) as the matter in controversy exceeds $75,000.00, exclusive of interest and costs and is between citizens of different states.

8. This Court has venue of this action pursuant to 28 U.S.C. §1391(a) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

9. At all times material, Defendant, Jeffrey Epstein, owed a duty unto Plaintiff, Jane Doe, to treat her in a non-negligent manner and to not commit intentional or tortious or illegal acts against her.

## Factual Allegations

10. Upon information and belief, Defendant, Jeffrey Epstein, has demonstrated a sexual preference and obsession for minor girls. He engaged in a plan, scheme, and enterprise in which he gained access to economically disadvantaged minor girls, such as Plaintiff, Jane Doe, and sexually battered these girls, and/or coerced them to engage in prostitution.

11. Defendant's plan, scheme, and enterprise included an elaborate system wherein the then minor Plaintiff, and other minor girls, were contacted by telephone by Defendant Epstein, Sarah Kellen or other unknown employees or assistants working for Defendant Epstein, and Epstein's assistants would persuade the minor girls, including Jane Doe, to come over to defendant Epstein's house for the purpose of engaging in prostitution.

12. Plaintiff Jane Doe was contacted by Defendant Jeffrey Epstein himself or Sarah Kellen or other unknown employees or assistants of Defendant Epstein on numerous occasions, and she was often times brought to Defendant Epstein's residence with the assistance of Defendant Epstein's assistants.

13. Sarah Kellen or other employees/assistants of Defendant Epstein would often arrange with the Yellow Cab cab company to take minor girls, including Jane Doe, to Defendant Epstein's house.

14. Once the then minor girl, including Plaintiff Jane Doe, arrived at Epstein's house, the assistants and employees left the then minor Plaintiff and other minor girls alone in a room at the defendant's mansion. Subsequently, Defendant, Jeffrey Epstein, himself would appear, remove his clothing, and direct the then minor Plaintiff to remove her clothing. He would then perform one or more lewd, lascivious, and sexual acts, including, but not limited to, masturbation, touching of the then minor Plaintiff's sexual organs, using vibrators or sexual toys on the then minor Plaintiff, and digitally penetrating the then minor Plaintiff.

15. Defendant Epstein traveled to his mansion in Palm Beach for the purpose of luring minor girls to his mansion to sexually abuse or batter them; he used the telephone to contact these minor girls for the purpose of coercing them into acts of prostitution and to enable himself to commit sexual battery against them and acts of lewdness in their presence, and he conspired with others, including his assistants Sarah Kellen and Nadia Marcinkova, to further commit these acts and to avoid police detection.

16. Plaintiff, Jane Doe, was first brought to Defendant Epstein's mansion in early 2003, when she was a fourteen-year old in middle school.

17. Defendant, Jeffrey Epstein, a wealthy financier with a lavish home, significant wealth, and a network of assistants and employees, used his resources and his influence over a vulnerable minor child to engage in a systematic pattern of sexually exploitive behavior.

18. Beginning in approximately February 2003 and continuing until approximately June 2005, the defendant coerced and enticed the impressionable, vulnerable, and economically deprived then minor Plaintiff in order to commit various acts of sexual misconduct against her. These acts included, but were not limited to, fondling and inappropriate and illegal sexual touching of the then minor Plaintiff, sexual misconduct and masturbation of Defendant, Jeffrey Epstein, in the presence of the then minor Plaintiff, and encouraging and coercing the then minor Plaintiff to become involved in prostitution.

19. Defendant, Jeffrey Epstein, used his money, wealth and power to unduly and improperly manipulate and influence the then minor Plaintiff into a deviant and delinquent lifestyle.

20. The above-described sexual acts took place in Palm Beach County, Florida at the residence of Defendant, Jeffrey Epstein. Any assertions by Defendant, Jeffrey Epstein, that he was unaware of the age of the then minor Plaintiff are belied by his actions and rendered irrelevant by the provisions of applicable Florida Statutes concerning the sexual exploitation, sexual battery, and abuse of a minor child.

Defendant, Jeffrey Epstein, at all times material to this cause of action, knew and should have known of the plaintiff, Jane Doe's minority.

21. The above-described acts were perpetrated upon the person of the then minor Plaintiff regularly and on dozens of occasions.

22. In June 2008, in the Fifteenth Judicial Circuit in Palm Beach County, Florida, Defendant, Jeffrey Epstein, entered pleas of "guilty" to various Florida state crimes involving the solicitation of minors for prostitution and the procurement of minors for the purposes of prostitution, for which Defendant Epstein was sentenced to 18 months incarceration in Palm Beach County jail to be followed by 12 months community control (house arrest).

## COUNT I

### Sexual Battery upon a Minor

23. The Plaintiff, Jane Doe, repeats and realleges paragraphs 1 through 21 above.

24. On numerous occasions, Defendant Epstein did in fact intentionally touch Plaintiff, Jane Doe, on her person against her will and/or without her legal consent.

25. Defendant Epstein battered her sexually, in that he touched her in intimate areas of her body and person in an offensive manner while she was a minor child, and therefore the touchings were without legal consent.

26. Defendant Epstein touched her in intimate areas of her body on dozens of occasions between approximately February 2003 and approximately June 2005.

27. The conduct described in this count constitutes battery against the person of the then minor Plaintiff.

28. As a direct and proximate result of Defendant, Jeffrey Epstein's sexual battery on Plaintiff, Jane Doe, Plaintiff has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of her childhood, loss of dignity, invasion of her privacy and other damages associated with Defendant, Jeffrey Epstein, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and Plaintiff, Jane Doe, will in the future suffer additional medical and psychological expenses. Plaintiff, Jane Doe, has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and Plaintiff, Jane Doe, will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for compensatory damages, punitive damages, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT II

### Cause of Action Pursuant to 18 USC §2255

29. Plaintiff, Jane Doe, adopts and realleges paragraphs 1 through 22 above.

30. The allegations contained herein in Count II are a separate and distinct legal remedy.

31. As a condition of Defendant, Jeffrey Epstein's criminal plea, and in exchange for the Federal Government not prosecuting the Defendant for numerous

federal offenses, the Defendant, Jeffrey Epstein, entered into a Non-Prosecution Agreement with the Federal Government, wherein he acknowledged Plaintiff Jane Doe as a victim of certain criminal offenses he committed against Jane Doe.

32.    The Plaintiff, Jane Doe, was in fact a victim of one or more offenses enumerated in Title 18, United States Code, Section 2255, and as such asserts a cause of action against the Defendant, Jeffrey Epstein, pursuant to this Section of the United States Code and the agreement between the Defendant, Jeffrey Epstein, and the United States Government.

33.    Specifically, Defendant Epstein:

(a)    knowingly conspired with others known and unknown to use a facility or means of interstate commerce to knowingly persuade, induce, or entice minor females, including Plaintiff Jane Doe, to engage in prostitution, in violation of title 18, United States Code, Section 2422(b).

(b)    knowingly and willfully conspired with others known (such as Sarah Kellen) and unknown to travel in interstate commerce for the purpose of engaging in illicit sexual conduct with minors, including Plaintiff Jane Doe, as defined in 18 U.S.C. § 2423(f), with minor females, in violation fo Title 18, United States Code, Section 2423(b); all in violation of Title 18, United States Code, Section 2423(e);

(c)    used a facility or means of interstate or foreign commerce to knowingly persuade, induce, or entice minor females, including Plaintiff Jane Doe, to engage in prostitution; in violation of Title 18, United States Code, Section 2422(b);

(d)     traveled in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females, including Plaintiff Jane Doe; in violation of Title 18, United States Code, Section 2423(b).

34.     As a direct and proximate result of the aforementioned criminal offenses enumerated in Title 18, United States Code, Section 2255, being committed against the then minor Plaintiff, the Plaintiff Jane Doe has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, Jeffrey Epstein, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and the Plaintiff, Jane Doe, will in the future suffer additional medical and psychological expenses. The Plaintiff, Jane Doe, has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and the Plaintiff, Jane Doe, will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for compensatory damages, punitive damages, attorney's fees, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT III

### Intentional Infliction of Emotional Distress

35. Plaintiff, Jane Doe, adopts and realleges paragraphs 1 through 22 above.

36. Defendant Jeffrey Epstein's inappropriate sexual conduct towards the then minor Plaintiff was extreme and outrageous; under the circumstances, his conduct was outrageous and so extreme in degree that it should not be tolerated in a civilized community.

37. Defendant Jeffrey Epstein acted with the intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress upon the then minor Plaintiff.

38. Defendant Jeffrey Epstein was well aware that Plaintiff was a minor child, and yet he continued to sexually abuse her, intentionally and recklessly causing Plaintiff to suffer extreme emotional distress.

39. Defendant Jeffrey Epstein's intentional, deliberate and reckless conduct caused severe emotional distress to the Plaintiff, Jane Doe. Defendant, at the time he committed these numerous sexual assaults on Plaintiff, Jane Doe, had a specific intent to harm the then minor Plaintiff, and his conduct did so harm the Plaintiff.

40. As a direct and proximate result of Defendant, Jeffrey Epstein's intentional and reckless conduct, Plaintiff, Jane Doe, has in the past suffered and in the future will continue to suffer severe emotional distress, physical injury, pain and suffering, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, Jeffrey Epstein, controlling, manipulating and coercing her into a perverse and

unconventional way of life for a minor. The then minor Plaintiff incurred medical and psychological expenses and Plaintiff, Jane Doe, will in the future suffer additional medical and psychological expenses. Plaintiff, Jane Doe, has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life. These injuries are permanent in nature and Plaintiff, Jane Doe, will continue to suffer these losses in the future.

WHEREFORE, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for compensatory damages, punitive damages, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT IV

### Civil Remedy for Criminal Practices

41. Plaintiff realleges paragraphs 1 through 22 above and for the purposes of this count incorporates and alleges the RICO Statement that has been contemporaneously herewith as Exhibit "A."

42. The allegations contained herein in Count IV are a separate and distinct legal remedy brought pursuant to Florida Statute 772.104(1) and (2).

43. Defendant, Jeffrey Epstein, was associated with an enterprise, a group of individuals associated in fact although not a legal entity, which was comprised of at least Defendant Jeffrey Epstein, Sarah Kellen, and Nadia Marcinkova (and likely many other yet unknown persons); Defendant Epstein participated in this enterprise, or conspired or endeavored to so participate, through a pattern of criminal activity in

violation of Florida Statutes §772.103(3)-(4), as further outlined in detail in the RICO statement filed with this court.

44.     This enterprise was separate and distinct from Epstein himself and had a definite hierarchical structure. Epstein served informally but effectively as the leader, C.E.O, or "boss" of this organization, directing his underlings how to recruit and procure young girls for his sexual activities and when to bring the girls to his mansion. Epstein's key "lieutenant" in the organization was Kellen, who served as both his scheduler and a recruiter/procurer of the girls. Marcinkova also served as a recruiter and helped Epstein satisfy his criminal sexual desires by, on occasion, directly participating in sexual abuse and prostitution of the minor girls. Epstein also used otherwise-legitimate business activities to help further the purpose of the criminal enterprise. These apparently legitimate activities provided "cover" for Epstein and his associates to commit the crimes. Epstein and his associates maintained the appearance of running an upstanding investment business, as well as other legitimate businesses with connections to modeling agencies and other powerful business and political people, to discourage the minor girls from reporting the abuse to law enforcement.

45.     Defendant Jeffrey Epstein participated in this enterprise through a pattern of criminal activity in that he engaged in at least two incidents of criminal activity, as defined in Florida Statute 772.102 and as described below, that have the same or similar intents, results, accomplices, victims, or methods of commission and are not isolated incidents.

46.     Defendant Jeffrey Epstein engaged in criminal activity by committing, attempting to commit, conspiring to commit or soliciting, coercing or intimidating another

person to commit one or more of the following predicate acts as outlined and defined in Florida Statute 772.102:

 (a) Procuring for prostitution, or causing to be prostituted, any person who is under the age of 18 years in violation of Florida Statutes Chapter 796.03;

 (b) Acts of battery in violation of Florida Statutes Chapter 784;

 (c) Forcing, compelling or coercing another to become a prostitute in violation of Florida Statutes Chapter 796.04;

 (d) knowingly recruiting, enticing, harboring, transporting, providing or otherwise obtaining by any means a person, knowing that coercion would be used to cause that person to engage in prostitution in violation of Florida Statutes Chapter 796.045;

 (e) tampering with a witness in violation of Florida Statutes Chapter 914.22;

 (f) altering, destroying, removing, or concealing records or documents or other evidence with the purpose to impair its verity or availability in violation of Florida Statutes Chapter 918.13;

 (g) maintaining a place for the purpose of lewdness or prostitution; offering or securing another for the purpose of prostitution or for some other lewd or indecent act; receiving persons into his Palm Beach mansion for the purpose of prostitution or lewdness; directing, taking or transporting or agreeing to direct take or transport persons to his Palm Beach mansion with knowledge or reasonable belief that the purpose of such directing, taking or transporting was prostitution or lewdness; all in violation of Florida Statutes Chapter 796.07.

47. The criminal acts of Defendant Epstein occurred repeatedly over a substantial period of time and were not isolated events.

48. Under Defendant, Jeffrey Epstein's plan, scheme, and enterprise, Defendant, Jeffrey Epstein, paid employees and underlings, including but not limited to Sarah Kellen, to bring him minor girls to his Palm Beach mansion in order for the Defendant to solicit, induce, coerce, entice, compel or force such girls to engage in acts of prostitution and sexual misconduct with Defendant Epstein and sometimes Nadia Marcinkova, and to otherwise commit acts of sexual battery thereon.

49. Plaintiff, Jane Doe, was the victim of Defendant, Jeffrey Epstein's plan, scheme, and enterprise and was so injured by reason of his violations of the provisions of s. 772.104. Plaintiff, Jane Doe, was called on the telephone by Defendant Epstein and other employees of his, including Sarah Kellen, and transported to the Defendant, Jeffrey Epstein's residence, where she was placed in a room along with the Defendant, enticed to commit acts of prostitution, and had acts of sexual battery and sexual exploitation committed against her. Defendant, Jeffrey Epstein, conspired with his assistants and employees in order to accomplish their common motive or intent of seeking out, gaining access to, and exploiting minor children such as the Plaintiff, Jane Doe, in the aforementioned ways, and he further conspired with his employees, assistants and underlings to ensure that the crimes of this criminal enterprise were concealed or undetected by law enforcement.

50. After law enforcement began to detect the criminal activities of Defendant Epstein and the other persons involved in the criminal enterprise, the enterprise used resources and information to conceal the illegal activities of the enterprise, threaten the

victims of the crimes of the enterprise if they revealed the full scope of the enterprise to law enforcement, and concealed or destroyed documents relevant to the prosecution of the various members of the enterprise. The enterprise also made various efforts to discourage the victims from cooperating with law enforcement and from filing civil lawsuits to vindicate their rights. Epstein and other members of the enterprise made cash payments and gave gifts to the victims of the enterprise in order to discourage them from reporting crimes to law enforcement and other authorities.

51. The evidence clearly and convincingly establishes that Plaintiff Jane Doe was injured by reason of violations of the provisions of 772.103, and as such is entitled to threefold the actual damages sustained and a minimum of $200, and reasonable attorney's fees and court costs.

52. In the alternative, and pursuant to s. 772.104, Plaintiff Jane Doe was injured due to sex trafficking committed in violation of s. 772.103 and is thus entitled to threefold the amount gained from the sex trafficking and to a minimum amount of damages not less than $200, reasonable attorney's fees and court costs.

WHEREFORE, under the provisions of Florida Statutes Chapter 772, Plaintiff, Jane Doe, demands judgment against Defendant, Jeffrey Epstein, for any minimum damages authorized by law, all actual damages sustained (to be trebled as authorized by law), court costs and attorneys' fees, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

## COUNT V

### Cause of Action Pursuant to Florida Statute 796.09
### Against Defendant, Jeffrey Epstein

54. Plaintiff adopts and realleges paragraphs 1 through 22 above.

55. The allegations contained herein in Count II are a separate and distinct legal remedy.

56. Defendant, Jeffrey Epstein, was a wealthy and powerful man, and Plaintiff was an economically disadvantaged and impressionable minor.

57. Defendant, Jeffrey Epstein, used his vast wealth and power to coerce Plaintiff into prostitution and/or coerced her to remain in prostitution.

58. Defendant, Jeffrey Epstein, coerced Plaintiff into prostitution in one or more of the following ways:

    A. Domination of her mind and body through exploitive techniques;

    B. Inducement;

    C. Promise of greater financial rewards;

    D. Exploitation of a condition of developmental disability, cognitive limitation, affective disorder, and/or substance dependency;

    E. Exploitation of human needs for food, shelter or affection;

    F. Exploitation of underprivileged and vulnerable economic condition or situation;

    G. Use of a system of recruiting other similarly situated minor girls to further coerce and induce Plaintiff into the lifestyle of prostitution; and

    H.  Exploitation through demonstration of abundant wealth and power to impress a young and vulnerable then minor Plaintiff and to coerce her into prostitution.

  59. As a direct and proximate result of the offenses committed by Defendant, Jeffrey Epstein, against Plaintiff pursuant to Florida Statutes §796.09, the Plaintiff has in the past suffered, and will in the future suffer, physical injury, pain and suffering, emotional distress, psychological trauma, mental anguish, humiliation, embarrassment, loss of self-esteem, loss of dignity, invasion of her privacy and other damages associated with Defendant, Jeffrey Epstein, controlling, manipulating and coercing her into a perverse and unconventional way of life for a minor.  The then minor Plaintiff incurred medical and psychological expenses and Plaintiff will in the future suffer additional medical and psychological expenses.  Plaintiff has suffered a loss of income, a loss of the capacity to earn income in the future, and a loss of the capacity to enjoy life.  These injuries are permanent in nature and the Plaintiff will continue to suffer these losses in the future.

  WHEREFORE, Plaintiff, Jane Doe, demands judgment against the Defendant, Jeffrey Epstein, for compensatory damages, attorney's fees, and such other and further relief as this Court deems just and proper, and hereby demands trial by jury on all issues triable as of right by a jury.

DATED: <u>April 17, 2009</u>

Respectfully Submitted,
Plaintiff, by One of Her Counsel,


s/ Bradley J. Edwards
Bradley J. Edwards
ROTHSTEIN ROSENFELDT ADLER
Las Olas City Centre
401 East Las Olas Blvd., Suite 1650
Fort Lauderdale, Florida 33301
Telephone (954) 522-3456
Facsimile (954) 527-8663
Florida Bar No.: 542075
E-mail: bedwards@rra-law.com


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 17, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


s/ Bradley J. Edwards
Bradley J. Edwards

## **SERVICE LIST**

## **Case No.: 08-CIV-80893 – MARRA/JOHNSON**

*Attorneys for Defendant*

**Robert Deweese Critton, Jr.**
rcrit@bclclaw.com
**Michael James Pike**
MPike@bclclaw.com
Burman Critton Luttier & Coleman
515 N Flagler Drive
Suite 400
West Palm Beach, FL 33401-2918
561-842-2820
561-515-3148 (fax)

*Lead Counsel*

**Jack Alan Goldberger**
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
835-8691 (fax)
jagesq@bellsouth.net

*Co-Counsel*

*Attorneys for Plaintiff*

**Bradley James Edwards**
Rothstein Rosenfeldt Adler
401 East Las Olas Blvd
Suite 1650
Ft. Lauderdale, FL 33301
954-522-3456
954-527-8663 (fax)
bedwards@rra-law.com

*Lead Counsel*

**Paul G. Cassell**
332 South 1400 E, Room 101
Salt Lake City, UT 84112
801-585-5202
801-585-6833 (fax)
cassellp@law.utah.edu

*Pro Hac Vice*

**Jay C. Howell**
Jay Howell & Associates PA
644 Cesery Boulevard
Suite 250
Jacksonville , FL 32211
jay@jayhowell.com