**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**


JANE DOE,                                    **CASE NO.  08-CV-80893-CIV-MARRA/JOHNSON**

       Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

       Defendant.

_____/

Related Cases:
08-80119, 08-80232, 08-80380, 08-80381,
08-80994, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092

_____/

**PLAINTIFF JANE DOE'S MOTION FOR A WRIT OF HABEAS CORPUS AD**
**TESTIFICANDUM FOR FEDERAL PRISONER ALFREDO RODRIGUEZ**

      Plaintiff, Jane Doe, hereby files this motion for a writ of habeas corpus ad

testificandum for federal prisoner Alfredo Rodriguez.  Mr. Rodriguez is an important and

necessary witness for Jane Doe, who is currently in federal custody on firearms charges

unrelated to Jane Doe's trial.   Indeed, Mr. Rodriguez can testify about what he

accurately describes as "The Holy Grail" in this case. Therefore, the Court should direct

his production, as authorized by 28 U.S.C. § 2241(c)(5).

**FACTUAL BACKGROUND**

      The Court is familiar with Mr. Rodriguez from a previous criminal case.  *See*

*United States v. Rodriguez*, No. 9:10-CR-80015-KAM.  As the Court will recall, Mr.

Rodriguez was charged in a criminal complaint with obstruction of justice in connection

with trying to obtain $50,000 from civil attorneys pursuing civil sexual assault cases against Epstein – including this one.  *See* Criminal Complaint, U.S. v. Rodriguez, No. 9:10-CR-80015-KAM (doc. #3).  Rodriguez told the civil attorneys that – in exchange for $50,000 -- he would produce a black book contained the names of hundreds of minor girls who were victims of sexual assaults by Epstein from diverse geographic locations, including New York, Mew Mexico, and Paris, France.  *Id.* at 2.  Rodriguez also stated he needed money because the black book was his "property" and that he was afraid that Jeffrey Epstein would make him "disappear" unless he had an "insurance policy" (i.e., the black book).  *Id.* at 3.  Because of the importance of the information in the book to the civil cases, Mr. Rodriguez called it "The Holy Grail."  FBI agents ultimately arrested Mr. Rodriguez in November 2009 and he pled guilty and was sentenced before this Court in June 2010 to 18 months in federal custody.

Meanwhile, Mr. Rodriguez was arrested on federal firearms charges in March 2010.  *See U.S. v. Vargas Rojas et al.*, No. 1:10-CR-20234-DMM (S.D. Fla. 2010).  On June 23, 2010, he pled guilty to Count 16 of the charges against him.  Sentencing has been set for August 24, 2010.  As a result, Mr. Rodriguez will remain in the Southern District of Florida on those new federal charges through the date of Jane Doe's trial.

Jane Doe intends to call Mr. Rodriguez as a central witness in her case.  During his deposition, Mr. Rodriguez gave very significant information that is highly relevant to Jane Doe's case.  While Jane Doe could provide more details if the Court thought it important, in general Mr. Rodriguez saw numerous underage girls coming into Epstein's

mansion for purported "massages."  *See* Rodriguez Depo. at 242-44[1].  Rodriguez was aware that "sex toys" and vibrators were found in Epstein's bed room after the purported massages.  *Id.* at 223-28.  Rodriguez thought this was wrong, given the extreme youth of the girls he saw.  *Id.* at 230-31.

While this information is contained in Mr. Rodriguez's previously-taken deposition, there is significant information *not* contained in deposition requiring Mr. Rodriguez's appearance in person at Jane Doe's trial.  Most important and most obvious is testimony relating to the information contained in the black book.  Of course, the black book was not available at the deposition:  Mr. Rodriguez's obstruction of justice was (among other things) not producing it for his deposition.  Now that Jane Doe has finally succeeded in obtaining a copy of the black book, she wants to question Mr. Rodriguez about it at her trial.

Jane Doe agrees with Mr. Rodriguez's description of the black book as "The Holy Grail," as it appears to contain exactly what Mr. Rodriguez said it contained: dozens and dozens of names of apparently minor girls who were sexually abused by Epstein.[2]  At trial, Jane Doe intends to ask Mr. Rodriguez about the circumstances surrounding the creation of the black book and about the entries regarding the apparently minor girls who were being sexually abused.  Jane Doe further intends to ask Rodriguez about why he went to the trouble of creating such a book and why he thought it was significant

---

[1]  Excerpts from the deposition of Mr. Rodriguez are attached to this pleading as Composite Exhibit "A".
[2]  Jane Doe understands that the Court has a copy of the black book in connection with various motions that have been filed by defendant Epstein.  If the Court has any question about the importance of the book, Jane Doe asks the Court to review it in camera in connection with this motion.

enough to warrant a payment of $50,000 to plaintiffs' attorneys representing plaintiffs with sexual assault suits against Epstein.

Evidence of these subjects is plainly admissible in Jane Doe's civil trial and will likely be an important part of her case.  The Federal Rules of Evidence recognize that the commission of multiple acts of child molestation is highly probative evidence, providing a specific rule that makes such evidence automatically relevant.  *See* Fed. R. Evid. 415 ("In a civil case in which a claim for damages . .. is predicated on a party's alleged commission of conduct constituting an offense of sexually assault or child molestation, evidence that party's commission of another offense or offenses of sexual assault is admissible . . .. ").  In addition, other grounds exist for exploring the pattern of highly illegal behavior that Mr. Rodriguez recorded in his book.  *See, e.g.,* Fed. R. Evid. 404(b) ("similar acts" evidence admissible to prove, among other things, absence of mistake and modus operandi).   Because the book appears to be Mr. Rodriguez's book – and because he alone appears to have made the entries in the book -- it is necessary to call Mr. Rodriguez to testify about the contents of the book.

## BASIS FOR A WRIT AD TESTIFICANDUM

This Court clearly has authority to order that Mr. Rodriguez be produced for trial. Pursuant to 28 U.S.C. § 2241(c)(5), the Court is authorized to issue a writ of habeas corpus for a prisoner where "[i]t is necessary to bring him into court to testify or for trial." Courts have identified various factors that should be considered in determining whether to grant such a writ ad testificandum.  These include "the costs and inconvenience of transporting a prisoner from his place of incarceration to the courtroom, any potential

CASE NO:  08-CV-80893-MARRA/JOHNSON

danger or security risk which the presence of a particular inmate would pose to the court, the substantiality of the matter at issue, the need for an early determination of the matter, the possibility of delaying trial until the prisoner is released, the probability of success on the merits, [and] the integrity of the correctional system . . . ."  *Jerry v. Francisco*, 632 F.2d 252, 255 (3rd Cir. 1980).  Here, balancing these factors suggests that the court should clearly issue the writ.

Clearly weighing in favor of the issuing the writ are the facts that Mr. Rodriguez's testimony will revolve around "The Holy Grail" in the case – i.e., indispensible and critical evidence that cannot be produced in other ways.  Indeed, the evidence is so vital to Jane Doe that Mr. Rodriguez attempted to obtain $50,000 in exchange for producing it to her and others.  Moreover, the "substantiality of the matter at issue" in this case is enormous.  Jane Doe is seeking at least $50,000,000 in compensatory in punitive damages from defendant Epstein for repeatedly sexually abusing her while she was a minor.  Jane Does also respectfully submits that the "probability of success" on the merits of her case is high, as she has attempted to explain in her numerous pleadings in this case why she expects to establish Epstein's liability for sexually abusing her at trial.

It is important to understand, however, that "success" in her case involves not only establishing that Epstein is liable for sexually assaulting her, but also obtaining the more than $50,000,000 in compensatory and punitive damages that she seeks.  The Holy Grail testimony is important to establishing compensatory damages, because it helps to show why Jane Doe returned to Epstein's mansion to be repeatedly sexually abused.  Epstein used the fact that other minor girls were returning as a basis for

5

psychologically coercing Jane Doe into returning.  Whether Jane Doe was returning "voluntarily" (as Epstein apparently plans to argue) or was psychologically coerced is a central issue in the trial on which Mr. Rodriguez's testimony – supported by The Holy Grail evidence -- will shed considerable light.

The Holy Grail testimony is also central evidence in Jane Doe's punitive damages case.  Juries considering punitive damages issues are plainly entitled to consider, "the existence and frequency of similar past conduct."  *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 n.28 (1993).  This is because Supreme Court holdings recognize "that a recidivist may be punished more severely than a first offender . . . [because] repeated misconduct is more reprehensible than an individual instance of malfeasance."  *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 577 (1996) (supporting citations omitted).  More specifically, punitive damages by definition are designed to punish the conduct as well as deter the offender from engaging in that conduct in the future.  Epstein's level of determination to commit sex offenses against minors is extremely probative.  In addition, juries can consider other similar acts evidence as part of the deterrence calculation in awarding punitive damages, because "evidence that a defendant has repeatedly engaged in prohibited conduct while knowing . . . that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law."  *Id.* at 576-77.

On the other hand, there is not good reason not to issue there writ.  Because Mr. Rodriguez has been sentenced to 18 months in prison – and faces additional significant prison time of uncertain length for involvement in a federal firearms offense – delaying

CASE NO:  08-CV-80893-MARRA/JOHNSON

the trial until he is released from custody is not a realistic option.  Moreover, transport will not present any danger to the Court, as the transportation will be done by the United States Marshals under standard procedures.  As the Court knows, the Marshals transported Mr. Rodriguez to the Court without incident for sentencing earlier this month.  To minimize any inconvenience to or burden on the Marshals, Jane Doe proposes that the writ should issue for his production on any of four trial days (July 20, 21, 22, or 23), at the election of the Marshals in their discretion.

## POSITION OF THE PARTIES

**Counsel for Jane Doe has conferred with Counsel for Epstein, and** Defendant Epstein takes no position on this Motion; however Epstein's counsel was interested in deposing or conducting voir dire of Mr. Rodriguez on issues related to "The Holy Grail".  While Mr. Rodriguez is not a party to this action, Jane Doe has contacted his two attorneys on the two federal criminal cases discussed above.  They have not yet provided any position of Mr. Rodriguez on the motion.

## CONCLUSION

The Court should issue a writ of habeas corpus ad testificandum to the U.S. Marshals, directing them to produce federal prisoner Mr. Alfredo Rodriguez to the Court to testify in Jane Doe's civil trial, on either July 20, 21, 22, or 23 as may be most convenient to them.

DATED: June 29, 2010

**CASE NO:  08-CV-80893-MARRA/JOHNSON**

Respectfully Submitted,

s/ Bradley J. Edwards
Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
Florida Bar No.: 542075
E-mail: brad@pathtojustice.com

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone:   801-585-5202
Facsimile:   801-585-6833
E-Mail:        cassellp@law.utah.edu

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 29, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

s/ Bradley J. Edwards
Bradley J. Edwards

8

CASE NO:  08-CV-80893-MARRA/JOHNSON

## SERVICE LIST

**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@utah.law.edu