IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.: 502009CA040800XXXXMBAG

JEFFREY EPSTEIN,

    Plaintiff,

vs.

SCOTT ROTHSTEIN, individually,
BRADLEY J. EDWARDS, individually,
and L.M., individually,

    Defendants,
_____/

## ANSWER AND COUNTERCLAIM OF DEFENDANT, BRADLEY J. EDWARDS

Defendant, BRADLEY J. EDWARDS, individually, by and through his undersigned attorneys files his Answer and Counterclaim to the Complaint filed by Plaintiff, JEFFREY EPSTEIN, in the above-styled matter on December 7, 2009 as follows:

### ANSWER

### GENERAL ALLEGATIONS

1.    Defendant, EDWARDS, denies the allegations contained in Paragraph 1 and demands strict proof thereof.

2.    Defendant, EDWARDS, admits the allegations contained in Paragraph 2.

3.    Defendant, EDWARDS, admits the allegations contained in Paragraph 3.

4.    Defendant, EDWARDS, admits the allegations contained in Paragraph 4.

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 2 of 16

5.   Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 5 and thereby denies these allegations and demands strict proof thereof.

6.   Defendant, EDWARDS, admits that he is an individual residing in Broward County, Florida and is licensed to practice law in the State of Florida, otherwise Defendant, EDWARDS, denies the balance of the allegations contained in Paragraph 6 and demands strict proof thereof.

7.   Defendant, EDWARDS, admits that Defendant, L.M. is an individual residing in Palm Beach County, Florida represented by RRA and EDWARDS in a civil lawsuit against Epstein, and is now represented by EDWARDS but no longer represented by RRA. Otherwise Defendant, EDWARDS, denies the balance of the allegations contained in Paragraph 7 including but not limited to the allegation that L.M. was ever represented by ROTHSTEIN and demands strict proof thereof.

8.   Defendant, EDWARDS, admits that non-party RRA was a Florida Professional Service Corporation, with a principal address of 401 East Las Olas Boulevard, Suite 1650, Ft. Lauderdale, FL 33401, and it conducted business and filed lawsuits on behalf of clients in Palm Beach County, Florida; however, RRA never filed a lawsuit on behalf of L.M., nor did it file lawsuits on behalf of other victims against EPSTEIN. Those lawsuits were filed by EDWARDS prior to any association with or knowledge of RRA. Otherwise Defendant, EDWARDS, denies the balance of the allegations contained in Paragraph 8 and demands strict proof thereof.

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 3 of 16

9. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 9 and thereby denies these allegations and demands strict proof thereof.

10. Defendant, EDWARDS, admits that RRA held itself out as legitimately and properly engaging in the practice of law, otherwise Defendant, EDWARDS is without knowledge to either admit or deny the balance of the allegations contained in Paragraph 10 and thereby denies these allegations and demands strict proof thereof.

11. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 11 and thereby denies these allegations and demands strict proof thereof.

12. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 12 and thereby denies these allegations and demands strict proof thereof.

13. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 13 and thereby denies these allegations and demands strict proof thereof.

14. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 14 and thereby denies these allegations and demands strict proof thereof.

15. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 15 and thereby denies these allegations and demands strict proof thereof.

16. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 16 and thereby denies these allegations and demands strict proof thereof.

17. Defendant, EDWARDS, admits the allegations contained in Paragraph 17.

18. Defendant, EDWARDS, denies the allegations contained in Paragraph 18 and demands strict proof thereof.

19. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 19 and thereby denies these allegations and demands strict proof thereof.

20. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 20 and thereby denies these allegations and demands strict proof thereof.

21. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 21 and thereby denies these allegations and demands strict proof thereof.

22. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 22 and thereby denies these allegations and demands strict proof thereof.

23. Defendant, EDWARDS, admits that the identity of claimants against Epstein was shielded through the use of initials. All other allegations of Paragraph 23 are denied and Defendant demands strict proof thereof.

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 5 of 16

24. Defendant, EDWARDS, admits that he represented claimants against Epstein on behalf of RRA. All other allegations of Paragraph 24 are denied and Defendant demands strict proof thereof.

25. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 25 and thereby denies these allegations and demands strict proof thereof.

26. Defendant, EDWARDS, denies the allegations contained in Paragraph 26 and demands strict proof thereof.

27. Defendant, EDWARDS, denies the allegations contained in Paragraph 27 and demands strict proof thereof.

28. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 28 except that EDWARDS admits the evidence against Epstein was, in fact, real.

29. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 29 and thereby denies these allegations and demands strict proof thereof.

30. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 30 and thereby denies these allegations and demands strict proof thereof.

31. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 31 except that EDWARDS specifically denies that he engaged in or had knowledge of any of the alleged unethical or illegal conduct.

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 6 of 16

32. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 32 except that EDWARDS specifically denies that he engaged in or had knowledge of any of the alleged unethical or illegal conduct.

33. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 33 except that EDWARDS specifically denies that he engaged in or had knowledge of any of the alleged unethical or illegal conduct.

34. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 34 and thereby denies these allegations and demands strict proof thereof.

35. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 35 except that EDWARDS specifically denies that he engaged in or had knowledge of any of the alleged unethical or illegal conduct.

36. Defendant, EDWARDS, admits that he deposed three of Epstein's pilots, and sought the deposition of a fourth pilot, otherwise Defendant denies the balance of the allegations of Paragraph 36 and demands strict proof thereof.

37. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 37 and thereby denies these allegations and demands strict proof thereof.

38. Defendant, EDWARDS, admits the allegations contained in Paragraph 38, except that EDWARDS denies that he sought to subpoena Tommy Mattola.

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 7 of 16

39. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 39 and thereby denies these allegations and demands strict proof thereof.

40. Defendant, EDWARDS, admits the allegations contained in Paragraph 40.

41. Defendant, EDWARDS, denies the allegations contained in Paragraph 41 and demands strict proof thereof.

42. Defendant, EDWARDS, denies the allegations contained in Paragraph 42 (a) and (b) and demands strict proof thereof. Defendant, EDWARDS, admits that he, Berger and Russell Adler (another named partner in RRA) all attended Epstein's deposition, otherwise Defendant, EDWARDS, denies the balance of the allegations contained in Paragraph 42 (c). Defendant, EDWARDS, denies the allegations contained in Paragraph 42 (d) and demands strict proof thereof. Defendant, EDWARDS, denies the allegations contained in Paragraph 42 (e) and demands strict proof thereof, except that EDWARDS admits that he addressed the Court on July 31, 2009, and the best evidence of the content of his statements is the official transcript of that proceeding. Defendant, EDWARDS, admits that he filed a Motion for Injunction Restraining Fraudulent Transfer of Assets, Appointment of a Receiver to Take Charge of Property of Epstein, and to Post a $15 million Bond to Secure Potential Judgment, in Jane Doe v. Epstein, Case No. 08-CV-80893-Marra/Johnson. The motion was reported in the press. Defendant, EDWARDS, admits that the motion was denied. The balance of the allegations contained in Paragraph 42 (f) are denied and Defendant demands strict proof thereof. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 42 (g) and thereby denies these allegations and demands strict proof thereof. Defendant,

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 8 of 16

EDWARDS, denies the allegations contained in Paragraph 42 (h) and demands strict proof thereof. Defendant, EDWARDS, denies the allegations contained in Paragraph 42 (i) and demands strict proof thereof. Defendant, EDWARDS, admits the allegations contained in Paragraph 42 (j). Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 42 (k) and thereby denies these allegations and demands strict proof thereof. Defendant, EDWARDS, admits that they knew what it said and they knew the civil provisions in the agreement had no impact whatsoever on the three pending Civil Actions. The concept behind certain civil provisions in the NPA was to allow an alleged victim to resolve a civil claim with Epstein, maintain her complete privacy and anonymity and move on with her life, otherwise, Defendant, EDWARDS, is without knowledge to either admit or deny the balance of the allegations contained in Paragraph 42 (l) and therefore denies the balance of the allegations contained in Paragraph 42 (l) and demands strict proof thereof.

43. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 43 and thereby denies these allegations and demands strict proof thereof.

44. Defendant, EDWARDS, denies the allegations contained in Paragraph 44 and demands strict proof thereof.

45. Defendant, EDWARDS, denies the allegations contained in Paragraph 45 and demands strict proof thereof.

46. Defendant, EDWARDS, denies the allegations contained in Paragraph 46 and demands strict proof thereof.

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 9 of 16

47. Defendant, EDWARDS, admits that L.M. gave a sworn taped statement to the FBI and a subsequent deposition in the civil proceedings. The best evidence of the content of these statements is the transcript of each.

48. Defendant, EDWARDS, denies the allegations contained in Paragraph 48 and demands strict proof thereof.

49. Defendant, EDWARDS, denies the allegations contained in Paragraph 49 and demands strict proof thereof.

50. Defendant, EDWARDS, denies the allegations contained in Paragraph 50 and demands strict proof thereof.

51. Defendant, EDWARDS, denies the allegations contained in Paragraph 51 and demands strict proof thereof.

52. Defendant, EDWARDS, denies the allegations contained in Paragraph 52 and demands strict proof thereof.

53. Defendant, EDWARDS, denies the allegations contained in Paragraph 53 and demands strict proof thereof.

### Count I—Violation of §§772.101, et seq., Fla. Stat.—Florida Civil Remedies for Criminal Practices Act—Against All Defendants

54. Defendant, EDWARDS, admits or denies the allegations contained in Paragraphs 1-53 as previously set forth herein.

55. Defendant, EDWARDS, denies the allegations contained in Paragraph 55 and demands strict proof thereof.

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 10 of 16

56. Defendant, EDWARDS, denies the allegations contained in Paragraph 56 and demands strict proof thereof.

57. Defendant, EDWARDS, denies the allegations contained in Paragraph 57 and demands strict proof thereof.

58. Defendant, EDWARDS, denies the allegations contained in Paragraph 58 and demands strict proof thereof.

59. Defendant, EDWARDS, denies the allegations contained in Paragraph 59 and demands strict proof thereof.

<u>Count II—Florida RICO—"Racketeer Influenced and Corrupt Organization Act"
Pursuant to §§895.01, et seq., Fla. Stat. (2009), Against All Defendants</u>

60. Defendant, EDWARDS, admits or denies the allegations contained in Paragraphs 1-53 and 55-59 as previously set forth herein.

61. Defendant, EDWARDS, denies the allegations contained in Paragraph 61 and demands strict proof thereof.

62. Defendant, EDWARDS, denies the allegations contained in Paragraph 62 and demands strict proof thereof.

63. Defendant, EDWARDS, denies the allegations contained in Paragraph 63 and demands strict proof thereof.

64. Defendant, EDWARDS, is without knowledge to either admit or deny the allegations contained in Paragraph 64 except Defendant, EDWARDS, admits that as of the filing of this Complaint, criminal charges have only been brought against ROTHSTEIN, otherwise

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 11 of 16

Defendant, EDWARDS, denies the balance of the allegations contained in Paragraph 64 and demands strict proof thereof.

65. Defendant, EDWARDS, denies the allegations contained in Paragraph 65 and demands strict proof thereof.

66. Defendant, EDWARDS, denies the allegations contained in Paragraph 66 and demands strict proof thereof.

67. Defendant, EDWARDS, denies the allegations contained in Paragraph 67 and demands strict proof thereof.

68. Defendant, EDWARDS, denies the allegations contained in Paragraph 68 and demands strict proof thereof.

### Count III—Abuse of Process—Against All Defendants

69. Defendant, EDWARDS, admits or denies the allegations contained in Paragraphs 1-53, 55-59 and 61-68 as previously set forth herein.

70. Defendant, EDWARDS, denies the allegations contained in Paragraph 70 and demands strict proof thereof.

71. Defendant, EDWARDS, denies the allegations contained in Paragraph 71 and demands strict proof thereof.

72. Defendant, EDWARDS, denies the allegations contained in Paragraph 72 and demands strict proof thereof.

### Count IV—Fraud—Against All Defendants

73. Defendant, EDWARDS, admits or denies the allegations contained in Paragraphs 1-53, 55-59, 61-68 and 70-72 as previously set forth herein.

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 12 of 16

74. Defendant, EDWARDS, denies the allegations contained in Paragraph 74 and demands strict proof thereof.

75. Defendant, EDWARDS, denies the allegations contained in Paragraph 75 and demands strict proof thereof.

<u>Conspiracy to Commit Fraud—Against All Defendants</u>

76. Defendant, EDWARDS, admits or denies the allegations contained in Paragraphs 1-53, 55-59, 61-68, 70-72 and 74-75 as previously set forth herein.

77. Defendant, EDWARDS, denies the allegations contained in Paragraph 77 and demands strict proof thereof.

78. Defendant, EDWARDS, denies the allegations contained in Paragraph 78 and demands strict proof thereof.

79. Defendant, EDWARDS, denies the allegations contained in Paragraph 79 and demands strict proof thereof.

80. Defendant, EDWARDS, has retained the undersigned attorneys to defend this action against him and has agreed to pay them a reasonable fee and costs.

81. All allegations not otherwise expressly addressed are denied.

WHEREFORE, having fully answered the claims against him, EDWARDS demands judgment in his favor and an award of fees and costs pursuant to the prevailing party provisions of the applicable statutes pursuant to which Epstein has brought his claims.

<u>COUNTERCLAIM</u>

Bradley J. Edwards (EDWARDS) sues Jeffrey Epstein (EPSTEIN) and alleges:

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 13 of 16

1. This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

2. Counter/plaintiff, EDWARDS, is sui juris, resides in Broward County, Florida, and is an attorney licensed to practice in the State of Florida at all times material hereto.

3. Counter/defendant, EPSTEIN, is sui juris and is a resident of Palm Beach County, Florida.

4. EPSTEIN is a convicted felon having entered into a plea agreement pursuant to which he effectively conceded his having engaged in illicit sexual activity with a large number of female children over an extended period of time in violation of both State and Federal criminal laws.

5. EPSTEIN was sued civilly by a large number of his victims. Many of the cases against him have been settled and others remain pending, as a consequence of which EPSTEIN continues to face the potential of huge civil judgments for both compensatory and punitive damages in favor of many victims of his depraved criminal exploitation of children including victims represented by EDWARDS.

6. In the face of overwhelming evidence of his guilt, EPSTEIN repeatedly asserted his Fifth Amendment Right against self-incrimination and refused to answer any substantive questions regarding his sexual exploitation of his minor victims. Lacking any substantive defense to the claims against him, EPSTEIN sought to avoid his compensatory and punitive liability by employing the extraordinary financial resources at his disposal to intimidate his victims into abandoning their legitimate claims or resolving those claims for substantially less than their just value.

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 14 of 16

7. In some circumstances, EPSTEIN's tactics have proven successful, while other victims have thus far withstood this continued assault upon them and have persisted in the prosecution of their claims. EDWARDS' clients are among those who continue the prosecution of their claims.

8. While prosecuting the legitimate claims on behalf of his clients, EDWARDS has not engaged in any unethical, illegal, or improper conduct nor has EDWARDS taken any action inconsistent with the duty he has to vigorously represent the interests of his clients. EPSTEIN has no reasonable basis to believe otherwise.

9. Nevertheless, EPSTEIN has filed the claims herein against EDWARDS and EDWARDS' client, L.M. for the sole purpose of further attempting to intimidate EDWARDS, L.M., and others into abandoning or settling their legitimate claims for less than their just and reasonable value.

10. EPSTEIN has in his Complaint directly alleged that EDWARDS was a knowing participant in a civil theft and criminal enterprise when EPSTEIN was well aware that there is absolutely no evidence whatsoever to support such false assertions. Indeed, his Complaint is replete with speculation, conjecture, and innuendo and is entirely devoid of factual support for his spurious allegations. Indicative of his total disregard for the lack of any predicate for his claims, EPSTEIN has ignored the statutory requirement for written notice prior to the initiation of a civil theft claim.

11. EPSTEIN has ulterior motives and purposes in exercising such illegal, improper, and perverted use of process. His real purpose was to put pressure on EDWARDS, L.M., and

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 15 of 16

other victims by publishing what amounts to nothing more than a press release issued under the cloak of protection of the litigation privilege.

12. As a result of EPSTEIN's wrongful conduct as alleged, EDWARDS has suffered and will continue to suffer damages including but not limited to injury to his reputation, interference in his professional relationships, the loss of the value of his time required to be diverted from his professional responsibilities, and the cost of defending against EPSTEIN's spurious and baseless claims.

WHEREFORE, EDWARDS demands judgment against EPSTEIN for compensatory damages, costs, and such other and further relief as the Court may deem appropriate under the circumstances. Counter/plaintiff, EDWARDS, reserves the right to assert a claim for punitive damages upon satisfying the applicable statutory prerequisites.

Counter/plaintiff, EDWARDS, further demands trial by jury.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Fax and U.S. Mail to all counsel on the attached list, this 21st day of December, 2009

Jack Scarola
Florida Bar No.: 169440
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9451
Attorneys for Defendant, EDWARDS

Epstein v. Rothstein: Answer and Counterclaim of Edwards
Page 16 of 16

## COUNSEL LIST

Robert D. Critton, Jr., Esq.
Michael J. Pike, Esq.
Burman Critton Luttier & Coleman
303 Banyan Boulevard, Suite 400
West Palm Beach, FL 33401
561-842-2820 Phone
561-253-0154 Fax
Attorneys for Plaintiff