UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE,              **CASE NO.  08-CV-80893-CIV-MARRA/JOHNSON**

    Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

    Defendant.
_____/

Related Cases:
08-80119, 08-80232, 08-80380, 08-80381,
08-80994, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092

_____/

**PLAINTIFF JANE DOE'S MOTION FOR MODIFICATION OF MAGISTRATE JUDGE PALERMO'S ORDER SCHEDULING SETTLEMENT CONFERENCE TO ENSURE THAT JANE DOE DOES IS NOT FORCED TO COME INTO CONTACT WITH CONVICTED SEX OFFENDER EPSTEIN IN VIOLATION OF NO CONTACT ORDERS**

Plaintiff, Jane Doe, through undersigned counsel, hereby files this motion for modification of the order setting the settlement conference to ensure that the Jane Doe does not have to have any contact with defendant Epstein.  Because Epstein is on probation as a convicted sex offender, he is currently barred by a state court judge from having any contact with Jane Doe.  This Court, too, has entered its own no-contact order.  And, entirely apart from any court orders, Jane Doe has difficulty whenever she is compelled to see the man who repeatedly sexually abused her when she was a child.  Accordingly, Epstein should not be permitted to have any manner of contact with Jane Doe at the settlement conference. Because Epstein has a history of "accidentally" having intimidating contact with his victims at court-ordered functions, Epstein should be required to be inside the building and in a secure

CASE NO:  08-CV-80893-MARRA/JOHNSON

room separate from Jane Doe at least one hour before the start of the July 6, 2010, settlement conference and remain there 30 minutes after Jane Doe leaves the conference.

## **BACKGROUND**

On June 30, 2008, Jeffrey Epstein pled guilty to one count of procuring a person under 18 for prostitution and one count of felony solicitation to prostitution before the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.  He was sentenced to 18 months in jail.  In the course of the plea/sentencing colloquy, Palm Beach Circuit Court Judge Deborah Dale Pucillio explicitly instructed Defendant as follows:

> Court: Okay.  [Item] D is, you shall not have any contact with the victim, . . . [is] there more than one victim?
>
> Ms. Belohlavek: There's several.
>
> Court: Several, all of the victims.  So this should be plural. I'm making that plural.  You are not to have any contact direct or indirect, and in this day and age I find it necessary to go over exactly what we mean by indirect.  By indirect, we mean no text messages, no e-mail, no Face Book, no My Space, no telephone calls, no voice mails, no messages through carrier pigeon, no messages through third parties, no "hey would you tell so and so for me," no having a friend, acquaintance or stranger approach any of these victims with a message of any sort from you, is that clear?
>
> Defendant: Yes, ma'am.

Transcript of Plea Conference at 20-21.

Read in context, Judge Pucillio was referring to all victims of sex offenses committed by defendant Epstein, whose names were listed in a document that has been described as an appendix to a non-prosecution agreement with the United States Attorney's Office for the Southern District of Florida.  Jane Doe is listed in that document.

The issue of the breadth of the no contact order has previously been before this Court. Several of the plaintiff/victims with suits pending against Epstein before this Court filed a

2

motion for an order prohibiting defendant or his agents from communicating with them directly or indirectly Epstein opposed the requests as "needless, unwarranted and excessive."  Case No. 9:08-CV-80119-KAM, doc. #127 at 5.  This Court, however, firmly overruled Epstein's objections.  This Court entered its own, additional no-contact order, ruling:

> In light of Defendant's response to Plaintiff's motion for no contact order, suggesting that the state court's order only applies to some victims and that parties are always allowed to contact each other directly, the Court finds it necessary to state clearly that Defendant is under this court's order not to have direct or indirect contact with any plaintiffs, regardless of the intended scope of the state court court's order.

Order, doc. #238, at 4-5.

In spite of two separate court orders from a state and federal court barring direct and indirect contact by Epstein with the victims in this case, on August 27, 2009, Epstein continues to look for opportunities to harass and intimidate his victims who have filed civil suits for his abuse.  Sadly, repeated examples can be found in the docket of this Court.  *See, e.g.,* Plaintiffs Jane Doe No. 101 and Jane Doe No. 102's Motion for No-Contact Order (Case No. 9:08-CV-80119-KAM, doc. #113); Plaintiffs Jane Doe's 2-7's Response to Defendant's Motion to Compel and/or Identify Plaintiffs in the Style of this Case (doc. #144); Plaintiff Jane Does' 2-7 Motion for Protective Order (doc. #223); Plaintiff Jane Doe Nos. 2-8's Motion for Protective Order as to Jeffrey Epstein's Attendance at Deposition (doc. #292); Plaintiff Jane Doe's Motion for a Protective Order (doc. #297).  Indeed, in one instance, defendant Epstein "accidentally" crossed paths with Jane Doe No. 4 when she was on her way to court-mandated deposition.  As recounted by Jane Doe No. 4's legal counsel, when this happened "Jeffrey Epstein stopped walking and began staring at her.  He intimidated her until she began to cry.  Jeffrey Epstein made no immediate attempt to walk away from our client.

3

CASE NO:  08-CV-80893-MARRA/JOHNSON

Instead, he stopped and continued to stare at her until she ran away." Case No. 9:08-CV-80119-KAM, doc. #306, at p. 3.

As the Court is aware, several months ago, Jane Doe attended one court-ordered mediation session in this case.  Now, with the trial date looming, Epstein filed a motion on June 28, 2010, to force Jane Doe to attend a second mediation session.  Case No. 9:08-CV-80893-KAM, doc. #168.  That same day, the Court granted the motion, setting a second settlement conference.  Magistrate Judge Palermo has now entered an order for the conduct of the settlement conference that will require both Jane Doe and Epstein to attend in person.  Case No. 9:08-CV-80893-KAM, doc. #173.

## DISCUSSION

Jane Doe has no objection to attending another court ordered settlement conference in person.  She does strenuously object, however, to being forced to run any risk that Epstein will "accidentally" have contact with her or otherwise use the conference as an occasion for intimidation.  Her concerns that Epstein is plotting for this conference to be used for harassment purposes – rather than any legitimate settlement discussion – is heightened by the fact that Epstein has not made any new realistic settlement proposals to her.  In fact, when Jane Doe raised this fear that it was her belief that Epstein was only trying to use this conference as an opportunity to scare and intimidate her, we requested of Epstein that he make an offer different from any past offers as a show of "good faith"; needless to say, that did not happen.

In light of the history of Epstein's abuses in this case – and in light of two no-contact orders that are now in place against Epstein as result of his sex offense conviction – this Court should ensure that Epstein's motion is not a subterfuge for intimidation.  Accordingly,

4

CASE NO:  08-CV-80893-MARRA/JOHNSON

Jane Doe asks this Court to order that Epstein be in a secure, separate room from Jane Doe at least one hour before the 9:30 a.m. start of the settlement conference and that he be ordered not to leave that room until 30 minutes after Jane Doe has left the building at the conclusion of the conference.

## CONCLUSION

The Court should order Epstein to be in a secure, separate room during the settlement conference one hour before the start of the conference and 30 minutes after Jane Doe leaves at the conclusion of the conference.

DATED: June 30, 2010

Respectfully Submitted,

s/ Bradley J. Edwards
Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
Florida Bar No.: 542075
E-mail: brad@pathtojustice.com

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone:   801-585-5202
Facsimile:   801-585-6833
E-Mail:      cassellp@law.utah.edu

CASE NO:  08-CV-80893-MARRA/JOHNSON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

          s/ Bradley J. Edwards
          Bradley J. Edwards

## SERVICE LIST

**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.edu