# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

JANE DOE,                          **CASE NO.  08-CV-80893-CIV-MARRA/JOHNSON**

        Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

        Defendant.

_____/

Related Cases:
08-80119, 08-80232, 08-80380, 08-80381,
08-80994, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092


_____/


**PLAINTIFF JANE DOE'S EMERGENCY MOTION TO HAVE EPSTEIN HELD IN CONTEMPT FOR FAILING TO PRODUCE STATE DISCOVERY AND CORRESPONDENCE AND FOR PRODUCING ONLY REDACTED CORRESPONDENCE WITH THE U.S. ATTORNEY'S OFFICE AND MOTION FOR SANCTIONS**

      Plaintiff, Jane Doe, through undersigned counsel, hereby files this motion to have defendant Epstein held in contempt for (1) failing to produce any state criminal discovery and any correspondence with state prosecutors, and (2) producing only redacted correspondence with the U.S. Attorney's Office.  Both of these failures stand in clear violation of this Court's discovery orders.  Jane Doe further asks that Epstein be directed to produce these materials forthwith and that the Court impose appropriate sanctions.  Jane Doe respectfully asks that this motion be decided rapidly.

      As the Court is well aware, there has now been more than eleven months of litigation on whether defendant was going to produce any discovery to Jane Doe.  More than a year ago, Jane Doe propounded three discovery requests:

      Request No. 7:  All discovery information obtained by you or your attorneys as a result of the exchange of discovery in the *State* criminal case against you or the Federal investigation against you.

CASE NO:  08-CV-80893-MARRA/JOHNSON

Request No. 9:  Any documents or other evidentiary materials provided to local, *state*, or federal law enforcement investigators or local, *state* or federal prosecutors investigating your sexual activities with minors.

Request No. 10:  All correspondence *between you and your attorneys* and state or federal law enforcement or prosecutors (includes, but not limited to, letters to and from the *States Attorney's* office or any agents thereof).

After innumerable motions and continuances and delays, this Court's order to produce these items came due yesterday.  Jane Doe finally received her discovery last night.  Remarkably, however, Epstein deliberately limited his discovery in two ways.

First, while Requests No. 7, 9, and 10 clearly cover discovery information that Epstein obtained in both federal *and state* proceedings, Epstein produced only federal discovery (or, more precisely, because he claims to have received no federal discovery, he provided nothing at all).  In addition, while Request No. 10 clearly covers correspondence with both federal *and state* prosecutors, Epstein has produced only correspondence with federal prosecutors.  There is no basis for limiting production to federal materials.

Second, while Request No. 10 clearly covers correspondence both to *and from* Epstein's criminal defense attorneys, Epstein has redacted all of this correspondence so that only correspondence *to* him is revealed.  The resulting mishmash of redactions means that much of the correspondence – and virtually all of the correspondence most useful to Jane Doe – has been withheld by Epstein.

These deliberate violations of the Court's orders are part of a persistent pattern by Epstein to thwart legitimate discovery by Jane Doe.[1]  Accordingly, the Court should order production of these items forthwith.  Jane Doe seeks production on an emergency basis because she has been compelled to attend a second settlement conference on July 6, 2010, at 9:30 a.m., and these items of discovery might

---

[1] For another blatant example of improper delays during  discovery, see Plaintiff's Motion to Prevent Improper Use of 5th Amendment and Memorandum of Law, case no. 9:08-cv-80893, doc. #178 (Epstein's filibustering and insertion of irrelevant and prejudicial information during his deposition).

2

CASE NO:  08-CV-80893-MARRA/JOHNSON

put her in a much better position to understand the strength of her case at that time.  Jane Doe therefore

respectfully requests that the Court rule on this motion rapidly by Friday, July 2, 2010.  (Monday, July

5, 2010, is a federal holiday.)  Jane Doe also seeks appropriate sanctions.

## PROCEDURAL BACKGROUND

For the convenience of the Court, here is the full saga of several straightforward discovery

requests that Jane Doe has filed in this case.  On July 20, 2009, Jane Doe filed a motion to compel

production of various previously-requested documents, including discovery provided to Epstein by

state and federal prosecutors in the criminal cases against him and correspondence between his

criminal defense attorneys and state and federal prosecutors during the criminal investigation.  Case

No. 9:08-cv-80119, doc. #210.  Specifically, her motion sought production of the following:

> Request No. 7:  All discovery information obtained by you or your attorneys as a result
> of the exchange of discovery in *the State* criminal case against you or the Federal
> investigation against you.
>
> Request No. 9:  Any documents or other evidentiary materials provided to local, state,
> or federal law enforcement investigators or local, *state* or federal prosecutors
> investigating your sexual activities with minors.
>
> Request No. 10:  All correspondence between you and your attorneys and state or
> federal law enforcement or prosecutors (includes, but not limited to, letters to and from
> the *States Attorney's* office or any agents thereof).

(doc. #210 at pp. 10-12 (emphases added)).  Epstein obtained an extension of time in which to respond

and, two-and-a-half months later, on October 6, 2009, Epstein filed an objection to producing these

items primarily on Fifth Amendment grounds (doc. #339).  On October 16, 2009, Jane Doe promptly

filed a reply in support of her motion (doc. #354).  On January 22, 2010, Jane Doe filed a notice that

more than 90 days had elapsed since the filing of her motion (doc. #453).

On February 4, 2010, the magistrate judge granted in part and denied in part Jane Doe's motion

to compel, specifically ruling that Epstein had to produce the discovery provided to him by state and

CASE NO:  08-CV-80893-MARRA/JOHNSON

federal prosecutors and the requested correspondence, rejecting Fifth Amendment and other objections raised by Epstein.  (case no. 9:08-cv-80119, doc. #462).  The magistrate judge specifically granted requests 7, 9, and 10.  *Id.* at 10 ("Accordingly, Epstein is ordered to produce the documents subjects to these Requests [i.e., requests 7, 9, and 10] within ten (10) days from the date hereof.").

Epstein then filed for an extension of time in which to appeal (doc. #464), which Jane Doe opposed on grounds of delay (doc. #465).  On February 11, 2010, the Court granted in part and denied in part the extension of time, specifically warning Epstein that "[i]n the event that Magistrate Judge Johnson's February 4, 2010 Order is affirmed on appeal, Defendant will have three (3) business days from the date of this Court's order to produce the documents at issue."   (doc. #468).  Epstein then ultimately filed his appeal/motion for reconsideration of the magistrate decision on February 26, 2010. (doc. #477).   On March 10, 2010, Jane Doe then filed her response in Opposition to Defendant's Motion for reconsideration. (doc. #. 485).

On April 1, 2010, the magistrate judge rejected Epstein's challenge, reaffirming his earlier order that "compelled production from *state* and federal prosecutors in the criminal case against him." (doc. #513).

On May 6, 2010, the court held a status conference on the appeal (which also involved other consolidated cases raising similar appeals and issues).  The Court asked the parties to attempt to reach a resolution of issues surrounding Epstein's net worth.

On May 12, 2010, Epstein filed a "Consolidated" Rule 4 Review and Appeal of Portions of the Magistrate Judge's orders (doc. #545).  On May 27, 2010, Jane Doe filed a "protective" response to the consolidated reply, noting that she had previously responded to all of the arguments raised by the appeal and that the "consolidated" appeal did not require any new response from her (doc. #551).  The response also noted Jane Doe and Epstein had been unable to resolve disputed net worth issues.

CASE NO:  08-CV-80893-MARRA/JOHNSON

On Friday, June 25, 2010, this Court entered an order affirming the magistrate judge's discovery orders in all respects (Case No. 9:08-cv-80119-KAM, doc. #572) and, as it previously warned Epstein, requiring Epstein to produce the discovery materials within three business days.

At this point, despite having had a year to assemble the requested discovery items and prepare for their production – and more than four months since this Court's warning to be prepared to produce the documents on three days notice – Epstein began filing motions to restrict production.  On Monday evening, June 28, 2010, at approximately 5:11 p.m., Epstein filed a motion for a protective order regarding dissemination of the materials (Case No. 9:09-cv-80893, doc. #170). On Tuesday morning, June 29, 2010, at approximately 9:31 a.m., this Court summarily denied the motion (doc. #172).  Then, as the deadline for production drew even nearer, on Wednesday, June 30, 2010, at approximately 2:19 p.m., Epstein filed a motion for a right to redact tax returns that were being produced and informed the Court in his Motion that he was going to go ahead and only produce redacted tax returns (doc. #182). Shortly thereafter, Epstein began transmitting redacted returns to Jane Doe's counsel via email.  Acting with impressive speed, at approximately 2:33 p.m., the Court summarily denied Epstein's motion (doc. #183).

Following these actions by the Court, yesterday defendant Epstein made his production of unredacted tax returns electronically to Jane Doe's counsel.  However, Epstein remarkably still failed to produce materials he was required to produce in two critical ways.  First, Epstein did not produce any information he had obtained from the *state* during discovery of the criminal investigation against him.  Indeed, because he had not (apparently in his view) obtained any *federal* discovery during the criminal investigation, he turned over nothing at all responsive to Jane Doe's Requests No. 7 and No. 9.   And similarly, with regard to correspondence from the prosecutors, Epstein also produced only correspondence with *federal* prosecutors – not with state prosecutors. Of course, this significantly

CASE NO: 08-CV-80893-MARRA/JOHNSON

limited the production he made, as Epstein pled guilty to *state* sex charges rather than federal sex charges – leaving Jane Doe with no correspondence or discovery from the State.

Second, with regard to his correspondence with federal prosecutors that he did produce, Epstein redacted anything coming from attorneys, leaving only the responses from the federal prosecutors. The result is an often unintelligible mishmash of back-and-forth emails, where only half of what is being said is disclosed. It forces Jane Doe to read everything out of context and severely limits the utility of what was produced. To give but two of what are literally dozens of examples of the unintelligibility, consider these e-mail chains – or, more precisely, half e-mail chains:

```
That is fine.  I'm sorry I didn't get your e-mail
sooner.  Since I am out of the office, the best way to
reach me is on my cell, or you can send an e-mail
(which becomes a text message) to
5616012301@cingularme.com

Tomorrow I am available early in the morning (7:00 to
7:45), or at 8:30, or at 5:00, or after 6:45.

Thanks.

A. Marie Villafaña
Assistant U.S. Attorney
561 209-1047
Fax 561 820-8777
```



CASE NO:  08-CV-80893-MARRA/JOHNSON

Exhibit 1, found as Correspondence 5 from defense counsel (June 30, 2010).

> Jay – I hate to have to be firm about this, but we need to wrap this up by
> Monday.  I will not miss my indictment date when this has dragged on
> for several weeks already and then, if things fall apart, be left in a less
> advantageous position than before the negotiations.  I have had an
> 82-page pros memo and 53-page indictment sitting on the shelf since
> May to engage in these negotiations.  There has to be an ending date,
> and that date is Monday.
>
> *A. Marie Villafaña*
> Assistant U.S. Attorney
> 561 209-1047



Exhibit 2, found as Correspondence 3 from defense counsel (June 30, 2010).

The net result of these redactions, of course, is that what is produced is of essentially no value to Jane Doe for discovery or at trial – what is left is merely statements from prosecutors, rather than statements from agents of Mr. Epstein that could be used to help build Jane Doe's case.

## EPSTEIN SHOULD BE HELD IN CONTEMPT AND SANCTIONED FOR DELIBERATE VIOLATIONS OF THE ORDER TO PRODUCE

**I.     EPSTEIN SHOULD BE HELD IN CONTEMPT FOR FAILING TO PRODUCE STATE DISCOVERY AND STATE CORRESPONDENCE RESPONSIVE TO REQUESTS NOS. 7, 9, AND 10**

As noted above, Jane Doe's Requests for Production No. 7 and 9 plainly requested that Epstein produce discovery provided to him in both the federal and state criminal cases.  *See, e.g.,* Request No. 7 (requesting production of "[a]ll discovery information obtained by you or your attorneys as a result

CASE NO:  08-CV-80893-MARRA/JOHNSON

of the exchange of discovery in *the State* criminal case against you or the Federal investigation against you" (emphasis added)).  In addition, Request No. 10 plainly requested "[a]ll correspondence between you and your attorneys and *state* or federal law enforcement or prosecutors (including, but not limited to, *letters to and from the States Attorney's office or any agents thereof* (emphasis added))."  Indeed, given the intertwined nature of these two investigations (with a *federal* non-prosecution agreement ultimately resulting when Epstein pled guilty to *state* sex charges), it would be difficult to segregate the two.  Of course, Jane Doe would want discovery and correspondence from both cases – it makes no difference to her the source of the documents or correspondence. And the legal principles governing production would not vary between federal and state investigations.

Astonishingly then, Epstein now after 11 months of litigation has decided that Jane Doe's request – and the magistrate judge's order affirming that request – are somehow to be limited to merely the federal criminal investigation.  And, with amazing convenience for Epstein, since he apparently deems all the discovery his criminal defense team received to be purely state discovery, he has to produce nothing on  request for production nos. 7 and 9, and only half of what would be expected for request for production no. 10.

In the context of this case, it should be readily apparent to the Court that Epstein has deliberately decided to produce substantially less information than he is required to produce.  He is doing so by taking a ridiculous and absurd position that is not supported by any reasonable reading of the discovery requests or this Court's rulings.  And he is doing so in a *civil* case, where discovery is supposed to be freely and readily exchanged.

The only even arguable basis for Epstein's deliberate intransigence is that he is apparently taking the position that a single sentence in one of Jane Doe's many pleadings on these issues should be deemed to have "narrowed" the plain language of her clear Requests for Production.  In a reply brief

8

CASE NO:  08-CV-80893-MARRA/JOHNSON

in October 2009, counsel for Jane Doe in briefly described the nature of requests for production nos. 7, 9, and 10, writing one sentence that referred to the requests as covering materials from the federal government.  *See* Plaintiff's Jane Doe's Reply to Response to Motion to Compel, doc. #354 at 3 (referring to requests as seeking "information that *the federal government* gave to Epstein in the course of its plea discussions with him").  In reviewing that single sentence, it should have been obvious that Jane Doe was not suddenly – and for no apparent reason – narrowing her request to half of the material that she would otherwise have been entitled to receive.   At the very most (and this is debatable), it appears that one could argue that Jane Doe's counsel spoke loosely or made a typographical error, as the sentence could have more clearly said "federal and state government."  Whatever can be said of this single sentence, the remaining sentences in this pleading immediately following this sentence plainly refer to both the federal and state governments, as there is no limitation to the federal government in approximately nine other sentences in close proximity to the sentence Epstein apparently seizes upon.  *See, e.g.,id.* at 4 ("*The government itself gave Epstein the documents!*" (emphasis in original)); *id.* at 6 "*the government* was showing him the documents in the first place to convince him to plead guilty to a crime" (emphasis added)); *id.* at 9 ("Jane Doe's requests for production number 7 and 9, which seek respectively discovery provided by *the government* and "evidentiary materials' provided by *the government*" (emphasis added)).   And, eliminating any legitimate confusion, at the end of this section in this brief, Jane Doe explained quite clearly that she was seeking not only correspondence with the U.S. Attorney's Office but more general with "government *agencies*,"   -- i.e., both federal and state agencies.  *Id.* at 10.

Regardless of how Epstein might have intentionally misconstrued this single sentence in the Jane Doe's reply, the magistrate judge ultimately ruled on the actual request for production.  The magistrate judge in using a shorthand to describing the nature of the Requests for Production, also

referred at one point to "the federal government" and at another point to "the government."  *Compare* case no. 9:08-CV-80893, doc. 462 at 8 (describing Requests 7, 9 and 10 as involving "documents the federal government gave to Epstein") *with id.* (describing requests as "documents the government itself gave to Epstein").  But the Court's ultimate order was that the Request for Productions 7, 9, and 10 was granted.  *Id.* Nothing in the context of the magistrate judge's decision indicated any principle of law that would make federal information and correspondence discoverable and state information and correspondence non-discoverable. Indeed, the magistrate judge made clear on the next page of the order that he understood he was reviewing a discovery matter relating to documents involving "Epstein's *Florida* guilty" plea and "federal *or state* criminal investigations."  *Id.* at 9 (emphases added).  Nor would there have been any logical reason for the magistrate judge to have awarded to Jane Doe production of only half of the materials she sought (i.e., awarded her only production of federal materials, but not state materials on the same subject).

Following the magistrate judge's ruling, Epstein filed a motion to reconsider.  If Epstein believed that the order only obligated him to produce federal discovery materials/correspondence and that he had no such materials – it would have been a simple matter for him to have simply said that and not appeal the ruling on Requests Nos. 7 and 9 (and to a large extent 10).  To the contrary, however, Epstein spent nine pages asking the magistrate judge to reverse its rulings on these three requests for production.  (Case No. 9:08-cv- 80119-KAM, doc. #477, at 3-11).  Epstein also stated that he did not have discovery information or evidentiary information provided to him by the federal government.  *Id.* at 4.

In response, Jane Doe noted Epstein's glass-is-half-empty representations that he had no federal discovery materials and objected to his "semantic games."  Plaintiff Jane Doe's Response to Defendant's Motion for Reconsideration and/or Request for Rule 4 Review, Case No. 9:08-cv-80119-

CASE NO:  08-CV-80893-MARRA/JOHNSON

KAM, doc. #485, at 3.   She made clear that she expected Epstein to honor the Request for Productions

as they were written and produce both federal *and state* materials:

> Jane Doe does not take these representations to mean that Epstein possesses no
> information responsive to these requests.  If this were the case, Epstein could have
> avoided seven months of litigation by simply making this representation to the Court at
> the outset.  Rather, Epstein seems to be playing semantic games.  With regard to
> discovery request no. 7, Epstein represents only that he has no discovery information
> from the *federal* government – not contesting the obvious fact (as Jane Doe has been
> reliably informed) that he received significant discovery in connection with the *state*
> criminal charges to which he pled guilty.  With regard to discovery request no. 9,
> Epstein represents only that he has not been given *evidentiary* documents by the *federal*
> government – again not contest the obvious fact (as Jane Doe has been reliably
> informed) that he received documents from both the state and federal authorities
> working on his case.  If Epstein is going to continue to mince words in this fashion,
> Jane Doe asks that he clearly explain to the Court in any reply pleading that he may file
> what materials responsive to the requests for production he has so that the Court may
> make an informed ruling.

*Id.* (emphases in original).  Jane Doe also noted specifically that request no. 10 "covers correspondence

with 'state or federal law enforcement or prosecutors.'  For convenience, the request will be described

as being for correspondence with 'the Government.'"  *Id.*  at 5 n.2.

In his reply to Jane Doe's response, Epstein cited the single sentence in Jane Doe's October

pleading discussed above and made an argument that the magistrate judge had somehow impliedly

adopted it as narrowing the scope of the her requests.  Defendant's Reply to Plaintiff's Response to

Defendant's Motion for Reconsideration, Case No. 9:08-cv-80119-KAM, doc. #502, at 2-3.   Epstein

then went on to spend seven pages arguing on the merits that he should not be required to produce state

discovery materials.  He made two detailed arguments against producing state discovery materials.  He

first argued that the request for state materials was somehow "improper" because Jane Doe's counsel

had received some materials from state prosecutors.  *Id.* at 3-5.[2]  Epstein then argued that the state

materials were "work product" because his attorney had picked out certain materials from the state

---

[2] To be clear, Jane Doe's counsel believes that Epstein possesses significant state discovery materials that have
never been seen by Jane Doe.

CASE NO:  08-CV-80893-MARRA/JOHNSON

prosecutor.  In support of this argument, Epstein for the first time attached an affidavit from Jack Goldberger, his criminal defense attorney, about the process of obtaining the state discovery materials. *Id.* at 5-7.

As has been the case with many other claims presented by the Epstein in the course of this litigation, the magistrate judge was not impressed with these arguments against producing both federal *and state* discovery materials.  In the final order on the subject on April 1, 2010, the magistrate judge explained: "Epstein takes issue with that portion of the Order which compelled production of discovery from *state* and federal prosecutors in the criminal case against him, his recent tax returns, and his passport.  *The Court stands behind each of these decisions for the reasons stated in its Order and is not persuaded by any of Epstein's arguments to the contrary.*"  Omnibus Order, Case No. 9:08-cv-80119-KAM, doc. #513 at 2 (emphases added).  Notably, the magistrate judge was not persuaded by *"any"* of Epstein's arguments – including, of course, his argument that the single sentence in Jane Doe's earlier pleading has magically "narrowed" the plain meaning of her requests.  And notably, the magistrate judge himself – in the face of a challenge from Epstein that the court order only required Epstein to produce federal materials – specifically described the order as including  "production of discovery from *state* and federal prosecutors."

After various further delays engineered by Epstein as recounted above, pleadings were filed before this Court (Marra, J.), on the appeal of the magistrate judge's ruling.  Epstein's pleadings were essentially "cut and paste" pleadings from his pleading with the magistrate judge.  Most important for present purposes, the pleadings revealed no doubt that Epstein understood that Jane Doe was requesting – and that the the magistrate judge had ordered -- production of both federal and state materials.  *See, e.g.,* doc. #545 at 5 (discussing breadth of Jane Doe's request), at 15 (challenging obligation to produce materials from state and local police agencies); at 17 (arguing that materials in

CASE NO:  08-CV-80893-MARRA/JOHNSON

"Palm Beach state Attorney's File" were somehow work product material).  And on June 25, 2010, this Court affirmed all of the magistrate judge's discovery rulings.  (Case No. 9:08-cv-80119-KAM, doc. #572).

Jane Doe has reviewed these pleadings in detail because they point to only one conclusion: defendant Epstein is deliberately violating the clear order of Magistrate Judge Johnson that he produce "discovery from state and federal prosecutors in the criminal case against him"  Indeed, Epstein has specifically presented his extraordinary and crabbed interpretation of the order (i.e., that it only extends to the federal government materials) to the magistrate judge, and the magistrate judge told him the interpretation was rejected.  And this Court affirmed.  Epstein is therefore plainly in contempt of this Court's order.  He should be directed to immediately produce the discovery and other information he received from state prosecutions and correspondence with state prosecution *and* be subject to other sanctions as explained below.

## II.   EPSTEIN SHOULD BE HELD IN CONTEMPT FOR FAILING TO PRODUCE UNREDACTED CORRESPONDENCE WITH FEDERAL PROSECUTORS

Defendant Epstein, making use of yet another dilatory tactic, has also deliberately violated this Court's discovery order by failing to produce unredacted correspondence with federal prosecutors. Instead, he has produced redacted discovery that is essentially gibberish and, in any event, unusable by Jane Doe because it contains no statements from Epstein or his representatives and forces Jane Doe to read all communications about Epstein's crimes against minors out of context.

Epstein apparently takes the position that he is somehow entitled to redact the correspondence, even though none of the underlying magistrate judge orders regarding the correspondence even mention redaction and even though Epstein has never even raised redaction.  Perhaps Epstein was thinking about filing a motion for authorizing redaction – only to be scared off by this Court's 14-minute turnaround time yesterday in rejecting his frivolous motion to redact the tax returns he was

13

producing.  (Case No. 9:08-cv-80893-KAM, doc. #183).  In light of these circumstances, it appears that Epstein's legal counsel have calculated that it is better to force Jane Doe's attorney to file a motion objecting to redaction rather than to present this preposterous idea to the Court for summary rejection.

The redaction is in clear defiance of the orders in this case.   Jane Doe's Request for Production No. 10 plainly and broadly requested "[*a]ll correspondence between you and your attorneys and state or federal law enforcement or prosecutors* (includes, but not limited to, letters to and from the States Attorney's office or any agents thereof)."  (Case No. 9:08-cv-80119, doc. #210 at 10).  The magistrate judge rejected Epstein's arguments against production.  (doc. #462 at 10).   The magistrate judge "rejected out of hand" any claim that the correspondence was somehow protected by the attorney-client privilege or work-product doctrine, noting that the correspondence with state and federal prosecutors could hardly be regarded as somehow "confidential."  *Id.* at 9.  The magistrate judge therefore ordered Epstein to comply with Request for Production No. 10 "involving settlement discussions and plea negotiations." *Id.* at 10.

Once again, defendant Epstein filed for reconsideration, making it quite clear that the Request for Production covered not only what prosecutors were saying to his representatives, but also what his representatives were saying back.  Thus, Epstein asked the magistrate judge to reconsider not only because it was purportedly protected by the attorney-client privilege, but also for a new reason: settlement discussion confidentially.  Epstein argued that because "[t]he requested communications include the views of Epstein's counsel in the criminal case regarding why a federal prosecution was inappropriate . . . . It also includes Epstein's counsel's views on the limits and inapplicability of certain elements of 18 U.S.C. § 2255 . . . .This opinion work product should not be disclosed . . . ." Defendant's Motion for Reconsideration and/or Request for Rule 4 Review, Case No. 9:08-cv-80119-KAM, doc. #477 at 7-8. Epstein also put in a cryptic sentence stating: "Concomitantly, to the extent

that the request is now limited to communications form the Government to Epstein, see DE 54, pgs 3 and 8, the narrowed request implicate[s] the same concerns for the opinions, the work product, and the expectations of the privacy of the United States Attorney . . . ." *Id.* at 8.

Jane Doe responded by explaining "[t]here is nothing confidential about materials being exchanged between Epstein and government prosecutors – *regardless of whether the materials or correspondence were being sent from the prosecutors to Epstein or from Epstein to the prosecutors.*" Plaintiff Jane Doe's Response to Defendant's Motion for Reconsideration, doc. #485 at 13 (emphasis added).  Jane Doe also objected that Epstein was improperly raising arguments concerning settlement confidentiality for the first time on reconsideration.  *Id.* at 5-6.  Jane Doe went on to note the "cryptic sentence" in Epstein's pleading, and explained: "It's hard to understand what Epstein means by this sentence.   The cited docket entry – DE 54[3] – has nothing to do with the discovery request at hand. Perhaps this sentence is simply a mistaken remnant of a botched 'cut and paste' from another pleading in another case where docket entry 564 would relevant.  In any event, to be clear, Jane Doe has not 'narrowed' her request to only one-half of the relevant correspondence and thus the magistrate judge's order is not limited to one-half of the correspondence." *Id.* at 13 n.4.  Epstein did not press the point in his reply brief.  (doc. #502 at 1-3 (not raising this issue)).

The magistrate judge – once again – rejected all of Epstein's arguments, reaffirming that Epstein was obligated to comply with Request for Production No. 10.  The Court singled out Epstein's argument about settlement confidentiality as specifically flawed: "Epstein's final argument, raised now for the first time, concerns settlement discussion confidentiality.  Because Epstein never presented this argument to the undersigned it is inappropriate to raise it now for the first time. . . . Even were the

---

[3]  Docket entry 54 is this Court's Opinion and order granting and denying in part Motion to Dismiss and Motion for a More Definite Statement, entered on February 12, 2009 – before any of the discovery requests at issue here at even been propounded.

Court to consider the argument on its merits, for the reasons explained in Jane Doe's Response Memorandum (D.E. #485), pp. 4-9, the Court finds said argument without merit."  Omnibus Order, Case No. 9:08-cv-80119-KAM, doc. #513, at 2-3.

As noted above, after various further delays engineered by Epstein, pleadings were filed before this Court (Marra, J.), on the appeal of the magistrate judge's ruling.   Here again, Epstein's pleadings make it crystal clear that he knew he was obligated to produce not only what prosecutors said to him, but what he and his representatives said to them. He objected to producing correspondence involving "the opinion of each counsel, Epstein's and the United States Attorney's[,] [which] were exchanged with each other pursuant to the overall expectation that they were safeguarded from disclosure by the policies of confidentiality that protect communications during settlement and plea negotiations.  The requested communications *include the views of Epstein's counsel in the criminal cases regarding why federal prosecution was inappropriate* [and other subjects]."  (Case No. 9:08-cv-80119, doc. #545 at 11 (emphasis added)).   And on June 25, 2010, this Court rejected all of Epstein's arguments and affirmed all of the magistrate judge's discovery rulings.  (Case No. 9:08-cv-80119-KAM, doc. #572).

Once again, it is quite clear that Epstein stands in clear and deliberate defiance of this Court's discovery order obligating him to produce correspondence as directed in Request for Production No. 10.  Epstein should be directed to produce the discovery and other information he received from state prosecutions and correspondence with state prosecution forthwith and be subject to other sanctions as explained below.

## III.    THE COURT SHOULD SANCTION EPSTEIN BY DIRECTING PRODUCTION FORTHWITH, IMPOSING A FINE AND BY DEEMING ALL OF THE MATERIALS WITHHELD TO BE ADMISSIBLE AT TRIAL.

Jane Doe's counsel apologizes for forcing this Court to read this entire discovery saga.  But the bottom line remains that after eleven months of litigation, when Jane Doe was receiving her first

CASE NO:  08-CV-80893-MARRA/JOHNSON

discovery production from Epstein yesterday, he clearly and deliberately defied this Court's orders about the scope of that production.  Moreover, as the events recounted above make clear, the refusal to produce is willful.  They also seemed to be calculated to force Jane Doe's legal counsel to spend a significant amount of time writing a pleading to obtain production, just when she has been ordered (at Epstein's demand) to another settlement conference and while preparing for trial in this matter.[4] Indeed, it seems probable that Epstein is seeking to prevent Jane Doe from having these materials to review before the settlement conference – and perhaps to block her from having these materials when her trial starts in less than three weeks.

It is hard to view Epstein's maneuvers – and Epstein's recent attempts to restrict discovery that this Court has summarily rejected – as anything other than a signal that Epstein and his legal counsel believe that they need not follow the rules that apply to other litigants.  Perhaps the vast wealth of the defendant and the legal fees that he is paying his attorneys has engendered this attitude.  Regardless of the reason, this Court should not tolerate such clear intransigence and impose appropriate sanctions.

Epstein should be found to be in contempt of court.  To find contempt, "the Court must determine whether there is clear and convincing evidence that (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order."  *Brauchle v. Southern Sports Grill, Inc.*, 2008 WL 4753707, at *1 (S.D.Fla.,2008) (*citing McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). For the reasons described in detail above, the discovery orders at issue here were clearly valid, unambiguous about their breadth, and Epstein plainly had the ability to comply.  Indeed, given all the circumstances recounted here, it is clear that Epstein made a deliberate choice not to comply.  The Court accordingly

---

[4] Judge Palermo has ordered Jane Doe to prepare a confidential settlement statement and file it by 5 p.m. today as part of that conference.  Jane Doe's completion of that statement has been interrupted by the need to file this motion.

CASE NO:  08-CV-80893-MARRA/JOHNSON

should use the full panoply of powers that it possesses to punish this blatant contempt.  The Court also has additional powers under Rule 37 of the Federal Rules of Criminal Procedure to deter discovery abuses.

Jane Doe respectfully requests the Court impose the following sanctions:

First, Epstein should be required to produce forthwith all discovery information, documents, and other evidentiary materials covered by Requests No. 7, 9, and 10 – e.g.., all discovery and evidentiary information from both the federal and *state* prosecuting and investigating authorities and all correspondence – in unredacted form – both from *and to* federal and state prosecuting and investigating authorities.[5]  Jane Doe respectfully requests that the Court rule on this motion before her mandated settlement conference, so that she can have the benefit of those materials at that time.

Second, Epstein's counsel should be required to pay $5,000 to the Court and instructed not to play any further games as this case moves to trial.

Third, Epstein should be deemed to have waived any objection to the use by Jane Doe at trial of any of the materials subject to the discovery demands at issue here (Requests for Production Nol. 7, 9, and 10).  *See* Fed. R. Crim. P. 37(b)(2)(A)(i) (allowing the Court to award as a sanction for discovery violation "prohibiting the disobedient party from supporting or opposing designated claims or defenses").

## CONFERENCE WITH COUNSEL

Jane Doe's counsel understands Epstein to object to this motion.

---

[5] The full terms of the discovery requests speak for themselves.

CASE NO:  08-CV-80893-MARRA/JOHNSON

## <u>CONCLUSION</u>

The Court should find that Epstein has deliberately violated its discovery orders, hold him in contempt of court, direct that the requested discovery be produced forthwith, and impose appropriate sanctions as described above.

<u>DATED: July 1, 2010</u>

Respectfully Submitted,

<u>s/ Bradley J. Edwards</u>
Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
Florida Bar No.: 542075
E-mail: brad@pathtojustice.com

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone:    801-585-5202
Facsimile:    801-585-6833
E-Mail:       cassellp@law.utah.edu

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 1, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

<u>/s/ Bradley J. Edwards</u>
Bradley J. Edwards

CASE NO:  08-CV-80893-MARRA/JOHNSON

## SERVICE LIST

**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.com