UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CIV-80893-MARRA/JOHNSON

JANE DOE

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/

### DEFENDANT'S, JEFFREY EPSTEIN, RESPONSE TO JANE DOE'S MOTION FOR MODIFICATION OF MAGISTRATE JUDGE PALERMO'S SCHEDULING ORDER (DE) 187

Defendant, JEFFREY EPSTEIN, by and through his undersigned attorneys, responds to JANE DOE's Motion for Modification of Magistrate Palermo's Order Scheduling Settlement Conference [DE 187] and states:

1. If Plaintiff had followed the Local Rules, specifically Local Rule 7.1 and contacted the undersigned, this motion need not have been filed. It was filed for the sole improper purposes:

    a. To influence the court's impression of Defendant and his conduct; and

    b. To suggest Defendant is acting in bad faith in settlement negotiations.

2. Had Plaintiff's counsel contacted us, he would have learned that undersigned attorneys contacted Magistrate Palermo's office after receipt of this court's order directing the settlement conference to advise them of the existence of a No-Contact Order so as to ensure compliance by all parties. Defendant's counsel is more concerned about EPSTEIN being "set-up" by a Plaintiff than EPSTEIN failing to obey the order.

3. There has not been a single motion filed by this Plaintiff suggesting that EPSTEIN has violated any of this court's orders or that EPSTEIN (or his attorneys) has engaged in any harassing or inappropriate conduct directed to this Plaintiff. If we had a motion would have been filed.

4. Plaintiff and the Defendant, and their respective counsel, attended the joint mediation without incident in front of mediator Rodney Romano at Matrix on April 5, 2010. If there had been any inappropriate conduct by EPSTEIN or his attorneys regarding logistics, this court would have heard about it.

5. The Defendant has engaged in approximately ten (10) mediations with various Plaintiffs. All parties have been present at the same location and in some instances, the Plaintiffs have actually been in the same room with EPSTEIN. Not one of those mediations has resulted in any suggestion by any attorney that EPSTEIN's conduct or demeanor was inappropriate.

6. Surprisingly Plaintiff's counsel cites to a number of docket entries wherein it is suggested that EPSTEIN acted inappropriately. However, Plaintiff cites Motions completely unrelated to their current Motion and fails to cite any responses and/or any subsequent Orders entered relating to same. For example, Plaintiff cites DE 223 which in actuality is a Motion filed by Jane Does 2-7 regarding Third-Party Private Investigators. This motion was denied by Magistrate Johnson in its entirety at DE 299[1] Next Plaintiff cites DEs 292 and 297 which are both Motions related to Mr. Epstein's attendance at the depositions of Plaintiffs. Both of these Motions were resolved by way of Joint Agreed Orders wherein, the Defendant and the Plaintiffs (including Jane Doe) agreed to a procedure that was to be followed by all parties. Plaintiff then goes on to reference an instance wherein the Defendant and Jane Doe #4 inadvertently ran into each other at her deposition. Motions were subsequently filed by Jane Doe 4 and the Defendant

---

[1] DE 223 and DE 226 are identical Motions filed by Does 2-7 on July 29, 2010.

Doe v. Epstein, 08 CIV-80893
Page No. 3

and on November 19, 2009 (DE 417), Magistrate Johnson denied both parties' motions and referred to the incident as a "misunderstanding and misinterpretation of circumstances." The Plaintiff's approach in citing only the "favorable" motions, but failing to cite all relevant docket entries and orders thereon is similar to an attorney representing to a court that a specific case is good law but failing to advise the court that the decision on which the lawyer is relying has been reversed. Courts expect more from attorneys.

7. Equally inappropriate was any discussion regarding settlement discussions that have occurred. If EPSTEIN has been so incredibly unreasonable with regard to this Plaintiff, Defendant doubts whether he would have successfully resolved all other claims with various individuals represented by a number of very well qualified law firms.

8. This Defendant has no interest in being in the same room with the Plaintiff nor having any contact. That issue has been discussed with Judge Palermo's office.

9. Finally, the undersigned counsel, Robert Critton, will already be leaving his home in Martin County at approximately 6:30 a.m. so as to get to the mediation by 9:30 in Miami. Requiring the Defendant to be there an hour early and waiting for a half hour after the Plaintiff leaves is manipulative and unnecessary.

10. The undersigned counsel and Mr. Edwards previously used their cell phones to make certain that their respective clients did not run into each other at depositions, mediation or medical exams on at least five or more occasions. It was simple, it was efficient, it worked, and the undersigned can only assume that Mr. Edwards did not see this motion before it was filed because he was aware of and recognizes the simplicity of the use of cell phones so as to effectuate the result.

11. Plaintiff and her lawyers have ignored one other fact. The court has ordered an open trial and both Plaintiff and Defendant will be in the courtroom at some point at the same time or for a substantial period of time.

12. Defendant requests that the motion be denied but that the following relief be granted:

a. Plaintiff arrives at 9:15 – 9:20 a.m., Plaintiff's counsel to call Robert Critton to advise him they are at the courthouse and then Defendant and his attorney will proceed to chambers.

b. Let Judge Palermo decide who "leaves" first at the end of the conference.

Respectfully submitted,

By: /s/ Robert D. Critton, Jr.
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No. 224162

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified by CM/ECF on this 1st day of July, 2010

Respectfully submitted,

By: /s/ Robert D. Critton, Jr.
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No. 224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com
BURMAN, CRITTON, LUTTIER & COLEMAN
303 Banyan Boulevard, Suite 400

Doe v. Epstein, 08 CIV-80893
Page No. 5

West Palm Beach, FL 33401
561/842-2820 Phone
561/253-0163 Fax
*(Counsel for Defendant Jeffrey Epstein)*

**Service List**
**Jane Doe v. Jeffrey Epstein**
**Case No. 08-CV-80893-MARRA/JOHNSON**

Jack Alan Goldberger, Esq.
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
Fax: 561-835-8691
jagesq@bellsouth.net
*Counsel for Defendant Jeffrey Epstein*

Bradley J. Edwards, Esq.
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Phone: 954-524-2820
Fax: 954-524-2822
brad@pathtojustice.com
*Counsel for Plaintiff in Related Case No. 08-80893*

Paul G. Cassell, Esq.
*Pro Hac Vice*
332 South 1400 E, Room 101
Salt Lake City, UT 84112
801-585-5202
801-585-6833 Fax
cassellp@law.utah.edu
*Co-counsel for Plaintiff Jane Doe*