UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE,   CASE NO.  08-CV-80893-CIV-MARRA/JOHNSON

　　Plaintiff,

Vs.

JEFFREY EPSTEIN, et al.

　　Defendant.
_____/

Related Cases:
08-80119, 08-80232, 08-80380, 08-80381,
08-80994, 08-80811, 08-80893, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092

_____/

### PLAINTIFF JANE DOE'S NOTICE REGARDING EVIDENCE OF SIMILAR ACTS OF SEXUAL ASSAULT

Plaintiff, Jane Doe, through undersigned counsel, hereby files this notice pursuant to Fed. R. Evid. 415(b), that she intends to offer evidence under the rule of other acts of sexual abuse and child molestation by Epstein at her trial. In compliance with the Rule, this pleading briefly sets out "a summary of the substance of any testimony" that she plans to offer under the Rule. For the convenience of the Court, Jane Doe also provides brief background about the rule and about how the testimony of these other girls fits into the trial.

CASE NO: 08-CV-80893-MARRA/JOHNSON

## **BACKGROUND**

### **Federal Rule of Evidence 415**

Jane Doe provides this notice pursuant to Federal Rule of Evidence 415. Congress added Rule 415 into the federal rules in 1994. The rule makes evidence of other acts of sexual assault or child molestation automatically admissible in any cases (like Jane Doe's) involving allegations of sexual assault by a victim. Congress explained that

> "[t]he reform effected by these rules is critical to the protection of the public from rapists and child molesters, and is justified by the distinctive characteristics of the cases to which it applies. In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant -- a sexual or sado-sexual interest in children -- that simply does not exist in ordinary people. Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, there is a compelling public interest in admitting all significant evidence that will shed some light on the credibility of the charge and any denial by the defense."

140 CONG. REC. S12990-01,S12990 (Sept. 20, 1994) (statement of Sen. Dole). Congress also asked that the rule be liberally construed. As the Senate sponsor explained: "The courts should liberally construe the rules so that the defendant's propensities, as well as questions of probability in light of the defendant's past conduct, can be properly assessed." *Id. See generally* Karp, *Evidence of Propensity and Probability in Sex Offense Cases and Other Cases*, 70 CHI.-KENT. L. REV. 15 (1994) (statement by principal draftsman of Fed. R. Evid. 413-15 that has been incorporated as part of the legislative history of the rules, see 140 Cong Rec. H8991-92 (Aug. 21, 1994)).

CASE NO: 08-CV-80893-MARRA/JOHNSON

Federal Rule of Evidence 415 is directly applicable to Jane Doe's case. The Rule provided that "[i]n a civil case in which a claim for damages or other relief is predicated on a party's alleged commission of conduct constituting an offense of sexual assault or child molestation, evidence of that party's commission of another offense or offenses of sexual assault or child molestation is admissible and may be considered as provided in Rule 413 and Rule 414 of these rules." Fed. R. Evid. 415(a). Rule 413 defines an "offense of sexual assault" as any "crime under Federal law or the law of a State . . . that involved . . . any conduct proscribed by chapter 109A of title 18, United States Code" – i.e., federal sex offenses against children. Fed. R. Evid. 413(d). Jane Doe's First Amended Complaint alleges that Epstein committed many such state and federal offenses against her. *See* First Amended Complaint, case no. 9:08-cv-80893-KAM, doc. #38 at 5 (state offenses), 7-8 (federal offenses). She also alleges that Epstein committed many such offenses against other then-minor girls. *Id.* at 2. The testimony described below easily fits within the rule.

**Requirement of Advance Notice Under Fed. R. Evid. 415(b)**

Fed. R. Evid. 415(b) requires that a "party who intends to offer evidence under this Rule shall disclose the evidence to the party against whom it will be offered, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause." To ensure full compliance with this rule, Jane Doe is filing this detailed notice, more than 15 days in advance of trial.

3

CASE NO: 08-CV-80893-MARRA/JOHNSON

Jane Doe, however, has done far more than simply file this notice to give Epstein full notice of his intent to use such evidence. Indeed, as the Court is aware from earlier filings, Epstein has already received a witness list from Jane Doe with the names of other witnesses he is intending to call. Jane Doe has also given Epstein, both orally and in writing, ample notice that she intends to call the other girls that he abused at trial. In fact, from the onset of this litigation nearly two years ago, Epstein was provided with such notice. (Plaintiff, Jane Doe's Disclosure Pursuant to Fed.R.Civ.P. 26 attached hereto as Exhibit A). Epstein is already preparing his motion in limine to object to the introduction of this evidence, as he has sought (and received) permission to file a pleading in excess of twenty-pages on the subject. *See* Defendant Epstein's Motion in Exceed Page Limitation in Motion in Limine to Exclude Similar Fact Evidence, case no. 08-cv-80893-KAM, doc. #167.

Moreover, Epstein has obtained ample advanced notice of the substance of the testimony of the girls who will testify against him. These girls were the victims in the criminal investigation against him that was prosecuted by the State and Federal government. Epstein has received the Palm Beach Police Department Incident Report, many of their statements to local police and FBI, and a list of approximately 40 underage minor victims was provided to him by the United States Attorney's Office as an addendum to the Non-Prosecution Agreement. Through legal counsel, he has received voluminous correspondence, discovery and information from state criminal investigators who investigated his sexual offenses of young girls. Through legal counsel, he has also participated in depositions of a number of these girls, including

4

Jane Doe, Jane Doe's 2-8, CMA, EW, and LM.  While settlement discussions are confidential, the fact that Jeffrey Epstein settled the cases against him that were filed by other girls who were not deposed is not secret, and Epstein negotiated those cases on the specific facts of those individual cases.

In fact, he has apparently paid money to settle the sexual assault claims against him by more than 25 girls.  He knows the nature of their allegations.  In such circumstances, no additional notice is required.  *See Johnson v. Elk Lake School Dist.*, 2083 F.3d 138, 150 n.6 (3rd Cir. 2002) (finding no need for notice under Fed. R. Evid. 415 (b) where defense counsel had participated in deposition involving the allegation of abuse; "the primary purpose of Rule 415(b)'s disclosure provision [is] preventing a plaintiff from unfairly surprising a defendant at trial with evidence of an alleged past offense of sexual assault).

## The Need for Other Acts Testimony

Similar fact evidence under F.R.Evidence 415 is extremely relevant and necessary in this case.  Plaintiff Jane Doe will testify that she was at defendant Epstein's home on numerous occasions between 2003 and 2005, beginning at a time when she was 14 years old.  She was brought to his house by another underage minor victim of Epstein, consistent with Epstein's designed scheme to access underage minors for sex. She was taken up to Epstein's bedroom, and he told her to undress and massage him.  Then he rolled over and began masturbating as he also touched Jane Doe's naked breasts, buttocks and vagina.  At times Epstein inserted his fingers into her vagina and used a vibrator on Jane Doe's vagina.  He and his assistants contacted

5

Jane Doe by telephone (a means of interstate communication) on numerous occasions for her to go "work" at his house or give him a "massage".

While Epstein has not denied any of these charges directly (he has asserted a 5th amendment right against self-incrimination), he also has not admitted to the allegations and has in fact filed an answer to the complaint denying all of Jane Doe's allegations. Case no. 9:08-cv-80893, doc. #131 (answer to complaint).  Epstein has also raised several affirmative defenses, including "[Jane Doe] consented to and was a willing participant in the acts alleged," *id.* at 8; "Defendant reasonably believed or was told that Jane Doe had attained the age of 18 years old at the time of the alleged acts," *id.*; Jane Doe cannot show that a means of interstate communication or transportation was involved in her abuse, *id.*  In addition, Epstein, through counsel, has attacked the credibility of Jane Doe, as character assassination is his primary defense and he is attempting to call into the question the truthfulness of her testimony that she was sexually abused.  For example, in deposition, Epstein has shaken his head and laughed and given other non-verbal responses when confronted with questions related to his scheme of accessing underage girls for sex and questions about the ritual that he engaged in with each of his underage victims.  His attorneys have implied in deposition that Jane Doe was responsible, rather than Epstein, for this abuse, and that she was just a prostitute (although she has never received money for sex with anyone other than Epstein).  He has cast her as a "bad girl" that went voluntarily and could have easily refused any of Epstein's requests, if he indeed made any.  In the face of such attacks,

CASE NO: 08-CV-80893-MARRA/JOHNSON

Jane Doe needs to establish that Epstein is experienced at accessing and manipulating adolescent and teenage children into engaging in sex acts with him.

There are also ample other reasons for needing the testimony of other victims of Epstein's attacks. Notable among these is Jane Doe's punitive damages case, which will include proof that Epstein has committed repeated acts of sexual abuse of others similar to Jane Doe. Juries considering punitive damages issues are plainly entitled to consider "the existence and frequency of similar past conduct." *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 n.28 (1993). This is because Supreme Court holdings recognize "that a recidivist may be punished more severely than a first offender . . . [because] repeated misconduct is more reprehensible than an individual instance of malfeasance." *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 577 (1996) (supporting citations omitted). In addition, under Rule 404(b), Jane Doe is entitled to offer the evidence to prove such things as (inter alia) absence of mistake (i.e., absence of a reasonable belief that the girls were 18 years of age or older), common scheme or plan, "modus operandi," psychological coercion, uneven bargaining power, premeditation, knowledge of age, and many other bases.

### **NOTICE OF THE SUBSTANCE OF TESTIMONY TO BE OFFERED**

Jane Doe intends to offer two forms of testimony about other acts of sexual abuse by Epstein: direct and indirect. Direct testimony will come from then-minor girls who were sexually abused by Epstein and from Epstein himself. (Jane Doe intends to ask Epstein at trial whether the girls' testimony about his abuse was accurate; Epstein will then need to either fully confirm directly the accuracy of their testimony or, as he has

7

done during deposition, take the Fifth rather than answer.) This testimony will be direct testimony about Epstein's acts of sexual abuse. Indirect testimony will come from others, such as Alfredo Rodriguez, who will indirectly confirm the accuracy of the girls testimony through testimony.

While Jane Doe has discovered more than 40 girls that could easily provide similar fact evidence, we have reduced that list of witnesses to 15. Each of the 15 girls listed in this disclosure will testify that they were at Epstein's house while minors between 2002 and 2005 – the same time frame relevant to the abuse alleged in Jane Doe's complaint. They are all of similar age to Jane Doe. Each of the girls will testify to improper sexual contact against them by Epstein in circumstances eerily similar to Jane Doe's – a common "modus operandi." None of the girls had massage experience although each physical encounter with Epstein included a massage. These other girls understand what was meant when Epstein and his conspirators used their common terms, "work" and "massage". None of these girls were prostitutes before meeting Jeffrey Epstein. Each of the underage girls were paid cash by Epstein in exchange for sexual performance. Each was lead into the same home; each was lead into the same bedroom; each was lead to the same "massage room" within the bedroom. Epstein had similar conversations with each of them. Their physical appearance was similar and such that Epstein could not have reasonably believed that they were 18 years of age or older when he was sexually abusing them.

While this notice provides the substance of the testimony of 15 girls, at trial Jane Doe intends to offer the testimony of only a few girls --- approximately 7 to 10 girls. The

expected length of the testimony of each of these girls is 20 to 30 minutes of direct testimony. As such, the direct testimony can easily be covered in less than one full trial day.

C.W.[1] -- When she was 14 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein also demanded that she bring him other underage girls, and Epstein and his co-conspirators used the telephone to contact her to entice or induce her into going to his house for sex/prostitution.

C.L. – When she was approximately 15 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein also demanded that she bring him

---

[1] To preserve the privacy of these girls, they will be identified by initials. Epstein is well aware of the full names of these girls, which will be provided to him by Jane Doe's counsel.

other underage girls, and Epstein and his co-conspirators used the telephone to contact her to entice or induce her into going to his house for sex/prostitution.

A.H. – When she was approximately 16 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein also demanded that she bring him other underage girls, and Epstein and his co-conspirators used the telephone to contact her to entice or induce her into going to his house for sex/prostitution.

S.G. – When she was approximately 14 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein and his co-conspirators used the telephone to contact her to entice or induce her into going to his house for sex/prostitution.

CASE NO: 08-CV-80893-MARRA/JOHNSON

A.D. – When she was approximately 16 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein also demanded that she bring him other underage girls, and Epstein and his co-conspirators used the telephone to contact her to entice or induce her into going to his house for sex/prostitution.

V.A. - When she was approximately 13 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on one occasion. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence.

N.R. – When she was approximately 17 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on one occasion. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a

11

vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence.

J.S. – When she was approximately 16 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence.

V.Z. -- When she was approximately 16 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein also demanded that she bring him other underage girls, and Epstein and his co-conspirators used the telephone to contact her to entice or induce her into going to his house for sex/prostitution.

J.A. -- When she was approximately 16 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein also demanded that she bring him other underage girls, and Epstein and his co-conspirators used the telephone to contact her to entice or induce her into going to his house for sex/prostitution.

F.E. -- When she was approximately 16 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein and his co-conspirators used the telephone to contact her to entice or induce her into going to his house for sex/prostitution.

M.L. -- When she was approximately 16 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on one

occasion. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence.

M.D. -- When she was approximately 16 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence.

D.D.--When she was approximately 16 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein and his co-conspirators used the

CASE NO: 08-CV-80893-MARRA/JOHNSON

telephone to contact her to entice or induce her into going to his house for sex/prostitution.

D.N. -- When she was approximately 17 years old, she was brought to Epstein's home by another underage victim. While a minor, she was at Epstein's home on multiple occasions. Epstein engaged in one or more of the following acts with her while she was a minor at his house - topless or completely nude massage on Epstein; Epstein used a vibrator on her vagina; Epstein masturbated in her presence; Epstein ejaculated in her presence; Epstein touched her breast or buttock or vagina or the clothes covering her sexual organs; was made to perform sex acts on Epstein; made to perform sex acts on Nadia Marcinkova in Epstein's presence. Epstein also demanded that she bring him other underage girls, and Epstein and his co-conspirators used the telephone to contact her to entice or induce her into going to his house for sex/prostitution.

Defendant Jeffrey Epstein -- The final witness Jane Doe intends to call to provide direct evidence of sexual abuse is obviously defendant Jeffrey Epstein. Defendant Epstein knows about the acts of abuse that he inflicted on Jane Doe and the other girls. Jane Doe plans to ask him to admit the truth and accuracy of her testimony – as well as the truth and accuracy of the testimony of the other girls described above. Jane Doe, of course, plans to ask him questions on other subjects as well (such as the tape recorded interview he gave to *The Daily News*). Jane Doe will also have Epstein authenticate many of the exhibits that she is using (either directly or by taking the Fifth, whichever his choice). For example, Epstein will authenticate the *Daily News* tape recording, all of the

15

discovery provided in state and federal criminal investigations against him, and other materials.

### Indirect Testimony

In addition to the direct testimony described above, Jane Doe also intends to offer what might be called indirect or circumstantial evidence supporting the accuracy of her testimony and that of the other girls. It is not clear that Rule 415 applies to such indirect or circumstantial evidence. Out of an abundance of caution, however, Jane Doe hereby gives notice that she will be calling witnesses who will corroborate the testimony of the girls. The most important of these witnesses are:

Alfredo Rodriguez -- The Court is familiar with Mr. Alfredo Rodriguez, having sentenced him for activities associated with this case. His testimony is described at greater length in Jane Doe's Motion for a Writ *Ad Testificandum*, case no. 9:08-cv-80893, doc. #181. In brief, Mr. Rodriguez saw numerous underage girls coming into Epstein's mansion for purported "massages." Mr. Rodriguez was aware that "sex toys" and vibrators were found in Epstein's bed room after the purported massages. Rodriguez thought this was wrong, given the extreme youth of the girls he saw. In addition, Mr. Rodriguez will testify about "The Holy Grail" – a book he kept containing the names of apparently minor girls who were sexually abused by Epstein. Most (if not all) of the girls listed above are found in the black book.

Sarah Kellen -- Sarah Kellen was one of Epstein's household employees. Jane Doe intends to call her to confirm Epstein's plan for telephoning the girls before each act of abuse and requesting a purported "massage." Further details of her the substance of

the testimony Jane Doe hopes to elicit through her are found in Jane Doe's Civil RICO statement, case no. 9:08-cv-80893-KAM, doc. #38, exh. 1. (Kellen invoked the Fifth Amendment at her deposition.)

Nadia Marcinkova -- Nadia Marcinkova has been described by Epstein as "his sex slave." Marcinkova also participant in some of the sexual activity with Epstein and young girls, as noted above. Further details of her the substance of the testimony Jane Doe hopes to elicit through her are found in Jane Doe's Civil RICO statement, case no. 9:08-cv-80893-KAM, doc. #38, exh. 1. (Marcinkova invoked the Fifth Amendment at her deposition.)

*Detective Recarey and Former Chief Joseph Reiter of the Palm Beach Police Department* - These police officers helped conduct the criminal investigation into defendant Epstein's sexual abuse. They will provide testimony about their investigation, and the evidence that they obtained, which will corroborate Jane Doe's and the other girls testimonies. The substance of their testimony is also contained in their depositions in this case and related cases.

## No Need for Prior Hearing on the Girls Testimony

In his Motion to Continue Trial, case no. 08-cv-80893, doc. #185, defendant Epstein seems to suggest that the Court will need to hold some sort of burdensome pre-trial hearing before admitting the testimony of these girls. *Id.* at 5. No such hearing is required. *See, e.g., Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 152-53 (3rd Cir. 2002) (to admit evidence under Rule 415, a trial judge need only decide, as with any other piece of evidence, that " under Rule 104(b) . . . a reasonable jury could find by a

preponderance of the evidence that the past act was an 'offense of sexual assault' under Rule 413(d)'s definition and that it was committed by the defendant.'"). There is ample evidence from which to infer that a reasonable jury could find the statements of the girls to be accurate, including defendant Epstein's invocation of the Fifth Amendment rather than answer questions about them, as well as the identical "modus operandi" to which all of the girls will testify and the evidence that was taken from Epstein's home supporting same.

## CONCLUSION

Jane Doe has complied with the notification requirements of Rule 415 by providing the notice herein.

DATED: July 2, 2010

Respectfully Submitted,

s/ Bradley J. Edwards
Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
Florida Bar No.: 542075
E-mail: brad@pathtojustice.com

*and*

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Facsimile: 801-585-6833
E-Mail: cassellp@law.utah.edu

18

CASE NO:  08-CV-80893-MARRA/JOHNSON

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on July 2, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

                                                         s/ Bradley J. Edwards
                                                         Bradley J. Edwards

## SERVICE LIST

### Jane Doe v. Jeffrey Epstein
### United States District Court, Southern District of Florida

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@law.utah.com