UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CIV- 80893 – MARRA/JOHNSON

JANE DOE,

                         Plaintiff,

v.

JEFFREY EPSTEIN,

                        Defendant.

_____/

**DEFENDANT'S RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO HAVE EPSTEIN HELD IN CONTEMPT OF COURT FOR FAILING TO PRODUCE STATE DISCOVERY AND CORRESPONDENCE AND FOR PRODUCING ONLY REDACTED CORRESPONDENCE (DE 190), AND DEFENDANT'S MOTION FOR SANCTIONS, WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, Jeffrey Epstein (hereinafter "Epstein"), by and through his undersigned attorneys, hereby files his Response in Opposition To Plaintiff's Emergency Motion To Have Epstein Held In Contempt Of Court for Failing To Produce State Discovery And Correspondence And For Producing Only Redacted Correspondence With the U.S. Attorneys' Office and Motion for Sanctions (DE190)(the "Emergency Motion"), And Defendant's Motion For Sanctions, With Incorporated Memorandum Of Law.  In support, Epstein states:

I.       **The Requests For Production, Argument And Memorandum Of Law**

          a.      **Request Number 7, 9 and 10**

            (i)     **Plaintiff Limited the Scope of the Requests In Her Reply**

Doe v. Epstein 08-CV80119
Page No. 2

Plaintiff and her counsel are chameleon-like in DE 190 just as they were in Plaintiff's Response in Opposition to the Consolidated Rule 4 Appeal (DE 485)("Response to the Rule 4 Appeal") relative to the order at DE 462 and each and every related motion including, but not limited to, Plaintiff's telling Reply found at DE 354 in which Plaintiff and her counsel specifically limited what they sought under Request Numbers 7, 9 and 10.  Plaintiff is attempting to get the proverbial second bite of the apple since Plaintiff did not timey file her own Rule 4 Appeal relative to the Court's order at DE 462. See *infra*.  Moreover, Plaintiff and her counsel seem to be filing motions in an attempt to influence the Court's impression of Epstein, which is a waste of judicial resources and attorney time.

Specifically, it was Plaintiff in her Reply to the Response in Opposition to her Motion to Compel (the "Reply to the Motion to Compel")(DE 354, p.3) that further defined or limited for the Court exactly what Plaintiff expected to receive in response to Request Numbers 7, 9 and 10.  Plaintiff stated in no uncertain terms that "[t]hese requests simply seek information that the **federal government gave to Epstein in the course of its plea discussions with him**."  DE 354, p.3.  Plaintiff's limitation in her Reply was clear in that it did not seek information after a plea was entered or information or documents provided to local, state or federal law enforcement, information provided to state or federal prosecutors related to the state criminal investigation or correspondence between Epstein's lawyers and state or federal law enforcement or prosecutors.  See Requests 7, 9 and 10 at DE 354.

In fact, the Court accepted Plaintiff's limitation in its order at DE 462 – *"[t]he production requests at issue here fall into [the following] general categories:*

Doe v. Epstein 08-CV80119
Page No. 3

***requests for documents the federal government gave to Epstein in the course of
its plea discussions with him (Requests 7, 9 and 10). . . ."*** DE 462, p.7. ***"Plaintiff's
Motion to Compel as it relates to the first category of documents consisting of
documents the federal government gave to Epstein in the course of its plea
discussions with him (Requests 7, 9 and 10), is granted."*** DE 462, p.8.

Before this specious limitation was made by Plaintiff, Epstein argued in his
response in opposition (DE 339, p.7-8) that the above requests were the same type
requests the Court found subject to the Fifth Amendment (DE 464). With the limitation
made by Plaintiff and her counsel in the Reply, the Court ruled in DE 462 "[t]hat the
***earlier*** requests referenced by Epstein were significantly broader than the narrow
requests at issue here, including for example, a request for all documents 'relating to'
the federal non–prosecution agreement, and all documents 'relating to' either the
federal or state criminal investigations. These requests would have required Epstein to
pick and choose which documents were responsive and in this way force Epstein to use
to effectively make 'use of the content his mind,' an action that would undeniably
implicate the Fifth Amendment." (DE 462, p.9) Despite Plaintiff's clear limitation in her
Reply and the Court's Order adopting same (DE 462), Plaintiff now untimely seeks
exactly what this Court ordered was not discoverable. Had the Plaintiff not limited the
scope of the requests in her Reply (DE 354, p.3), the Court would have reached the
same conclusion as it did with the ***earlier*** requests.

Plaintiff is now flip-flopping her arguments in an effort to cure her failure to timely
file a Rule 4 Appeal as to DE 462. However, this argument should meet a short death
in that Plaintiff herself limited the scope of the requests in her Reply and failed to timely

Doe v. Epstein 08-CV80119
Page No. 4

file her own Rule 4 Appeal after the Court entered its order at DE 462, which adopted Plaintiff 's limited scope of the requests. <u>See</u> S.D. Fla., Rule 4(a)(1), Mag. J. 2009.   If the Court made a mistake in adopting the limited scope of the requests (which it did not), Plaintiff should have timely appealed.   Instead, Plaintiff now attempts, as she has done in the past, to backdoor a Rule 4 Appeal in her Emergency Motion DE 190.   As such, Plaintiff's requested relief in this regard should be denied, including her request for sanctions.

What Plaintiff seems to forget in her Emergency Motion is that as a result of the limitation made by Plaintiff in her Reply and as a result of this Court's Order (DE 462), Epstein responded:

1.   [a]s to Request Number 7, Epstein and his attorneys do not have any "discovery information" provided to them by the federal government; and

2.   [a]s to Request Number 9, Epstein has not been given any evidentiary materials or evidentiary documents by the federal government." (DE 477)

The above responses were made based upon Plaintiff's limitation in what she sought from Epstein and because this Court entered an Order based upon that limitation.   Had the limitation not been made, neither this Court nor Epstein would have been led down this primrose path.   Plaintiff's argument is unacceptable and is in bad faith, which merits an order of sanctions against Plaintiff for bringing such a motion.   In fact, if this Court accepts Plaintiff's "oops…it was a typo" argument, then anyone who lost a motion could make the same ridiculous argument in an untimely fashion.   Even so, Mr. Edwards was informed of the Court's adoption of the limitation in his Reply, and

Doe v. Epstein 08-CV80119
Page No. 5

he still failed to timely address same with the Court by any motion or Rule 4 Appeal. This is not the first time this limitation has been brought to the Court's attention.

Based upon the foregoing, Plaintiff, on June 30, 2010, served correspondence and other documents via several PDF emails to Plaintiff's counsel which the federal government sent to Epstein's lawyers.   The redacted portions of those documents consist of responses made by Epstein's lawyers to the federal government, which Plaintiff no longer sought pursuant to her limitation and which the Order (DE 464) did not require to be produced as Plaintiff only sought what the federal government provided to Epstein's lawyers. (DE 462)  Even so, Epstein went above and beyond and responded that his attorneys do not have any "discovery information" provided to them by the federal government and Epstein has not been given any evidentiary materials or evidentiary documents by the federal government.  See *supra*.

### (ii)   Mr. Edwards Already Has the Information He Seeks Pursuant to this Improper Motion Practice

What is more surprising is that several depositions have occurred wherein it appears Mr. Edwards already has the information he seeks responsive to these requests, which is likely the reason Mr. Edwards has not filed any affidavits supporting the specious arguments set forth in Plaintiff's Motions.  As such, there is no substance or factual representations made by Plaintiff to support her argument.  Plaintiff is wasting attorney time and judicial resources in her effort to obtain what she already has in her possession.   For example, at a deposition of Mr. Epstein on February 17, 2010, the following exchange occurred:

> **Mr. Edwards**:  The 87-page Palm Beach Police Department incident report where there are numerous underage females describing their interaction with Mr. Epstein at his house.  I'm

Doe v. Epstein 08-CV80119
Page No. 6

> specifically reading from page 41 related to A.H., who was one of the victims he pled guilty to.
>
> **Mr. Pike**:  Is that the same document that you're seeking production of, in this same exact case?
>
> **Mr. Edwards**:  I don't know what you're talking about.  This is something from the state attorneys' file.

It is clear from Mr. Edwards's response above (attached as **Exhibit "A")** that he has the information from the Palm Beach Police Department and the information from the State Attorneys' file.   This begs the question – if Plaintiff already has the information she seeks, why is Plaintiff wasting valuable attorney time and judicial resources to obtain what is already in hand?

At the deposition of AR on March 15, 2010, the following exchange occurred:

> **Mr. Edwards**: Well, at some point in time what's been marked as defense Exhibit "1", you received a grand jury investigation target letter, correct?
>
> ***
>
> **Mr. Edwards**:   There's another message from 9/11/05 saying "I got a car for," and then the name is blotted out. The State Attorneys' Office blotted the names of minors out sometimes in their file. . . .
>
> ***

Once again, Mr. Edwards's response above (attached as **Exhibit "B")** establishes that he has the information from both the Palm Beach Police Department and the State Attorneys' file.    In fact, as argued *infra*, Mr. Edwards has certain information from the Palm Beach Police Department, which resulted from various alleged "trash pulls" from a residence on Palm Beach (e.g., certain notepads).

Finally, at the deposition of Detective Recarey of the Palm Beach Police Department, on March 19, 2010, the following exchange occurred:

Doe v. Epstein 08-CV80119
Page No. 7

**Mr. Kuvin**: Okay. And what were the dates of the surveillance?

**Witness:**  [Referencing his Report] It appears she met with members of the B.S.F. unit, Burglary Strike Force. . . .

\*\*\*

**Mr. Kuvin**:  [Referencing the Report] If we go down to page 40 in your report, first let me back up. . . .

**Mr. Kuvin**:  Okay. So the chain of custody which we have marked as Exhibit 5 shows that all the evidence you had in this case was given to the FBI. . . .

\*\*\*

The undersigned was at Detective Recarey's deposition, copies of which are attached as **Exhibit "C".**  Mr. Kuvin and Mr. Edwards had copies of various reports and also had copies of various message pads claimed to be "pulled" from Epstein's trash by the Palm Beach Police Department.  It is clear from these deposition transcripts that opposing counsel has information from the Palm Beach Police Department and the State Attorneys' file.  See also, *infra* for additional argument.

Even as early as last week, Mr. Edwards sent an e-mail to the undersigned confirming what appears to be his receipt of information from the State Attorneys' Office and the Palm Beach Police Department, which he admits obtaining by way of public records request.  See **Exhibit "D"**.

## II.      Motion for Sanctions

A substantial amount of time went into the drafting of this Response With Incorporated Memorandum of Law after Mr. Edwards and his client new full well that they limited the scope of the discovery requests.  The Eleventh Circuit Court of Appeals has stated that "sanction for discovery abuses are intended to prevent unfair prejudice

Doe v. Epstein 08-CV80119
Page No. 8

to litigants and to insure the integrity of the discovery process." *Fluty v. Daimler Chrysler Corp.,* 427 F.3d 939, 944 (11th Cir.2005)(sanctions are within the broad discretion of the court). It is well-settled that Rule 37 confers broad discretion upon the district Court to fashion appropriate sanctions for the violation of discovery orders. *See e.g., United States v. Certain Real Property Located at Route 1, Bryant, Ala.,* 126 F.3d 1314, 1317 (11th Cir.1997) (citing *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir.1993)).

Wherefore, Epstein respectfully requests that this Court issue and order:

    a.    Denying Plaintiff's Emergency Motion To Have Epstein Held In Contempt Of Court for Failing To Produce State Discovery And Correspondence And For Producing Only Redacted Correspondence With the U.S. Attorneys' Office and Motion for Sanctions;

    b.    Awarding Epstein entitlement to Attorneys' Fees and Costs for having to draft and bring this opposition motion;

    c.    for such other and further relief as this Court deems just and proper.

By: _____
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No. 224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following service list in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF on this 5 day of July, 2010:

Doe v. Epstein 08-CV80119
Page No. 9

Brad Edwards, Esq.
Rothstein Rosenfeldt Adler
401 East Las Olas Boulevard
Suite 1650
Fort Lauderdale, FL 33301
Phone: 954-522-3456
Fax:  954-527-8663
bedwards@rra-law.com
*Counsel for Plaintiff*

Jack Alan Goldberger, Esq.
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
561-835-8691 Fax
jagesq@bellsouth.net
*Co-Counsel for Defendant Jeffrey Epstein*

Paul G. Cassell, Esq.
*Pro Hac Vice*
332 South 1400 E, Room 101
Salt Lake City, UT 84112
801-585-5202
801-585-6833 Fax
cassellp@law.utah.edu
*Co-counsel for Plaintiff*

Respectfully submitted,

By: _____
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No.  224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com
BURMAN, CRITTON, LUTTIER & COLEMAN
303 Banyan Boulevard, Suite 400
West Palm Beach, FL 33401
561-842-2820
Fax:  561-253-0164
 (*Co-counsel for Defendant Jeffrey Epstein*)