UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CIV- 80893 – MARRA/JOHNSON

JANE DOE,

          Plaintiff,

v.

JEFFREY EPSTEIN,

          Defendants.
_____/

### EPSTEIN'S RESPONSE IN OPPOSITION TO JANE DOE'S MOTION FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM FOR FEDERAL PRISONER AFREDO RODRIGUEZ (DE #175)

Defendant, JEFFREY EPSTEIN ("Epstein") submits his response in opposition to Plaintiff's, JANE DOE, Motion for a Writ of Habeas Corpus Ad Testificandum for Federal Prisoner Alfredo Rodriguez ("Motion") (DE #175), and states:

1. On June 29, 2010, Jane Doe filed her Motion seeking a writ of habeas corpus ad testificandum for Alfredo Rodriguez ("Rodriguez"), requesting the Court direct his production at trial.

2. In her Motion, Jane Doe maintains that Rodriguez should be produced to testify about the "black book" or "The Holy Grail," a book Jane Doe contends contains "dozens and dozens of names of apparently minor girls who were sexually abused by Epstein.[1]" See DE #175 at 3.

3. The Court should defer ruling on the Motion until it determines whether Rodriguez's testimony regarding the contents of the black book – names of other minor females

---

[1] However, Rodriguez stole the black book: "Rodriguez explained that he had taken [stolen] the bound book from this former employer's residence ... and that the book had been created by persons working for his former employer." See Criminal Complaint in Case No. 9:10-CR-80015-KAM (DE #3) at ¶11.

who allegedly went to Epstein's home to perform massages of a sexual nature – is admissible. In that regard, Epstein incorporates by reference the arguments and authority set forth in his Motion in Limine Pertaining to Evidence of Other Females and Similar Fact Evidence with Incorporated Supporting Memorandum of Law (DE #198).

4. The thrust of Epstein's Motion in Limine Pertaining to Evidence of Other Females and Similar Fact Evidence is that the elements necessary to prove Jane Doe's claim (not any other person) and any compensatory damages or punitive damages do not require that Jane Doe put on any witness, deposition, or documentary evidence, by opening or closing argument, by complaint allegations, or by other means, regarding other females who brought separate civil actions or asserted claims against Epstein, what allegedly occurred between Epstein and any other females and what, if any, were their claimed damages. Such evidence is not relevant to any of the claims or defenses in this action. Such evidence does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. In the alternative, if found relevant, such evidence is required to be excluded as any probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading of the jury, as well as undue delay and waste of time. See Rules 401, 402, and 403, Fed. R. Evid. (2010).

5. Significantly, Jane Doe's name is not contained in the black book. Thus, the book and Rodriguez's testimony regarding same is not relevant to any of Jane Doe's claims. Indeed, Rodriguez did not remember Jane Doe when asked about her in deposition:

    Q. And do you remember S.R. at all?

    A. She goes under another name?

    Q. I wouldn't think so.

> A. No, I don't remember her.

See 7/29/09 Deposition of Alfredo Rodriguez ("A. Rod. Dep") at 158.

6. Moreover, Rodriguez's description of the book is pure speculation. He has no personal knowledge regarding the age of the females in the book and, more importantly, never witnessed anything that transpired between Epstein and any of the females listed in the book:

> Q. And if I understood your testimony I believe from July 29th through today, you at no time asked any of these girls how old they were. True?
>
> A. No.
>
> Q. And as to whether the girls were under 18, or 18 or over 18, you really didn't know one way or the other at the time. Would that be a fair statement?
>
> A. Yes.

See A. Rod. Dep. at 349.

> Q. All right. You left the kitchen, you understood Sarah Kellen came down, and what happened thereafter you don't have any personal knowledge whatsoever?
>
> A. That's correct.

Id. at 380-81.

7. The **most** Rodriguez can potentially testify to is that one or more females identified in the book came to Epstein's house. He has no personal knowledge of anything else relative to the black book.

8. Jane Doe anticipates questioning Rodriguez at trial regarding: (1) the creation of the black book; (2) "the entries regarding the apparently minor girls who were being sexually abused;" and (3) why he created the book and "why he thought it was significant enough to

3

warrant a payment of $50,000.²" See DE #175 at 2. However, as explained above, Rodriguez has absolutely no personal knowledge regarding "minor girls" or "sexual[] abuse[]." See A. Rod. Dep. at 349, 380-81.

9. Jane Doe summarily concludes that "[e]vidence of these subjects is plainly admissible in Jane Doe's civil trial and will likely be an important part of her case." Yet Jane Doe fails to articulate **how** this evidence is relevant, that is, how it has a tendency to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. See Rule 401, Fed. R. Evid. (2010). Jane Doe merely cites Rules 415 (addressing admissibility of similar fact evidence in sexual assault cases) and 404 (addressing character evidence), Federal Rules of Evidence, and asserts that the evidence is "automatically relevant." See DE #175 at 4.

10. Similar fact evidence pursuant to Rule 415 must be relevant and, even if found to have the tendency to make a material fact more or less probable, the court must employ a Rule 403 analysis and determine if the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. See Rudy-Glanzer v. Glanzer, 232 F.3d 1258 (9th Cir. 2000). "Because of the inherent strength of the evidence that is covered by Fed.R.Evid. 415, when putting this type of evidence through the Fed.R.Evid. 403 microscope, a court should pay 'careful attention to both the significant probative value and the strong prejudicial qualities' of that evidence." Id., citing United States v. Guardia, 135 F.3d 1326, 1330 (10th Cir.1998).

11. Thus, the evidence regarding the other females identified in the black book is not automatically admissible, as suggested by Jane Doe.

---

² Why Rodriguez thought the book was significant enough to warrant payment of $50,000 is irrelevant. Moreover, permitting this line of questioning would open the door to a host of collateral, immaterial matters regarding the offering of the book for sale, the attorneys to which he offered to sell it, the conversations with those attorneys, what the attorneys did with that information and the criminal case against Rodriguez, among other things.

4

12. Assuming *arguendo* that the other females are somehow relevant, Rodriguez has no personal knowledge regarding the age of the females in the book and never witnessed anything that transpired between Epstein and any of the females.

13. Besides the obvious issue of relevance and Rodriguez's lack of personal knowledge, Rodriguez's testimony would add nothing. All he can potentially testify to is that the females in the book came to Epstein's house. If the females themselves are permitted to testify, what would Rodriguez testify to that the females could not? Thus, his testimony would be cumulative and unfairly prejudicial.

14. Until the Court rules on admissibility of similar fact evidence pursuant to Fed. R. Evid. 415, and then rules on the admissibility of the stolen book, Rodriguez likely would not have admissible testimony and therefore determination of the instant motion should stayed pending these evidentiary rulings.

15. **WHEREFORE:**

   a. Epstein requests the Court defer ruling on Jane Doe's Motion (DE #175) until it determines whether similar fact evidence is admissible and, if so, then determines whether the stolen black book is admissible. If the Court grants Epstein's Motion in Limine Pertaining to Evidence of Other Females and Similar Fact Evidence (DE #198), the instant Motion will obviously be moot.

   b. In the event the Court rules that similar fact evidence may be admissible, Epstein requests the Court deny the instant Motion as Mr. Rodriguez's testimony will merely be cumulative and since he has no personal knowledge regarding the age of the other females or what transpired between said females and Epstein. Any testimony in that regard would be pure speculation.

5

Respectfully submitted,

By: /s/ Robert D. Critton, Jr.
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No. 224162

### Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following service list in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF on this 6th day of July, 2010:

Brad Edwards, Esq.
Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, PL
425 N. Andrews Ave.
Suite #2
Fort Lauderdale, FL 33301
Phone: 954-524-2820
Fax: 954-524-2822
Brad@pathtojustice.com

Paul G. Cassell, Esq.
*Pro Hac Vice*
332 South 1400 E, Room 101
Salt Lake City, UT 84112
801-585-5202
801-585-6833 Fax
cassellp@law.utah.edu
*Co-counsel for Plaintiff*

Jack Alan Goldberger, Esq.
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
561-835-8691 Fax
jagesq@bellsouth.net
*Co-Counsel for Defendant Jeffrey Epstein*

By: /s/ Robert D. Critton, Jr.
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No. 224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com
BURMAN, CRITTON, LUTTIER & COLEMAN, LLP
303 Banyan Boulevard, Suite 400
West Palm Beach, FL 33401
561/842-2820 Phone
561/243-0164 Fax

6