UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

Case No. 08-CIV-80893-MARRA/JOHNSON

JANE DOE,

    Plaintiff,

v.

JEFFREY EPSTEIN,

    Defendant.

**DEFENDANT, JEFFREY EPSTEIN'S MOTION FOR PROTECTIVE ORDER AND OBJECTION TO DISCLOSURE OF CERTAIN DOCUMENTS WITH INTEGRATED MEMORANDUM OF LAW**

Defendant, Jeffrey Epstein ("Epstein"), by and through his undersigned counsel and pursuant to a Joint Stipulation Regarding Certain Documentation files this his Motion for Protective Order and Objection to Disclosure of Certain Correspondence and Discovery for the reasons set forth below:

**I. PRELIMINARY STATEMENT**

During the underlying litigation, Epstein vigorously sought protection from the Court that these and other documents produced would be used for purposes other than those contemplated by the Federal Rules of Civil Procedure for discovery; i.e., dissemination in the media. His rights to contest this type of use were preserved as part of the settlement of these proceedings, which provided for confidentiality of the settlement as well as provisions to bring these matters to a close. Now, the fears that led to Epstein's efforts to seek protection from the court have now come to pass. The intended use of these documents is now leading to more litigation that the settlement of these cases was designed to end. Epstein requests that the court grant protection so that this does not occur.

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's MPO, Objections and Integrated Memo of Law et al.

## II.    STATEMENT OF PROCEEDINGS

1. In July 2010, the Defendant, pursuant to certain discovery orders (D.E. 462 and 572) entered by this court produced correspondence and documentation between Epstein's attorneys/agents and federal prosecutors ("Correspondence").

2. Shortly thereafter, the parties entered into settlement agreements in the above-styled matter and in matters of *L.M. v. Epstein*, Case No. 502008 CA028051 XXXXMB AB in the Fifteenth Judicial Circuit in and for Palm Beach County and in *E.W. vs. Epstein*, Case No. 502008 CA028058 XXXXMB AB, filed in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

3. The parties entered into a Joint Stipulation, a copy of which is attached hereto as Exhibit "1" to govern the use of public disclosure of discovery of the Correspondence. The Court reserved jurisdiction to enforce the Stipulation.

4. On August 26, 2010, counsel for the Plaintiff served notice of its intent to use the Correspondence in two court proceedings, an internal Justice Department Complaint procedure, and other, essentially public matters. It is also anticipated that the documents will be released to the media. A copy of the Notice of Intent to Use is attached hereto as Exhibit "2".

5. The Joint Stipulation provides that if Epstein chooses to serve an objection, the Correspondence will remain confidential until the court has had an adequate opportunity to review the materials and enter a ruling.

-2-

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's MPO, Objections and Integrated Memo of Law et al.

6. On August 30, 2010, the undersigned's firm requested counsel for the Plaintiff to identify the documents they intend to use so that Epstein would be in a position to prepare an appropriate response, which was rejected. The undersigned's law firm understands that the correspondence in question is in excess of 100 documents. In general, the documents consist of communications between Mr. Epstein's defense counsel and the United States Attorney's Office regarding the investigation, negotiation and settlement of potential criminal charges against Mr. Epstein.

### III. DESCRIPTION OF INTENDED USE

Epstein respectfully submits that a brief description of the proceedings that counsel for the Plaintiff has stated that they intend to use the Correspondence will be helpful to the court:

A. *Epstein v. Edwards,* Case No. 502009 CA040800XXXXMB AG

The Plaintiff Epstein commenced an action on December 7, 2009 seeking damages against Defendants, Scott Rothstein, Bradley J. Edwards, and LM,[1] based on an alleged illegal Ponzi scheme by the Defendants, and the Plaintiff believes others as well, to market investments to outside investors in lawsuits brought against Epstein by a number of Plaintiffs, represented by the now defunct Law Firm of Rothstein, Rosenfeldt & Adler, P.A. ("RRA"). Some of the lawsuits were transferred to a newly formed firm of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, PL ("Farmer Jaffe"). Epstein has alleged and believes that the Defendants and perhaps other former employees of RRA conspired to use the Epstein/LM litigation before this court and perhaps other

---

[1] The claim against LM was dismissed pursuant to a settlement agreement.

-3-

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's MPO, Objections and Integrated Memo of Law et al.

litigation to lure investors in to making approximately $13 million dollars worth of investments into phoney settlements by using pending real cases.

Counsel for those investors, William Scherer, whose is also a member of the Creditor's Committee in the RRA bankruptcy, represented to the bankruptcy court that a number of his clients and their lawyer went into the RRA conference room and were allowed to go through the LM case file boxes, approximately 10 of them, and concluded that the Epstein case was a real case and ultimately invested money. A copy of the transcript of this hearing is attached hereto as Exhibit "3". Mr. Scherer's remarks appear on pages 17-22.[2]

On August 13, 2010, Bankruptcy Judge Raymond Ray ordered in response to a subpoena from Epstein the appointment of a special master to review in excess of 6,000 electronically stored documents of RRA that relate to Epstein and other litigation to prepare a privilege log in anticipation of production of relevant non-privileged documents. A copy of that Order is attached hereto as Exhibit "4".

B. *In Re: Jane Doe*, Case No. 08-80736-Marra/Johnson

In 2008, *Jane Doe* filed an action under the Crime Victims Rights Act ("CVRA"), 18 U.S. Code § 3771 on behalf of two alleged victims of the alleged sexual assault by Epstein. Since 2008 there has been little if any activity on that file. The articulated purpose of the use of these documents is in an effort to set aside the "Non Prosecution Agreement" which Epstein entered into

---

[2] It is difficult to believe that if what Mr. Scherer has stated is true, that Mr. Edwards was not aware that his case files were being shown to outside investors.

-4-

with the federal government. Neither victim has met the requirements of 18 U.S. Code § 3771(d)(5)(A-C), which requires the court to assert her rights before and during the proceeding and to petition the court of appeals for a writ of mandamus if such right is denied.(*See*: Docket Entries for *Doe v. U.S.*, 9:08-80736-KAM). It is hard to believe that a case that has been languishing in excess of two years will be revived to invalidate an agreement that the U.S. Attorneys Office entered into with Epstein after the agreement has been fully performed.

C. <u>Justice Department Ombudsman and other uses</u>

The Code of Federal Regulations has set out the procedures to promote compliance with crime victims' rights. 28 C.F.R. § 45.10. In order to take advantage of this complaint process, the Code of Federal Regulations requires that complaints must be submitted within ninety (90) days of the victim's knowledge of a violation, but not more than one (1) year after the actual violation. 28 C.F.R. § 45.10(c)(3).

It is obvious from the inaction of these proceedings and earlier filed pleading that this time frame has expired. Therefore the articulated intended use of the documents in this complaint proceeding is suspect on its face, thus leaving the only other articulated purposes which essentially is to allow the documents to go into the public domain.

IV. **MEMORANDUM OF LAW**

The policies behind FRE 408, and 410 provide this court for basis of sustaining Epstein's objections to the production of these documents. The intended use contravenes a critical public policy of encouraging resolution of criminal prosecutions without trial. Defendants are considerably

-5-

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

more likely to engage in full and frank discussions with the government if they do not fear that statements they or their counsel make to government prosecutors will be used against them to their detriment in other proceedings. More specifically, Rule 408 prohibits the use of any evidence offered to prove liability for, invalidity of, or the amount of any claim that was disputed. Rule 410 makes inadmissible pleas, plea discussions and related statements. The exceptions under each of these rules do not apply.

Evidence of statements made during plea negotiations are also not admissible under Florida Rules of Criminal Procedure 3.172(i). They are not admissible in any civil or criminal proceeding against the person who made the plea or offer or who conducted the negotiations. Similar provisions in Florida Evidence Code exist. Statements made as part of settlement negotiations are inadmissible. The exception under each of these rules also do not apply. *See:* §§ 90.408 and 90.410, Fla. Stat (1976).

The Florida Rule, like its Federal Rule Counterpart, was adopted to promote plea bargaining by allowing a defendant to negotiate without waiving Fifth Amendment protection. The most significant factor in the rules of adoption was the need for free and open discussion between the prosecution and defense during attempts to reach a compromise *United States v. Davis*, 617 F. 2d 677, 683 (DC Cir. 1979), cited in *Nunes v State of Florida*, 988 So. 2d 636 (Fla. 2d DCA 2008).

It would obviously present a chilling effect on any settlement discussions if such discussions could later be used as admissions of liability at trial or in any other proceeding. *Bank Card America, Inc. v. Universal Bank Card Systems, Inc.*, 203 F. 3d 477, 483 (7th Cir. 2000). One court in the

-6-

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's MPO, Objections and Integrated Memo of Law et al.

federal court system has held that communications falling within the parameters of Rule 408 are covered by settlement privilege which insulates them not just from admission into evidence but from discovery as well. *Goodyear Tire & Rubber Company v. Chiles Power Supply, Inc.*, 332 F. 3d 976, 979-983 (6th Cir. 2003). The court specifically stated:

> There exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations...the ability to negotiate and settle a case without trial fosters a more efficient, more cost effective, and significantly less burden to the judicial system...parties must be able to abandon their adversarial tendencies to some degree. They must be able to make hypothetical concessions, offer creative *quid pro quos,* and generally make statements that would otherwise belie their litigation efforts. *Goodyear Tire, Id.* at 980.

The same is no less true in the plea negotiation context particularly where a central component of the discussions and negotiations between counsel for Epstein and counsel for the United States Attorney was to reach an agreement on conditions relating to compensation for his alleged victims.

The court ordered discovery of this Correspondence so the Plaintiff could determine if it contained any admissible information that would advance a stand-alone federal civil action. Instead, Epstein submits that the real use of this Correspondence will be to further counsel for the Plaintiffs legislative, political and philosophical mission to expand victim rights. This kind of extrinsic use of such discovery chills and compromises the presumptive confidentiality of written and often frank discussions between counsel. Epstein intended his communications with United States Attorney's Office to be private and protected by FRE 410. The communications from the U.S.

-7-

Jane Doe v. Jeffrey Epstein<br>
Case No. 08-CIV-80893-MARRA/JOHNSON<br>
Epstein's MPO, Objections and Integrated Memo of Law et al.

Attorney to Epstein's counsel reflect these discussions and were also intended to be private. Now, after the fact to allow it to be disseminated to victim's rights advocates to change legislation totally defeats the public policy consideration of encouraging the resolution of criminal prosecutions without trial.

## V.  RELIEF REQUESTED

Epstein requests that this Court grant the Motion for Protective Order by preventing disclosure and order Plaintiffs' counsel to return, without keeping copies, the Correspondence to counsel for Epstein.

Alternatively, there are in excess of 100 documents of Correspondence; and as noted, counsel for Plaintiff has refused to agree to designate which they intend to use. Therefore, in the event this court is inclined to order the release of said correspondence, then Epstein requests an in-camera inspection of which documents Plaintiff intends to use to determine what, if any, documents are related to the foregoing pleas and what documents are not. Along the same lines, Epstein requests an in-camera inspection in an effort redact any information that may violate third party privacy rights or information that would implicate Epstein's Fifth Amendment rights and to further brief these issues.

## VI.  LOCAL RULE 7.1 STATEMENT

Pursuant to the above Rule, the undersigned counsel and Plaintiff's counsel have conferred and are unable to resolve this matter.

Jane Doe v. Jeffrey Epstein<br>
Case No. 08-CIV-80893-MARRA/JOHNSON<br>
Epstein's MPO, Objections and Integrated Memo of Law et al.

## VII. CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following service list in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF on this 2nd day of September, 2010.

| | |
|---|---|
| Brad Edwards, Esq.<br>Farmer, Jaffe, Weissing, Edwards, Fistos<br>& Lehrman, PL<br>423 N. Andrews Avenue<br>Suite 2<br>Fort Lauderdale, FL 33301<br>954-524-2820<br>954-524-2822 Fax<br>Brad@pathtojustice.com | Jack Alan Goldberger, Esq.<br>Atterbury Goldberger & Weiss, P.A.<br>250 Australian Avenue, South<br>Suite 1400<br>West Palm Beach, FL 33401-5012<br>561-659-8300<br>561-835-8691 Fax<br>Jagesq@bellsouth.net<br>*Co-counsel for Jeffrey Epstein* |

-9-

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's MPO, Objections and Integrated Memo of Law et al.

Paul G. Cassell, Esq.
*Pro Hac Vice*
33
2 South 1400 E, Room 101
Salt Lake City, UT 84112
801-585-5202
801-585-6833 Fax
Cassellp@law.utah.edu
*Co-Counsel for Plaintiff*

*Respectfully submitted,*

/s/ Joseph L. Ackerman, Jr.
Joseph L. Ackerman, Jr.
Fla. Bar No. 235954
Lilly Ann Sanchez
Fla. Bar No. 195677

FOWLER WHITE BURNETT P.A.
901 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401
Telephone: (561) 802-9044
Facsimile: (561) 802-9976

*Co-Counsel for Defendant Jeffrey Epstein*

[nat] W:\80743\MTNPRO07-Motion for Protection Order   USDC Doe v Epstein.JLA{9/2/10-15:59}

-10-

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044