UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CIV- 80893 – MARRA/JOHNSON

JANE DOE,

           Plaintiff,

v.

JEFFREY EPSTEIN,

           Defendants.
_____/

### Joint Stipulation

Plaintiff, JANE DOE and Defendant, JEFFREY EPSTEIN ("Epstein"), hereby file their Joint Stipulation Regarding Certain Correspondence Obtained By Jane Doe's attorneys during discovery, and each state:

1. In July 2010, the law firm of Farmer, Jaffe, Weissing, Edwards, Fistos and Lehrman, PL. (the "Law Firm"), Paul G. Cassell, Esq. and Jay Howell, Esq. ("Counsel") received through discovery certain correspondence and documents (including content thereof) between Epstein's attorneys/agents and federal prosecutors (the "Correspondence").

2. Counsel for Jane Doe and Counsel for Epstein disagree whether the Correspondence is confidential.

3. Without in any way altering the obligations set forth in the Addenda to Settlement Agreements entered into in the above-styled matter and in the matters of L.M. vs. Epstein, CASE NO. 502008 CA028051 XXXXMB AB and E.W. vs. Epstein, CASE NO. 502008 CA028058 XXXXMB AB, Counsel may wish to use the Correspondence in pending cases of Epstein v. Rothstein, CASE NO. 502009CA040800XXXXMB AG and In Re: Jane Does 1 and 2, CASE

1


EXHIBIT 1

NO. 08-80736-CIV-MARRA/JOHNSON. If Counsel (or Mr. Edwards as a Defendant in the Epstein v. Rothstein case) desires to file, use or disclose the Correspondence or contents thereof to anyone, Counsel agrees that prior to using any of the Correspondence in these proceedings or prior to providing or making the Correspondence available to anyone else, that they will provide seven (7) days notice to Epstein's counsel (Robert D. Critton, Jr. at rcrit@bclclaw.com and Michael J. Pike at mpike@bclclaw.com) of their intent to use or provide the Correspondence or in the alternative, file the Correspondence under seal. If Epstein chooses to serve an objection based on a claim that the Correspondence should remain confidential, his objection must be served within seven (7) days from the date of the notice. If Epstein does serve an objection,

[redacted]

Rules of Criminal Procedure 3.172(i). They are not admissible in any civil or criminal proceeding against the person who made the plea or offer or who conducted the negotiations. Similar provisions in Florida Evidence Code exist. Statements made as part of settlement negotiations are inadmissible. The exception under each of these rules also do not apply. *See:* §§ 90.408 and 90.410, Fla. Stat (1976).

The Florida Rule, like its Federal Rule Counterpart, was adopted to promote plea bargaining

## Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following service list in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF on this __19th__ day of July, 2010:

Brad Edwards, Esq.
Farmer, Jaffe, Weissing, Edwards, Fistos
& Lehrman, PL
425 N. Andrews Ave.
Suite #2
Fort Lauderdale, FL 33301
Phone: 954-524-2820
Fax: 954-524-2822
Brad@pathtojustice.com

Paul G. Cassell, Esq.
*Pro Hac Vice*
332 South 1400 E, Room 101
Salt Lake City, UT 84112
801-585-5202
801-585-6833 Fax
cassellp@law.utah.edu
*Co-counsel for Plaintiff*

Jack Alan Goldberger, Esq.
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
561-835-8691 Fax
jagesq@bellsouth.net
*Co-Counsel for Defendant Jeffrey Epstein*

By: /s/ Robert D. Critton, Jr.
ROBERT D. CRITTON, JR., ESQ.
Florida Bar No. 224162
rcrit@bclclaw.com
MICHAEL J. PIKE, ESQ.
Florida Bar #617296
mpike@bclclaw.com
BURMAN-CRITTON LUTTIER & COLEMAN LLP

by allowing a defendant to negotiate without waiving Fifth Amendment protection. The most significant factor in the rules of adoption was the need for free and open discussion between the prosecution and defense during attempts to reach a compromise *United States v. Davis*, 617 F. 2d 677, 683 (DC Cir. 1979), cited in *Nunes v State of Florida*, 988 So. 2d 636 (Fla. 2d DCA 2008).

It would obviously present a chilling effect on any settlement discussions if such discussions

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-CIV- 80893 – MARRA/JOHNSON

JANE DOE,

           Plaintiff,

v.

JEFFREY EPSTEIN,

           Defendants.
_____/

### Order Adopting and Entering Joint Stipulation

This matter came before the Court on Plaintiff, Jane Doe, and Defendant, Jeffrey Epstein's Joint Stipulation, and counsel being in agreement with the entry of the Stipulation, it is HEREBY ORDERED and ADJUDGED that:

1. The Joint Stipulation is hereby Adopted and Entered.

2. Without in any way altering the obligations set forth in the Addenda to Settlement Agreements entered into in the above-styled matter and in the matters of L.M. vs. Epstein, CASE NO. 502008 CA028051 XXXXMB AB and E.W. vs. Epstein, CASE NO. 502008 CA028058 XXXXMB AB, Counsel may wish to use the Correspondence in pending cases of Epstein v. Rothstein, CASE NO. 502009CA040800XXXXMB AG and In Re: Jane Does 1 and 2, CASE NO. 08-80736-CIV-MARRA/JOHNSON. If Counsel (or Mr. Edwards as a Defendant in the Epstein v. Rothstein case) desires to file, use or disclose the Correspondence or contents thereof to anyone, Counsel agrees that prior to using any of the Correspondence in these proceedings or prior to providing or making the Correspondence available to anyone else, that they will provide seven (7) days notice to

Epstein's counsel (Robert D. Critton, Jr. at rcrit@bclclaw.com and Michael J. Pike at mpike@bclclaw.com) of their intent to use or provide the Correspondence or in the alternative, file the Correspondence under seal.

3. If Epstein chooses to serve an objection based on a claim that the Correspondence should remain confidential, his objection must be served within seven (7) days from the date of the notice. If Epstein does serve an objection, Counsel (or Mr.



Inc. v. Universal Bank Card Systems, Inc., 203 F. 3d 477, 483 (7th Cir. 2000). One court in the