**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE, **CASE NO. 08-CV-80893-CIV-MARRA/JOHNSON**

Plaintiff,

vs.

JEFFREY EPSTEIN, et al.

Defendant.
_________________________________/

**REAL PARTY IN INTEREST BRADLEY J. EDWARDS, ESQ.'S RESPONSE TO JEFFREY EPSTEIN'S MOTION FOR PROTECTIVE ORDER AND OBJECTION TO DISCLOSURE OF CERTAIN DOCUMENTS**

Even though this particular case has been dismissed, defendant Jeffrey Epstein has filed a motion in it seeking to block the use of certain incriminating correspondence in a separate *state* proceeding that he himself initiated against Jane Doe's attorney, Bradley J. Edwards. Epstein's motion should be denied because there is no basis for a federal court to enter a new order blocking disclosure of correspondence in that state case. If Epstein believes he has a valid basis for preventing disclosure, he should raise the point there in the lawsuit that he chose to file. And, in any event, he has no valid basis for prevent disclosure, because this Court has already rejected all of his arguments. Finally, to the extent Epstein is attempting to bar use of the correspondence in a Crime Victims Rights Act case against the U.S. Attorney's Office, he is not a party to that proceeding. Therefore, his motion should be denied for this reason as well.

## BACKGROUND

### A. *Epstein's Lawsuit Against Edwards.*

On December 7, 2009, in an apparent (but unsuccessful) effort to intimidate Jane Doe's attorney Bradley J. Edwards, defendant Jeffrey Epstein filed a lawsuit in the 15th Judicial Circuit, Palm Beach County, Florida against Edwards alleging that he had fabricated certain sexual assault cases against Epstein. *Epstein v. Edwards*, Case No. 502009 CA040800XXXXMB AG. One of the allegedly fabricated cases was the above-captioned *Jane Doe v. Epstein* lawsuit.

Through his legal counsel (Jack Scarola, Esq.), Edwards is now in the process of preparing a comprehensive Motion for Summary Judgment on all of Epstein's claims against him. As part of that motion, he will need to demonstrate that sexual assault cases against Epstein had a legitimate basis. One way to establish this point is by proving that Epstein was prepared to plead guilty to various federal felony offenses connected with his sexual abuse of young girls. Edwards's attorney in the case has received copies of correspondence between Epstein's criminal defense attorneys and the U.S. Attorney's Office for the Southern District of Florida demonstrating that Epstein was prepared to plead guilty to such offenses. The correspondence is all in the same vein and consists of the Government repeatedly discussing the severity of the offenses Epstein committed against more than 30 underage minor females and the various prison sentences that may result. It certainly serves to prove the point that the cases against Epstein were not at all fabricated and that he has known the legitimacy of those

claims for years. The correspondence is thus highly relevant information for Edwards's Motion for Summary Judgment and he intends to include the materials.

Not surprisingly, Epstein resisted the production of this correspondence during the Jane Doe case. However, this Court rejected all of his objections to release of the correspondence, including, in particular, the argument that some sort of "policy" underlying settlement discussions should have blocked their release. *See* Doc. 462, Case 9:08-CV-80119-KAM (Feb. 4, 2010). In fact, Epstein ultimately violated this Court's Order when he eventually produced the correspondence in that he only produced the portions of the correspondence from the Government to Epstein and redacted the portions of the correspondence that were from his attorneys to the Government. The case in which the correspondence was produced settled before we were able to bring the blatant disregard of this Court's discovery order to the attention of the Court.

**B. *The Crime Victims Rights Act Case.***

Two victims of Epstein's sexual assault (Jane Doe #1 and Jane Doe #2) have also filed a suit under the Crime Victims Rights Act (CVRA), 18 U.S.C. § 3771, in which they allege that the U.S. Attorney's Office for the Southern District of Florida violated their rights to notice of a plea agreement with Epstein and other violations. *In re: Jane Doe*, Case No. 08-80736-KAM (S.D. Fla. 2008). Because this action relates to violations committed by the U.S. Attorney's Office, Epstein is not a party in the case. Epstein has not moved to intervene in the case, although he is obviously aware of the case.

The correspondence is highly relevant to this crime victims' action against the U.S. Attorney's Office, because it demonstrates that the U.S. Attorney's Office had negotiated a plea agreement with Epstein at the very time that it was concealing the existence of this agreement from Epstein's victims in the case. The correspondence is further relevant to this action because it demonstrates that the U.S. Attorney's Office was attempting to keep Epstein's victims from learning about the case. Jane Doe #1 and Jane Doe #2 are currently preparing a pleading that will use this newly-discovered correspondence to prove their case.

## ARGUMENT

### I. UNDER BASIC PRINCIPLES OF FEDERALISM, THIS COURT SHOULD NOT ENJOIN USE OF DOCUMENTS IN A SEPARATE STATE CASE.

With regard to the use of the correspondence in the *Epstein v. Edwards* lawsuit, Epstein is remarkably asking this Federal Court to step into a dispute over the admissibility of evidence in that state proceeding. Epstein asserts that certain Florida Rules of Evidence will prevent use of the correspondence in the Florida state case. *See* Epstein's Mot. for a Protective Order at 6 (*citing* Florida Rule of Crim. Pro. 3.172(i); Florida Evid. Code §§ 90.408 and 90.410). Of course, the judge presiding over the state case is perfectly capable of sorting out those objections in the state matter. There is no reason for a Federal Court to intrude into that decision-making process.[1]

[1] If this Court would like a brief on the admissibility of the evidence in the Florida proceeding, Edwards respectfully requests leave to present such a brief. But before filing such a brief, Epstein should be at least required to raise a proper objection in the Florida case – something he has not yet done, presumably because the summary judgment has yet to be filed and because Epstein continues to take the Fifth rather than to make any substantive statements in that case.

In a federalist system of parallel state and federal courts, federal courts should not intrude on matters properly assigned to state court judge. *See Montana v.* Egelhoff, 518 U.S. 37, 43 (1996). The state court judge will, of course, have the actual summary judgment motion in front of him that Edwards will file, providing context for any ruling. Epstein has not given any reason why he has failed to present this issue to the Florida judiciary rather than to this Court. This Court should therefore deny the motion and leave the matter in the hands of the state judge who is handling the case.

## II. EPSTEIN'S MOTION SHOULD BE DENIED BECAUSE HE SEEKS TO RELITIGATE ISSUES THIS COURT HAS ALREADY RULED UPON.

The main issue that Epstein seeks to present to this Court is some sort of argument that "the policies behind FRE 408 and 410 provide this court for basis of sustaining Epstein's objections to the production of these documents." Epstein's Mot. for a Protective Order at 5 (opening sentence of the argument section). If this argument has a familiar ring to it, it is because this Court has already considered – and rejected – this very claim. *See* Doc. 462, Case 9:08-CV-80119-KAM (Feb. 4, 2010) ("Epstein argues the information sought is protected from disclosure by Rules 408 and 410 of the Federal Rules of Evidence governing the admission into evidence of documents involving settlement discussions and plea negotiations . . . . [The information is nonetheless subject to disclosure at the instance discovery stage."). Epstein offers no basis for relitigating an issue he has already lost. Therefore his motion should be denied on this ground as well.

**III. EPSTEIN IS NOT A PARTY TO THE CVRA ACTION AND THEREFORE CANNOT MOVE TO BAR USE DOCUMENTS IN THAT CASE WITHOUT MOVING TO INTERVENE IN THAT CASE.**

Epstein also asks the Court to bar use of the correspondence in the Crime Victims Rights Act case that has been filed in this Court. Epstein is not a party to that suit, which involves Jane Does #1 and #2's allegations that the U.S. Attorney's Office for the Southern District of Florida violated their rights.[2] Accordingly, without intervening in the case, he cannot raise any objections to use of the correspondence in that case.

**CONCLUSION**

For all these reasons, the Court should deny Epstein's motion for a protective order.

DATED: September 13, 2010

Respectfully Submitted,

/s/ Bradley J. Edwards
Bradley J. Edwards
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone (954) 524-2820
Facsimile (954) 524-2822
Florida Bar No.: 542075
E-mail: brad@pathtojustice.com

*and*

[2] On September 8, 2010, the Court "sua sponte" entered an administrative order closing this case. The basis for the closure was "the underlying settlements between the victims and Mr. Epstein." Doc. 38, Case No. 9:08-CV-80736, Order Closing Case at 1. Jane Doe #1 and #2 are in the process of preparing a pleading advising the Court of this fact and asking for the case to remain open.

Paul G. Cassell
Pro Hac Vice
332 S. 1400 E.
Salt Lake City, UT 84112
Telephone: 801-585-5202
Facsimile: 801-585-6833
E-Mail: cassellp@law.utah.edu

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 13, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

/s/ Bradley J. Edwards
Bradley J. Edwards

## SERVICE LIST

**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Christopher E. Knight, Esq.
Joseph L. Ackerman, Esq.
Lily Ann Sanchez, Esq.
FOWLER WHITE BURNETT P.A.
901 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com
Atterbury Goldberger et al.
250 Australian Avenue South
Suite 1400
West Palm Beach, FL 33401