UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

Case No. 08-CIV-80893-MARRA/JOHNSON

JANE DOE,

     Plaintiff,

v.

JEFFREY EPSTEIN,

     Defendant.

**DEFENDANT, JEFFREY EPSTEIN'S
RULE 4 REVIEW AND APPEAL OF
MAGISTRATE'S ORDER DATED
SEPTEMBER 14, 2010 [D.E. 218]
AND MEMORANDUM OF LAW**

Pursuant to Mag. J. Rule 4(a)(1) the Defendant, Jeffrey Epstein ("Epstein"), files his appeal

and objections to the Magistrate's Order [D.E. 218] denying his Motion for Protective Order [D.E.

214].

## I.   CONCISE STATEMENT OF ALLEGED ERROR IN MAGISTRATE'S RULING

The records for which Epstein seeks protection from disclosure were ordered to be produced

because they were found by this Court to be relevant or might lead to relevant evidence in an action

for damages by Jane Doe against Epstein. These records are communications between Epstein and

Federal Prosecutors related to settlement negotiations.

As part of the settlement of this case, the parties agreed to keep the records in question

confidential until notice of intended use was given, an opportunity for objection to such use by

Epstein could be made, and a ruling was entered by the court. By agreement, this would occur even

after this case was over and closed. [ D.E. 207, 209]

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's Rule 4 Review and Appeal of Mag. Order and Memo of Law.

In response to Epstein's motion, Edwards, and *not* the Plaintiff, Jane Doe, responds for himself and on behalf of others not party to these proceedings. Edwards response fails to establish his standing on his claim to be the real party in interest.

Edwards did not address or oppose that portion of Epstein's Motion for Protective Order relating to use of documents outside the context of a court proceeding. Therefore, that portion of the Motion for Protective Order should be granted.

It is not the intent of the Defendant to ask this court to interfere with the ability of another court to rule on whether the Correspondence in question can be used in that proceeding. Requests can be made by Edwards himself or on behalf of his clients in those proceedings. However, if the documents are released now, particularly if they are used as part of a non-judicial legislative agenda where the Defendant is not a party or cannot become a party, Epstein will have no remedy or protection.  [(D.E. 215, Exhibit 2, pages 3-4.]

## II.   STATEMENT OF ORDER FOR WHICH REVIEW IS SOUGHT

The Defendant requests the Court review the following portion of the Magistrate's Order as follows:

> ...said Motion for Protective Order [D.E. 214] is denied without prejudice as the matter is not properly before the court. Defendant has failed to cite any authority which would permit the court in this case, which has been dismissed and closed, to block the use of evidence in question in a separate state court proceeding. The court agrees with Edwards, who has filed a response in opposition to the motion [D.E. 217], that if the defendant believes he has a valid basis for preventing disclosure the subject documents the state court proceeding, he should file a motion to that effect in the appropriate court.

-2-

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's Rule 4 Review and Appeal of Mag. Order and Memo of Law.

## III.   ARGUMENT AND MEMORANDUM OF LAW

A.   <u>The Court has authority to rule on this matter by virtue of the Agreement of the parties that was part of the Settlement of this case.</u>

The parties, as part of the Settlement Agreement, entered into a Joint Stipulation which this Court approved.  The Order by this Court allows the parties, Doe and Epstein, to seek a ruling on use of certain documents produced in discovery before use in other forums.  Where a District Court approves and expressly retained jurisdiction over the parties' Settlement Agreement, the Court does have authority to enforce the Agreement's terms.  *American Disability Assn, Inc. v. Chmielarz,* 289 F.3d 1315, 1321 (11th Cir. 2002).   The Magistrate's Order is clearly erroneous because it states the matter is not properly before the Court.

B.   <u>Epstein did not have an opportunity to reply to Edwards's contention that he was "the real party in interest".</u>

Rule 7.1(C), Local Rule U.S. District Court, Southern District of Florida provides that within five days of a response to a motion, the movant may make a reply.  The Magistrate's order was entered one day after Edwards' response; and therefore, Epstein did not have an opportunity address Edwards' alleged standing or other arguments raised in his response.

The Magistrate's Order is clearly erroneous because it accepts Edwards' argument, presented by Edwards for the first time, that he was the real party in interest, without giving Epstein a chance to respond.

Fowler White Burnett, P.A. • Phillips Point - West Tower, Suite 901, 777 South Flagler Drive, West Palm Beach, Florida 33401 • (561) 802-9004

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's Rule 4 Review and Appeal of Mag. Order and Memo of Law.

C.    Edwards is not the real party in interest and does not possess standing to argue against Epstein's Motion for Protective Order.

The response to Epstein's Motion for Protective Order came not from the Plaintiff, Jane Doe or on behalf of the Plaintiff Jane Doe, but by her counsel, claiming he in fact was the real party in interest. Edwards, in his response, shows no basis why he is "the real party in interest" when the action was brought by Jane Doe. Moreover, Edwards is making this claim as "real party in interest", for the first time in this case. It is well established that to be a real party in interest requires a party who brings an action actually possess, under substantive law, a right sought to be enforced. See for example, *United Healthcare Corp. v. American Trade Insurance Company, Ltd.,* 88 F.3d 563 (8th Cir. 1996), Fed. R. Civ. P. 17(a). Edwards fails to provide any legal or statutory authority for making this claim at this time now that the case is over. The Magistrate's order was clearly erroneous by allowing Edwards standing as the real party in interest.

D.    The Intent of the Motion is to Allow Objection to Disclosure Before Use.

Fed.R.Civ.P. 26(b)1, allows a party to obtain discovery relating to the parties' claim or defense. It is not the purpose or the intent of the federal rules of procedure to provide for discovery in other unrelated matters without first using the procedures available in those proceedings. *Foltz v. State Farm Mutual Automobile Insurance Co.,* 331 F.3d 1122 (9th Cir. 2003); *Cordis Corp. v. O'Shea,* 988 So. 2d 1163 (Fla. 4DCA 2008) The Magistrate's Order is clearly erroneous because while it does leave the use of the documents to the Court overseeing the litigation, it does not require Edwards to request the documents in the first instance. As things stand now, Edwards can use the records

-4-

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's Rule 4 Review and Appeal of Mag. Order and Memo of Law.

obtained in this proceeding without the need of making a formal discovery request to which Epstein can object before producing the records. This allows Edwards and others to subvert the limitations on discovery another court may impose. The records can be used as part of affidavits or deposition exhibits without a court ruling. In fact, Edwards has done so by making these documents exhibits to a Motion for Summary Judgment without requesting them first and giving Epstein the opportunity to object and a Court to rule. *Epstein v. Edwards*, 502009CA40800XXXX MB AG, Fifteenth Judicial Circuit, Palm Beach County, Florida.

If the documents are used outside the context of a court proceeding, to advance a legislative agenda, there will be no opportunity to file a motion for protection as the Magistrate states can be done. The Magistrate's Order is clearly erroneous, because it allows Edwards to use the documents in non-judicial forums when Edwards *did not oppose* this portion of Epstein's motion.

## I.   **RELIEF REQUESTED**

Epstein requests the following relief:

A.   Overturn the Magistrate's Order and allow Defendant Epstein to respond to Edwards' Claim of Standing and other arguments;

B.   Alternatively, require Edwards to utilize discovery requests in pending actions before using the documents in that proceeding and return the documents;

C.   Alternatively, prevent the use of correspondence outside the context of a court case since Edwards never responded, nor objected to that part of Epstein's motion.

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's Rule 4 Review and Appeal of Mag. Order and Memo of Law.

## VII.  CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the following service list in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF on this <u>28th</u> day of September, 2010.

Brad Edwards, Esq.
Farmer, Jaffe, Weissing, Edwards, Fistos
& Lehrman, PL
423 N. Andrews Avenue
Suite 2
Fort Lauderdale, FL 33301
954-524-2820
954-524-2822 Fax
Brad@pathtojustice.com

Paul G. Cassell, Esq.
*Pro Hac Vice*
332 South 1400 E, Room 101
Salt Lake City, UT 84112
801-585-5202
801-585-6833 Fax
Cassellp@law.utah.edu
*Co-Counsel for Plaintiff*

Jack Alan Goldberger, Esq.
Atterbury Goldberger & Weiss, P.A.
250 Australian Avenue, South
Suite 1400
West Palm Beach, FL 33401-5012
561-659-8300
561-835-8691 Fax
Jagesq@bellsouth.net
*Co-counsel for Jeffrey Epstein*

*Respectfully submitted,*

/s/ Joseph L. Ackerman, Jr.
Joseph L. Ackerman, Jr.
Fla. Bar No. 235954
Lilly Ann Sanchez
Fla. Bar No. 195677
FOWLER WHITE BURNETT P.A.
901 Phillips Point West

-6-

Jane Doe v. Jeffrey Epstein
Case No. 08-CIV-80893-MARRA/JOHNSON
Epstein's Rule 4 Review and Appeal of Mag. Order and Memo of Law.

777 South Flagler Drive
West Palm Beach, Florida 33401
Telephone: (561) 802-9044
Facsimile: (561) 802-9976

*Co-Counsel for Defendant Jeffrey Epstein*

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044