UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE,                                              CASE NO. 08-CV-80893-CIV-MARRA/JOHNSON

    Plaintiff,

vs.

JEFFREY EPSTEIN, et al.

    Defendant.
_____/

### RESPONSE TO DEFENDANT ESPTEIN'S APPEAL OF DENIAL OF MOTION FOR PROTECTIVE ORDER AND OBJECTION TO <u>DISCLOSURE OF CERTAIN DOCUMENTS</u>

Even though this particular case has been dismissed, defendant Jeffrey Epstein filed a motion in it seeking to block the use of certain incriminating correspondence in a separate *state* proceeding that he himself initiated against Jane Doe's attorney, Bradley J. Edwards. Bradley Edwards filed a response, and the Magistrate Judge denied Epstein's motion. The Magistrate Judge ruled that he "agree[d] with Edwards . . . that if Defendant believes he has a valid basis for prevent disclosure of the subject documents in the subject state court proceedings, he should file a motion to that effect in the appropriate state court." Order (doc. #218) at 1.

Rather than file the appropriate motion in the appropriate state court, however, Epstein has appealed the magistrate judge's ruling. Nothing in his appeal has merit, and it should be summarily denied.

### Background

A. *Epstein's Lawsuit Against Edwards.*

CASE NO: 08-CV-80119-MARRA/JOHNSON

On December 7, 2009, in an apparent (but unsuccessful) effort to intimidate Jane Doe's attorney Bradley J. Edwards, defendant Jeffrey Epstein filed a lawsuit in the 15th Judicial Circuit, Palm Beach County, Florida against Edwards alleging that he had fabricated certain sexual assault cases against Epstein. *Epstein v. Edwards*, Case No. 502009 CA040800XXXXMB AG.  One of the allegedly fabricated cases was the above-captioned *Jane Doe v. Epstein* lawsuit.

Through his legal counsel (Jack Scarola, Esq.), Edwards has now filed a comprehensive motion for summary judgment on all of Epstein's claims against him.  As part of that motion, Edwards needed to demonstrate that sexual assault cases against Epstein had a legitimate basis.  One way to establish this point is by proving that Epstein was prepared to plead guilty to various federal felony offenses connected with his sexual abuse of young girls.  Edwards' attorney in the case has received copies of correspondence between Epstein's criminal defense attorneys and the U.S. Attorney's Office for the Southern District of Florida demonstrating that Epstein was prepared to plead guilty to such offenses. The correspondence is all in the same vein and consists of the Government repeatedly discussing the severity of the offenses Epstein committed against more than 30 underage minor females and the various prison sentences that might result.  The correspondence is thus highly relevant information for Edwards' motion for summary judgment and he intends to include the materials.

Not surprisingly, Epstein resisted the production of this correspondence during the Jane Doe case.  However, this Court previously rejected all of his objections to release of the correspondence, including in particular the argument that some sort of

2

"policy" underlying settlement discussions should have blocked their release. *See* Doc. 462, Case 9:08-CV-80119-KAM (Feb. 4, 2010). In fact, Epstein ultimately violated this Court's Order when he eventually produced the correspondence, in that he only produced the portions of the correspondence from the Government to Epstein and redacted the portions of the correspondence that were from his attorneys to the Government. The case in which the correspondence was produced settled before we were able to bring the blatant disregard of this Court's discovery order to a ruling from the Court.

### B. *The Crime Victims Rights Act Case.*

Two victims of Epstein's sexual assault (Jane Doe #1 and Jane Doe #2) have also filed a suit under the Crime Victims Rights Act (CVRA), 18 U.S.C. § 3771, in which they allege that the U.S. Attorney's Office for the Southern District of Florida violated their rights to notice of a plea agreement with Epstein and other violations. *In re Jane Doe*, Case No. 08-80736-KAM (S.D. Fla. 2008). Because this action relates to violations committed by the U.S. Attorney's Office, Epstein is not a party in the case. Epstein has not moved to intervene in the case, although he is obviously aware of the case.

The correspondence is highly relevant to this crime victims' action against the U.S. Attorney's Office, because it demonstrates that the U.S. Attorney's Office had negotiated a plea agreement with Epstein at the very time that it was concealing the existence of this agreement from Epstein's victims in the case. The correspondence is further relevant to this action because it demonstrates that the U.S. Attorney's Office

3


was attempting to keep Epstein's victims from learning about the case. Jane Doe #1 and Jane Doe #2 are currently preparing a pleading that will use this newly-discovered correspondence to prove their case.

### C.  The Magistrate Judge's Ruling.

In an order entered on September 14, 2010, the Magistrate Judge held that he "agrees with Edwards . . . that if Defendant believes he has a valid basis for preventing disclosure of the subject documents in the subject state court proceeding, he should file a motion to that effect in the appropriate state court." Doc. #218 at 1. Epstein, however, chose not to file such a motion, but rather appeals to this court.

## ARGUMENT

### I.  UNDER BASIC PRINCIPLES OF FEDERALISM, THIS COURT SHOULD NOT ENJOIN USE OF DOCUMENTS IN A SEPARATE STATE CASE.

With regard to the use of the correspondence in the *Epstein v. Edwards* lawsuit, Epstein is remarkably asking this federal court to step into a dispute over the admissibility of evidence in that state proceeding. Epstein asserts that certain Florida Rules of Evidence will prevent use of the correspondence in the Florida state case. *See* Epstein's Mot. for a Protective Order at 6 (*citing* Florida Rule of Crim. Pro. 3.172(i); Florida Evid. Code §§ 90.408 and 90.410). Of course, the judge presiding over the state case is perfectly capable of sorting out those objections in the state matter. There is no reason for a federal court to intrude into that decision-making process.[1]

---

[1] If this Court would like a brief on the admissibility of the evidence in the Florida proceeding, Edwards respectfully requests leave to present such a brief. But before filing such a brief, Epstein should be at least required to raise a proper objection in the Florida case – something he has not yet done,

CASE NO:  08-CV-80119-MARRA/JOHNSON

In a federalist system of parallel state and federal courts, federal courts should not intrude on matters properly assigned to a state court judge.  *See Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).  The state court judge will, of course, have the actual summary judgment motion in front of him that Edwards has filed, providing context for any ruling.  Epstein has not given any reason why he has failed to present this issue to the Florida judiciary rather than to this Court.  This Court should therefore affirm the magistrate judge and leave the matter in the hands of the state judge who is handling the case.

II. **EPSTEIN'S MOTION SHOULD BE DENIED BECAUSE HE SEEKS TO RELITIGATE ISSUES THIS COURT HAS ALREADY RULED UPON.**

The main issue that Epstein seeks to litigate before this Court is some sort of argument that "the policies behind FRE 408 and 410 provide this court for basis of sustaining Epstein's objections to the production of these documents."   Epstein's Mot. for a Protective Order at 5 (opening sentence of the argument section).   If this argument has a familiar ring to it, it is because this Court has already considered – and rejected – this very claim.   *See* Doc. 462, Case 9:08-CV-80119-KAM (Feb. 4, 2010) ("Epstein argues the information sought is protected from disclosure by Rules 408 and 410 of the Federal Rules of Evidence governing the admission into evidence of documents involving settlement discussions and plea negotiations . . . . [The information is nonetheless subject to disclosure at the instance discovery stage.").  Epstein offers

---

presumably because the summary judgment has yet to be filed and because Epstein continues to take the Fifth rather than to make any substantive statements in that case.

no basis for relitigating an issue he has already lost. Therefore his appeals seeking to overturn the magistrate judge's ruling should be rejected on this ground as well.

### III. EPSTEIN IS NOT A PARTY TO THE CVRA ACTION AND THEREFORE CANNOT MOVE TO BAR USE DOCUMENTS IN THAT CASE WITHOUT MOVING TO INTERVENE IN THAT CASE.

Epstein also asks the Court to bar use of the correspondence in the Crime Victims Rights Act case that has been filed in this Court. Epstein is not a party to that suit, which involves Jane Does #1 and #2's allegations that the U.S. Attorney's Office for the Southern District of Florida violated their rights.[2] Accordingly, without intervening in the case, he cannot raise any objections to use of the correspondence in that case.

### IV. BOTH JANE DOE AND EDWARDS OBJECT TO EPSTEIN'S MOTION.

In his appeal, Epstein raises what can only be regarded as a hyper-technical issue that, because the objection to his motion was filed on behalf of attorney Bradley J. Edwards as the "real party in interest" -- rather than on behalf of Edwards' client, Jane Doe -- that Edwards lacked standing to oppose the motion. Defendant Epstein's Rule 4 Review and Appeal of Magistrate's Order (doc. #220) at 4. This argument is frivolous and should be rejected for two reasons.

First, Epstein's own motion sought relief from this Court *against Edwards*. In particular, Epstein's motion asked this Court to order "Plaintiff's counsel [i.e., Bradley J. Edwards, Esq.] to return, without keeping copies, the Correspondence . . . ." Defendant Jeffrey Epstein's Motion for Protective Order (doc. #214) at 8. Having sought a court

---

[2] On September 8, 2010, the Court "sua sponte" entered an administrative order closing this case. The basis for the closure was "the underlying settlements between the victims and Mr. Epstein." Doc. 38, Case No. 9:08-CV-80736, Order Closing Case at 1. Jane Doe #1 and #2 are in the process of preparing a pleading advising the Court of this fact and asking for the case to remain open.

CASE NO: 08-CV-80119-MARRA/JOHNSON

order directing Edwards to take certain actions, Epstein can hardly complain when Edwards responded in opposition to that request.

Second, Epstein seems to think that Jane Doe should have filed the objection rather than Edwards. Why this is true, Epstein never explains. However, if some sort of action by Jane Doe is required to reject Epstein's argument, this pleading will serve to confirm that Jane Doe joins in Edwards' objections to the motion.

## CONCLUSION

The Court should deny Epstein's appeal of the Magistrate Judge's well reasoned decision rejecting Epstein's motion for a protective order.

DATED: October 7, 2010

> Respectfully Submitted,
>
> s/ Bradley J. Edwards
> Bradley J. Edwards
> FARMER, JAFFE, WEISSING,
> EDWARDS, FISTOS & LEHRMAN, P.L.
> 425 North Andrews Avenue, Suite 2
> Fort Lauderdale, Florida 33301
> Telephone (954) 524-2820
> Facsimile (954) 524-2822
> Florida Bar No.: 542075
> E-mail: brad@pathtojustice.com
>
> and
>
> Paul G. Cassell
> Pro Hac Vice
> 332 S. 1400 E.
> Salt Lake City, UT 84112
> Telephone:  801-585-5202
> Facsimile:   801-585-6833
> E-Mail:      cassellp@law.utah.edu

7

CASE NO:  08-CV-80119-MARRA/JOHNSON

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2010 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those parties who are not authorized to receive electronically filed Notices of Electronic Filing.

<div style="text-align:right">
s/ Bradley J. Edwards<br>
Bradley J. Edwards
</div>

## SERVICE LIST

**Jane Doe v. Jeffrey Epstein**
**United States District Court, Southern District of Florida**

Jack Alan Goldberger, Esq.
Jgoldberger@agwpa.com

Robert D. Critton, Esq.
rcritton@bclclaw.com

Isidro Manual Garcia
isidrogarcia@bellsouth.net

Jack Patrick Hill
iph@searcylaw.com

Katherine Warthen Ezell
KEzell@podhurst.com

Michael James Pike
MPike@bclclaw.com

Paul G. Cassell
cassellp@bclclaw.com

CASE NO:  08-CV-80119-MARRA/JOHNSON

Richard Horace Willits
lawyerswillits@aol.com

Robert C. Josefsberg
rjosefsberg@podhurst.com

Adam D. Horowitz
ahorowitz@sexabuseattorney.com

Stuart S. Mermelstein
ssm@sexabuseattorney.com