UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FT. LAUDERDALE DIVISION

Case No. 08-CIV-80893-MARRA/JOHNSON

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY EPSTEIN,<br><br>    Defendant. | **DEFENDANT, JEFFREY EPSTEIN'S REPLY TO REAL PARTY IN INTEREST, BRADLEY J. EDWARDS' RESPONSE TO JEFFREY EPSTEIN'S MOTION FOR PROTECTIVE ORDER AND OBJECTIONS TO DISCLOSURE OF CERTAIN DOCUMENTS** |

Pursuant to the ruling of United States District Court, [D.E. 222], the Defendant, Jeffrey Epstein ("Epstein"), files his Reply to the Response to Real Party in Interest, Bradley J. Edwards ("Edwards"), to Jeffrey Epstein's Motion for Protective Order and Objections to Disclosure of Certain Documents [D.E. 217].

I. **PRELIMINARY STATEMENT**

The records for which Epstein seeks protection from disclosure were ordered to be produced because they were found by this Court to be relevant or might lead to relevant evidence in an action for damages by Jane Doe against Epstein. These records are communications between Epstein and Federal Prosecutors related to settlement negotiations of potential criminal charges ("Communications").

As part of the settlement of this case, the parties agreed to keep the records in question confidential until notice of intended use was given, an opportunity for objection to such use by

Jane Doe v. Jeffrey Epstein<br>
Case No. 08-CIV-80893-MARRA/JOHNSON<br>
Epstein's Reply to Edwards' Resp to Epstein's MPO and Objs of Certain Docs

Epstein could be made, and a ruling was entered by the court. By agreement, this would occur after this case was over and closed. [ D.E. 207, 209]

In response to Epstein's motion, Edwards, and *not* the Plaintiff, Jane Doe, responds for himself and on behalf of others not party to these proceedings. Edwards response fails to establish his standing on his claim to be the real party in interest.

Edwards did not address or oppose that portion of Epstein's Motion for Protective Order relating to use of the documents outside the context of a court proceeding. Therefore, that portion of the Motion for Protective Order should be granted.

It is not the intent of the Defendant to ask this court to interfere with the ability of another court to rule on whether the Communications in question can be used in that proceeding. Requests can be made by Edwards himself or on behalf of his clients in those proceedings. However, if the documents are released now, particularly if they are used as part of a non-judicial legislative agenda where the Defendant is not a party or cannot become a party, Epstein will have no remedy or protection. [D.E. 215, Exhibit 2, pages 3-4.]

II.  **ARGUMENT AND MEMORANDUM OF LAW**

    A.  <u>The Court has authority to rule on this matter by virtue of the Agreement of the parties that was part of the Settlement of this case.</u>

The parties, as part of the Settlement Agreement, entered into a Joint Stipulation which this Court approved. The Order by this Court allows the parties, Doe and Epstein, to seek a ruling on use of certain documents produced in discovery *before use* in other forums. Where a District Court

Jane Doe v. Jeffrey Epstein<br>
Case No. 08-CIV-80893-MARRA/JOHNSON<br>
Epstein's Reply to Edwards' Resp to Epstein's MPO and Objs of Certain Docs

approves and expressly retained jurisdiction over the parties' Settlement Agreement, the Court does have authority to enforce the Agreement's terms. By agreement, this can occur even if the case is closed. *American Disability Assn, Inc. v. Chmielarz*, 289 F.3d 1315, 1321 (11th Cir. 2002).

Presently, as things stand, Edwards has the ability to use these documents in any manner he pleases without first seeking leave of court. If this court is to require that the presiding court rule on whether these documents may be used in its proceeding, the Defendant cannot very well do that if Edwards is not first required to request leave of court before and not after use. The appropriate process would be to send a request for production and other discovery requests and then Defendant Epstein would have an opportunity to lodge whatever objections he deems appropriate. However, if Mr. Edwards and his clients already have the documents, they may proceed to file them in court proceedings and to use them in the public media or as exhibits to depositions without first seeking leave of court or without first Epstein having the opportunity to prevent their use.

B. <u>Edwards is not the real party in interest and does not possess standing to argue against Epstein's Motion for Protective Order.</u>

The response to Epstein's Motion for Protective Order came not from the Plaintiff, Jane Doe or on behalf of the Plaintiff Jane Doe, but by her counsel, claiming he in fact was the real party in interest. Edwards, in his response, shows no basis why he is "the real party in interest" when the action was brought by Jane Doe and the documents were requested in a lawsuit by Jane Doe. Moreover, Edwards is making this claim as "real party in interest", for the first time in this case. It is well established that to be a real party in interest requires a party who brings an action actually

-3-

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

Jane Doe v. Jeffrey Epstein<br>
Case No. 08-CIV-80893-MARRA/JOHNSON<br>
Epstein's Reply to Edwards' Resp to Epstein's MPO and Objs of Certain Docs

possess, under substantive law, a right sought to be enforced. *See* for example, *United Healthcare Corp. v. American Trade Insurance Company, Ltd.*, 88 F.3d 563 (8th Cir. 1996); *Granite State Outdoor Advertising, Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112 (11th Cir. 2003) (a party may assert only his or her own rights and cannot raise the claim of third parties not before the court.); Fed. R. Civ. P. 17(a). Edwards fails to provide any legal or statutory authority for making this claim at this time for himself and others not before the court.

C. The Intent of the Agreement to Allow Objection to Disclosure *Before* Use.

Fed.R.Civ.P. 26(b)1, allows a party to obtain discovery relating to the parties' claim or defense. It is not the purpose or the intent of the federal rules of procedure to provide for discovery in other unrelated matters without first using the procedures available in those proceedings. *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122 (9th Cir. 2003); *Cordis Corp. v. O'Shea*, 988 So. 2d 1163 (Fla. 4th DCA 2008).

Moreover, Edwards' arguments in his response to this motion are disingenuous. Epstein respectfully directs this court's attention to the Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents and Incorporated Memorandum of Law filed in *Jane Doe #2 v. Jeffrey Epstein*, Case No. 08-CV-80119-Marra/Johnson [D.E. 210]. In Mr. Edwards' Motion to Compel Production of agreements and documents exchanged by and between Mr. Epstein's counsel and the U.S. Attorney and the State Attorney, Mr. Edwards stated the following in footnotes 1, 2, and 3 at pages 10-12 of D.E. 210:

> Jane Doe does not intend to use these materials to draw a forbidden inference of guilt from the mere fact that information was provided to

-4-

> law enforcement officials as part of plea discussions, but rather for other purposes. These materials are also quite clearly likely to lead to the discovery of other admissible evidence, as they relate to the same subject matter as this lawsuit. To the extent that Epstein relies on the non-prosecution agreement, nothing in that agreement bars *discovery* of information relevant to this lawsuit. [emphasis in original]

*See also:* Edwards' reply, dated October 16, 2009, at D.E. 354, pgs. 9-10 where he clearly argues that the Communications are sought only for the purpose of leading to the discovery of other admissible evidence.

The magistrate ordered the documents produced based on the representations that production of these representations would lead to other discoverable evidence. The magistrate and court ultimately reserved ruling on the admissibility of these documents. [D.E. 462 and 572]. Clearly there was no ruling by the magistrate or the district court that allowed the use to which Edwards now seeks to make of these documents. Further, Edwards' arguments in his response are clearly a transparent attempt to advance objectives in other cases and to advance a separate political agenda that were not disclosed to the magistrate and to this court as part of his request to obtain the documents to prosecute the claims of his client Jane Doe #2. *See also*: Status Report in *Doe v U.S.* where Edwards clearly states that the Communications were obtained on June 30, 2010 in *Doe v. Epstein* for use by Edwards in *Doe v U.S.*. [D.E. 41 p. 3 and p. 5].

Further, the fallacy in Edwards' argument in his response is that while he argues that the extent and ability to use these Communications should be left to the court presiding over other litigation, he does not address nor agree that he should have to request documents in the first instance. As things stand now, Edwards can use the Communications obtained in this proceeding without the need of

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

Jane Doe v. Jeffrey Epstein<br>
Case No. 08-CIV-80893-MARRA/JOHNSON<br>
Epstein's Reply to Edwards' Resp to Epstein's MPO and Objs of Certain Docs

making a formal discovery request that would allow Epstein to object before production or the use of the records. This allows Edwards and others to subvert the limitations on discovery another court may impose if given the opportunity to rule in advance. The proverbial problem of the "cat out of the bag" will then exist for Mr. Epstein. The Communications can be used as part of affidavits or deposition exhibits without a court ruling.

In fact, Edwards has done so by making these Communications exhibits to a Motion for Summary Judgment filed on September 22, 2010 without requesting them first and giving Epstein the opportunity to object and a Court to rule. *See* [D.E. 118], *Epstein v. Edwards*, 502009CA40800XXXX MB AG, Fifteenth Judicial Circuit, Palm Beach County, Florida.

At this point there is no reason for Mr. Epstein to become involved in the case where Edwards' clients are seeking relief from the U.S. Government for alleged violations of the Criminal Victims Rights Act. *See Jane Does #1 and #2 v. United States of America*, Case No. 08-80736-KAM ("*Doe v. U.S.*"). Mr. Epstein has complied with the terms of his Non-Prosecution Agreement, served his time, and made significant restitution to alleged victims. In that case, on August 21, 2008, Judge Marra ruled that the Non-Prosecution Agreement could not be disclosed to third parties without prior order of the court and notice to Mr. Epstein [D.E. 26] and again on February 12, 2009 [D.E. 36]. The same should apply for these other records of the plea negotiations.

It is interesting to note from a review of the docket sheet in *Doe v. U.S.*, that Judge Marra administratively closed the cases for non-prosecution on September 9, 2010 [D.E. 39]. Please recall the undersigned pointed out in Epstein's initial motion that this case has been languishing in excess

-6-

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

Jane Doe v. Jeffrey Epstein<br>
Case No. 08-CIV-80893-MARRA/JOHNSON<br>
Epstein's Reply to Edwards' Resp to Epstein's MPO and Objs of Certain Docs

two years [D.E. 214. p.5] Based on a petition by Mr. Edwards' clients, the case has been reopened. Further, from a review of the case status report [D.E. 41] it appears that Mr. Edwards is in the process of using the Communications as part of this proceeding without notice to Epstein or without filing a request to produce to the government.

If the documents are used outside the context of a court proceeding, to advance a legislative agenda, there is no court forum or opportunity for Epstein to file a motion for protection in advance as Edwards would have this court believe. Edwards has not addressed this problem in his response. Finally, and most importantly, Edwards has not filed any response or *did not oppose* this portion of Epstein's motion seeking to protect the use of these documents in a non-judicial proceeding.

### III. RELIEF REQUESTED

With all due respect to the Magistrate, the effect of the ruling [D.E. 218] denying the request before Epstein had a chance to file a reply, has allowed Mr. Edwards to use the documents in one proceeding, *Epstein v. Edwards*, and apparently to use them in *Doe v. U.S.* Epstein respectfully requests that the Court correct this inequity with the following relief in reply to Edwards' Response:

A. Require Edwards or clients he represents to utilize the discovery process in pending actions before actual use of the Communications in that proceeding with notice to Epstein and an opportunity to object;

B. Prevent the use of the Communications outside the context of a court case since Edwards never responded, nor objected to that part of Epstein's motion;

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

Jane Doe v. Jeffrey Epstein<br>
Case No. 08-CIV-80893-MARRA/JOHNSON<br>
Epstein's Reply to Edwards' Resp to Epstein's MPO and Objs of Certain Docs

C.   Require the return of the Communications to Epstein's counsel until proper requests are made in the courts where Edwards wants to use the Communications;

D.   Any and all other relief deemed appropriate by the Court.

## VII. CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following service list in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF on this <u>1st</u> day of November, 2010.

| | |
|---|---|
| Brad Edwards, Esq.<br>Farmer, Jaffe, Weissing, Edwards, Fistos<br>& Lehrman, PL<br>423 N. Andrews Avenue<br>Suite 2<br>Fort Lauderdale, FL 33301<br>954-524-2820<br>954-524-2822 Fax<br>Brad@pathtojustice.com | Jack Alan Goldberger, Esq.<br>Atterbury Goldberger & Weiss, P.A.<br>250 Australian Avenue, South<br>Suite 1400<br>West Palm Beach, FL 33401-5012<br>561-659-8300<br>561-835-8691 Fax<br>Jagesq@bellsouth.net<br>*Co-counsel for Jeffrey Epstein* |

-8-

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044

Jane Doe v. Jeffrey Epstein  
Case No. 08-CIV-80893-MARRA/JOHNSON  
Epstein's Reply to Edwards' Resp to Epstein's MPO and Objs of Certain Docs

Paul G. Cassell, Esq.  
*Pro Hac Vice*  
332 South 1400 E, Room 101  
Salt Lake City, UT 84112  
801-585-5202  
801-585-6833 Fax  
Cassellp@law.utah.edu  
*Co-Counsel for Plaintiff*

        *Respectfully submitted,*

        /s/ Joseph L. Ackerman, Jr.  
        Joseph L. Ackerman, Jr.  
        Fla. Bar No. 235954  
        Lilly Ann Sanchez  
        Fla. Bar No. 195677  
        FOWLER WHITE BURNETT P.A.  
        901 Phillips Point West  
        777 South Flagler Drive  
        West Palm Beach, Florida 33401  
        Telephone: (561) 802-9044  
        Facsimile: (561) 802-9976

        *Co-Counsel for Defendant Jeffrey Epstein*

[nat] W:\80743\08-80893\Epsteins Reply to Edws' Resp to JEE's MPO and Obj to Disclosure of Docs{11/1/10-20:34}

-9-

FOWLER WHITE BURNETT, P.A. • PHILLIPS POINT - WEST TOWER, SUITE 901, 777 SOUTH FLAGLER DRIVE, WEST PALM BEACH, FLORIDA 33401 • (561) 802-9044