

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CV-80893-CIV-MARRA/JOHNSON

IN RE PLAINTIFF JANE DOE'S

EMERGENCY MOTION FOR AN

EXPANDED PROTECTIVE ORDER

## AFFIDAVIT OF MICHAEL FISTEN

1. I am an investigator licensed by the State of Florida to conduct investigations and I am employed by the law firm of Farmer Jaffe Weissing Edwards Fistos and Lehrman. One case on which I am working is Jane Doe v. Jeffrey Epstein, No. 08-80893, currently pending in the U.S. District Court for the Southern District of Florida. Before being a private investigator, I spent thirty years in south Florida as a law enforcement officer with a majority of that time investigating homicides, robberies and organized crime. I retired with the rank of Lieutenant, with my last three years assigned to the Miami Field Division of the Federal Bureau of Investigation Joint Terrorist Task Force.

2. On Thursday the 1st Day of July 2010 your Affiant received a frantic telephone call from Jane Doe that she was being followed by a black male driving a silver Infinity wagon. Jane Doe advised your Affiant that the unknown black male followed her from a retail store. She stated that he made no attempt to hide his presence and clearly wanted her (Jane Doe) to have the knowledge that she was being followed. To confirm this, Jane Doe advised your Affiant that she pulled off to the side of the road at which time she observed the unknown black male pull behind her and also stop. Jane Doe advised your Affiant that she then drove to her residential address in unincorporated West Palm Beach County, observing that the unknown black male followed closely behind her the entire distance. Once at her residence Jane Doe advised your Affiant that the unknown black male parked almost directly across form her residence. Jane Doe advised that she was in fear for her safety and the safety of her infant child and grandmother all of which were inside her residence.

3. Jane Doe provided your affiant with the Florida license tag number of the vehicle that was following her. The vehicle tag number T-Knolz **(Exhibit#1)** was registered to Thaddeus Knowles a resident of Palm Beach County. Your Affiant conducted a records search with the Florida Department of Agriculture and discovered that Thaddeus Knowles is a licensed private investigator intern Florida License number CC2800614 **(Exhibit#2)**.

4. At approximately 8:00 p.m., your Affiant contacted the Palm Beach County Sheriffs Office and advised them of the situation. They advised that they were responding to the home of Jane Doe to access the situation. They also advised your Affiant that a private investigator had called the communications center and advised that he would be on surveillance in the vicinity of Jane Doe's residence.

5. At 8:05 p.m., your Affiant received a call from the Palm Beach Sheriff's Office and advised that they made contact with Thaddeus Knowles and verified that he was a licensed private investigator. The deputy advised your Affiant that Knowles admitted to him that he was watching Jane Doe, but he would not divulge to the deputy who hired him. The deputy cautioned Knowles not to go near Jane Doe or enter her property. The deputy cleared the scene and authored an incident report under Palm Beach case number 10-095370, although that report has not been obtained yet.

6. At 9:00 p.m., your Affiant contacted Jane Doe who stated that she continued to be in fear for her safety. Jane Doe advised that the investigator is still outside her house and that he had moved closer to her front gate.

7. At 9:45 p.m., your Affiant responded to the residence of Jane Doe to conduct an investigation. Your Affiant arrived on the scene and observed Thaddeus Knowles parked in his silver Infinity wagon approximately 50 feet north of Jane Doe's residence. Your affiant observed Knowles position his vehicle in a manner where he faced the front of Jane Doe's residence. He made no attempt to conceal his presence which would be the normal course of business for an investigator conducting surveillance. It was obvious to your Affiant that the manner in which Knowles was positioned it was with the sole intent to convey to Jane Doe that she was being watched.

8. Your Affiant approached Knowles who refused to engage in conversation. Your Affiant then photographed Knowles and his vehicle to depict the proximity between his vehicle and the residence of Jane Doe **(Exhibit#3)**. Your Affiant was able to clearly see that Knowles was video taping Jane Doe's residence **(Exhibit#4)**.

9. Your Affiant then approached Jane Doe at her residence; she was clearly shaken and was convinced that this was being done at the behest of Jeffrey Epstein. While speaking with Jane Doe, the investigator, Knowles, repositioned his vehicle closer to Jane Doe's front yard, activated his high beam headlights and preceded to video your Affiant and Jane Doe **(Exhibit#5)**.

10. Your Affiant was advised by Jane Doe that the actions displayed by Knowles were so egregious she did not feel safe staying in her own home and was intimidated into abandoning her residence. Jane Doe decided to relocate to alternative living quarters and is in fear of returning to her home and in fear for her family.

11. At approximately 11:00 pm, your Affiant drove Jane Doe to the alternative living quarters, but prior to doing so, your Affiant confronted Knowles again. Your Affiant identified myself to Knowles, advised him that I was leaving with Jane Doe, that she is in fear for her safety and not to follow us. As your Affiant drove away from the residence with jane Doe, Knowles immediately started his vehicle, initiated a u-turn and attempted to follow your Affiant and Jane Doe. Based on your Affiant's training and experience I was able to take evasive driving maneuvers and evaded any further surveillance.

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

Dated this 2nd day of July, 2010.

_____
Michael Fisten, Legal Investigator

The foregoing instrument was acknowledged before me this 2nd day of July, 2010 by MICHAEL FISTEN, who is personally known to me.

NOTARY PUBLIC

Print Name: Beth Williamson

My Commission Expires:

BETH S. WILLIAMSON
MY COMMISSION # DD895350
EXPIRES June 02, 2013
(407) 398-0153    FloridaNotaryService.com

# EXHIBIT #1



# EXHIBIT #2

Florida Department of Agriculture and Consumer Services
## Division of Licensing


Fresh Florida.

Licensing Home | Comments | Questions | Complaints | E-mail

## Public Access System

### KNOWLES, THADDEUS L

| License Number | Expires | Status |
|---|---|---|
| CC2800614 | 08/20/2010 | RENEWAL NOTICE SENT |

### Restricted

The home address and telephone number for this individual is restricted from public record in accordance with Section 493.6122, F.S.

### Companion License
None

New Search

# EXHIBIT #3



Knowles Vehicle

Jane Doe
Driveway

# EXHIBIT #4



# EXHIBIT #5

