UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-CIV-80893-MARRA/JOHNSON

JANE DOE NO. 2,

    Plaintiff,

vs.

JEFFREY EPSTEIN,

    Defendant.
_____/
Related cases:
08-80232, 08-80380, 08-80381, 08-80994,
08-80993, 08-80811, 08-80119, 09-80469,
09-80591, 09-80656, 09-80802, 09-81092
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Jeffrey Epstein's Motion for Protective Order and Objection to Disclosure of Certain Documents (D.E. #214). For the following reasons said Motion is granted in part and denied in part accordance with the terms herein.

*BACKGROUND*

On July 20, 2010 the United States District Court entered a Final Order in the above-captioned case dismissing the action with prejudice and closing the case. (D.E. #211). In said Order, Judge Marra stated "[t]he Court shall retain jurisdiction to enforce the terms of the parties' settlement and the joint stipulation (D.E. #207) and Order thereon." *Id*. The Joint Stipulation (D.E. #207) referred to, which was ultimately adopted by the

District Court by way of Order (D.E. #209), puts into place a mechanism for dealing with future efforts of Plaintiffs or Plaintiffs' counsel to disclose or make public certain discovery that Plaintiffs were provided in the underlying Doe v. Epstein case.

Specifically, the Joint Stipulation provides that Counsel for Jane Doe and Counsel for Epstein disagree whether certain correspondence, defined by the parties as "correspondence and documents (including content thereof) between Epstein's attorneys/agents and federal prosecutors [received through discovery]" is confidential.(D.E. #207, p.1). In light of said disagreement, the parties jointly stipulated that to the extent Plaintiffs' Counsel "or Mr. Edwards as a Defendant in the Epstein v. Rothstein case" wished to file, disclose or make available to anyone else the subject Correspondence, said Counsel or Mr. Edwards must first provide Epstein's Counsel with seven (7) days notice of an intent to so use the material or alternatively file the material under seal. Epstein's Counsel would thereafter be given seven (7) days from the date of any such notice or filing under seal within which to file any objection. Once Epstein's Counsel files an objection, the material is not to be disclosed until the Court has ruled on the objection. *Id*. at pp. 1-2.

On August 26, 2010, Plaintiffs' Counsel served Notice of its intent to use the Correspondence in two separate court proceedings, an internal Justice Department Complaint procedure (and in connection with this procedure disseminate the material to the media), and in a pending state court proceeding styled *Epstein v. Edwards*, No. 502009 CA040800XXXXMB AG, that Epstein initiated against Plaintiffs' Counsel Edwards, among others, alleging a conspiracy to use Epstein's case as a lure in an illegal Ponzi scheme.

Epstein's Counsel filed a timely objection to the attempt to use such Correspondence, and in said Objection argued the Correspondence is privileged and

2

inadmissible under the Federal Rules of Evidence and the Florida Rules of Evidence. Counsel for Plaintiffs, for their part, argued the State Court is in the best position to determine whether the evidence is admissible in the state proceeding and that insofar as the internal Justice Department Complaint procedure, because Epstein is not a party to that suit, without moving for and obtaining leave to intervene, Epstein has no standing to raise objections to use of the Correspondence in that case.[1] The instant Motion for Protective Order followed.

*ANALYSIS*

To the extent Epstein's Counsel asks the Court to find the subject correspondence privileged and on that basis prohibit Plaintiffs' Counsel from disclosing it in either of the two proceedings, said request is denied. However, to the extent Epstein requests entry of a protective order requiring Plaintiffs' Counsel to file the subject Correspondence he wishes to make public under seal with the appropriate institution (e.g. the State Court proceeding and the Justice Department), said Motion is granted.

In this regard, the Court agrees with Plaintiffs' Counsel that the judge presiding over the state court case and the appropriate decision maker in the Internal Justice Department Complaint procedure are the ones best suited to make the determination of admissibility as it relates to their respective cases. In so ruling the Court is specifically not holding that it is without jurisdiction to enforce the terms of the Joint Stipulation. On the contrary, the Court recognizes that by virtue of the Joint Stipulation (D.E. #207), which was adopted by

---

[1] Plaintiffs' Counsel also contends that these arguments were previously raised and rejected by the undersigned, but the Court finds this argument without merit as the admissibility of these documents in the State Court and internal Justice Department Proceeding were never before the Court.

the Court (D.E. #209), and by virtue of the Final Judgment in which the District Court specifically retained jurisdiction to enforce the terms of the parties' settlement and Joint Stipulation (D.E. #211), the Court has jurisdiction to enforce the stated wishes of the parties as set forth in the Joint Stipulation. *See American Disability Assn., Inc. V. Chmielarz*, 289 F.3d 1315, 1321 (11th Cir. 2002).

The stated wishes of the parties as set forth in the Joint Stipulation and as approved by the District Court in its Final Judgment are clear: As part of the settlement the parties agreed to keep the subject correspondence confidential until notice of intended use was given, an opportunity for objection to such use by Epstein could be made, and a ruling was entered by the Court. In other words, the Final Judgment entered in this case requires the parties to seek a ruling on use of the subject Correspondence *before* its use in other proceedings. As Epstein correctly observes, Plaintiffs' Counsel's apparent belief that it may proceed to file the subject correspondence in a court file or make use the subject correspondence in the media or as exhibits to depositions without first seeking leave of Court is flawed, as it leaves Epstein without an opportunity to prevent disclosure of the correspondence in contravention of the stated intent of the Joint Stipulation. Thus, to the extent Plaintiffs' Counsel wishes to make the subject Correspondence public by either filing the Correspondence in a court file, attaching it to a deposition, releasing it to the media, or publically disseminating it in any other fashion, before allowing Epstein an opportunity to object to its disclosure, Counsel's request is denied.

## *CONCLUSION*

In the instant case, Epstein is objecting to use of the subject Correspondence in one

4

court proceeding and in one internal Justice Department proceeding.  Because each of these institutions have their own internal proceedings and rules regulating the discoverability and/or admissibility of documents, it is these proceedings to which the ultimate question of the Correspondence's admissibility and/or public disclosure should be directed. Accordingly, to the extent Epstein requests entry of a protective order requiring Plaintiffs' Counsel to file the subject Correspondence he wishes to make public under seal with the appropriate institution (e.g. the State Court proceeding and the Justice Department), and obtain a ruling from that institution on the use to which such Correspondence can be put, said Motion is granted. However, to the extent Epstein's Counsel asks the Court to enter a protective order finding the subject correspondence privileged and on that basis prohibit Plaintiffs' Counsel from disclosing it in either of the two proceedings, said request is denied. In all events, however, Plaintiffs' Counsel is reminded that the subject Correspondence must be filed under seal and a ruling obtained on the use to which such Correspondence may be put before the Correspondence may be disclosed or in any way made public.   In accordance with the above and foregoing, it is hereby,

**ORDERED AND ADJUDGED** that Defendant Jeffrey Epstein's Motion for Protective Order and Objection to Disclosure of Certain Documents (D.E. #214) is **GRANTED IN PART AND DENIED IN PART** in accordance with the terms herein.

**DONE AND ORDERED** this January 5, 2011, in Chambers, at West Palm Beach, Florida.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC:   The Honorable Kenneth A. Marra
        All Counsel of Record